FILED ELECTRONICALLY

Bruce P. Keller (BK 9300)
James J. Pastore, Jr. (JP 3176)
Debevoise & Plimpton LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000
Attorneys for Pfizer, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
RAPLH VARGAS, and                             :
BLAND-RICKY ROBERTS                           :
                                              :
                                              :   **CASE NO.: 04 CV 9772 (WHP)**
           Plaintiffs,                        :
                                              :
                                              :
     -against-                                :
                                              :
PFIZER INC., PUBLICIS, INC., FLUID MUSIC,     :   **ECF CASE**
EAST WEST COMMUNICATIONS, INC. and            :
BRIAN TRANSEAU a/k/a "BT"                     :
                                              :
           Defendants.                        :
                                              :
                                              :
                                              :
------------------------------------------------------------------- X

## ANSWER OF DEFENDANT PFIZER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

For its Answer to the First Amended Complaint (the "Complaint") of Plaintiffs,

Ralph Vargas ("Vargas") and Bland-Ricky Roberts ("Roberts"), Defendant Pfizer, Inc.

("Pfizer") by its attorneys, Debevoise & Plimpton LLP, states as follows:

### Nature Of Action And Parties

1.　　Denies knowledge or information sufficient to form a belief as to the allegations

in paragraph 1 of the Complaint, except admits that the Complaint purports to allege

claims against multiple defendants for copyright infringement, as well as false designation of origin and unfair competition (which have been dismissed), and seeks injunctive and monetary relief.

2. Denies the allegations in paragraph 2 of the Complaint, except admits that Pfizer advertised Celebrex and that some of the advertisements included musical compositions.

3. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 3 of the Complaint.

4. Denies the allegations in paragraph 4 of the Complaint, except admits that Plaintiffs purport to seek the relief as stated therein.

5. Denies knowledge or information sufficient to form a belief as to the allegations in subsection (i) of paragraph 5 of the Complaint and denies the allegations in subsections (ii) through (v) of paragraph 5 of the Complaint.

## Jurisdiction And Venue

6. Admits that this Court has subject matter jurisdiction over the remaining copyright claims.

7. Denies the allegations in paragraph 7 of the Complaint, except admits that Pfizer has offices and conducts business in New York State; denies knowledge or information sufficient to form a belief as to the allegations regarding Publicis in paragraph 7 of the Complaint.

8. Denies the allegations in paragraph 8 of the Complaint except admits that Pfizer transacts business in the Southern District of New York and that the Complaint purports to base venue on the provisions alleged therein.

**Parties**

9. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 11 of the Complaint, except denies that Pfizer created the musical compositions that were used in the advertisements for Celebrex, that any Celebrex advertisements contain Plaintiffs' composition and that Pfizer worked in conjunction with Defendants Fluid Music ("Fluid"), East West Communications, Inc. ("East West"), or Brian Transeau ("Transeau") in creating any musical works or sound recordings.

12. Admits the allegations of paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 15 of the Complaint.

**Factual Allegations**

16. Denies the allegations in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 17 of the Complaint except admits that Plaintiffs have attached a copyright

certificate purportedly demonstrating that plaintiff Vargas registered a musical composition on January 27, 1995.

18. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 19 of the Complaint.

20. Denies the allegations in paragraph 20 of the Complaint.

21. Denies the allegations in paragraph 21 of the Complaint.

22. Denies the allegations in paragraph 22 of the Complaint, except admits that Pfizer engaged Publicis to provide advertising services.

23. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the allegations in paragraph 24 of the Complaint, except admits that Pfizer does not claim ownership in and to the copyright in the musical work that plaintiff Vargas registered on January 27, 1995.

25. Denies the allegations in paragraph 25 of the Complaint.

26. Denies the allegations in paragraph 26 of the Complaint.

27. Admits the allegations in paragraph 27 of the Complaint.

28. Denies the allegations in paragraph 28 of the Complaint.

## Count I
### (Direct Copyright Infringement)

29. Repeats and realleges the answers set forth in the preceding paragraphs as though fully set forth herein.

30. Denies the allegations of paragraph 30 of the Complaint.

31. Admits the allegations of paragraph 31 of the Complaint.

32. Denies the allegations of paragraph 32 of the Complaint.

33. Denies the allegations of paragraph 33 of the Complaint.

34. Denies the allegations of paragraph 34 of the Complaint.

35. Denies the allegations of paragraph 35 of the Complaint.

36. Denies the allegations of paragraph 36 of the Complaint.

## Count II
### (Contributory Copyright Infringement)

37. Repeats and realleges the answers set forth in the preceding paragraphs as though fully set forth herein.

38. Denies the allegations of paragraph 38 of the Complaint.

39. Denies the allegations of paragraph 39 of the Complaint.

40. Denies the allegations of paragraph 40 of the Complaint.

41. Denies the allegations of paragraph 41 of the Complaint.

42. Denies the allegations of paragraph 42 of the Complaint.

43. Denies the allegations of paragraph 43 of the Complaint.

44. Denies the allegations of paragraph 44 of the Complaint.

45. Denies the allegations of paragraph 45 of the Complaint.

21910783v4

46. Denies the allegations of paragraph 46 of the Complaint.

47. Denies the allegations of paragraph 47 of the Complaint.

48. Denies the allegations of paragraph 48 of the Complaint.

## Count III

49-57. Does not respond to these allegations because they have been dismissed pursuant to a stipulation so ordered by the Court on May 10, 2005.

## Count IV

58-64. Does not respond to these allegations because they have been dismissed pursuant to a stipulation so ordered by the Court on May 10, 2005.

## Prayer For Relief

Denies that plaintiffs are entitled to the judgment and relief requested.

## First Affirmative Defense

Plaintiffs fail to state a claim upon which relief can be granted.

## Second Affirmative Defense

Pfizer has not reproduced or otherwise used any copyrightable subject matter in which Plaintiffs may properly claim rights as a matter of law.

## Third Affirmative Defense

Any use by Pfizer of portions of the subject matter in which Plaintiffs may claim rights constitutes a non-infringing fair use pursuant to 17 U.S.C. § 107.

## Fourth Affirmative Defense

Pfizer did not have access to the work allegedly infringed.

21910783v4

### Fifth Affirmative Defense

The respective works at issue are not substantially similar.

### Sixth Affirmative Defense

Similarities, if any, between Plaintiffs' work and that of Defendants' relate to unprotectible elements, and hence, unprotectible subject matter under the Copyright Act.

### Seventh Affirmative Defense

Any potential infringement by Pfizer was entirely innocent and without any knowledge of rights claimed by plaintiffs.

**WHEREFORE**, Pfizer respectfully requests:

1. Judgment to be entered against plaintiffs dismissing the Complaint with prejudice and denying any relief to plaintiffs

2. An award of costs, including attorneys' fees and disbursements incurred by Pfizer, pursuant to 17 U.S.C. § 505.

3. Further relief as the Court deems just and proper.

Dated: New York, New York
        June 30, 2005

                                  DEBEVOISE & PLIMPTON, LLP.

                                  By:    /S/
                                         Bruce P. Keller, Esq. (BK 9300)
                                         James J. Pastore Jr., Esq. (JP 3176)
                                         919 Third Avenue
                                         New York, New York 10022
                                         Attorneys for Defendant Pfizer, Inc.

21910783v4