UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

--------------------------------------------------------- x

RALPH VARGAS and                          :
BLAND-RICKY ROBERTS,                       :        Case No. 04 CV 9772 (WHP)
                                           :
                    Plaintiffs,            :        **ANSWER TO**
                                           :        **AMENDED COMPLAINT**
            - against -                    :
                                           :
PFIZER INC., PUBLICIS, INC., FLUID         :
MUSIC, EAST WEST COMMUNICATIONS,           :
INC. and BRIAN TRANSEAU p/k/a "BT",        x
                                           
                    Defendants.

--------------------------------------------------------

     Defendant East West Communications, Inc. ("East West" or "Defendant"), by its

undersigned attorneys Davis Wright Tremaine LLP, as and for their Answer to Plaintiff's

Complaint, allege as follows:

## I.    NATURE OF THE ACTION

    1.    Denies the allegations set forth in Paragraph 1 of the Complaint, except admit that

Plaintiffs have sued Defendant for copyright infringement.

    2.    Denies the allegations set forth in Paragraph 2 of the Complaint to the extent that

they refer to East West, and denies knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations set forth therein.

    3.    Denies the allegations set forth in Paragraph 3 of the Complaint to the extent that

they refer to East West, and denies knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations set forth therein.

    4.    Denies the allegations set forth in Paragraph 4 of the Complaint to the extent that

they refer to East West, and denies knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations set forth therein.

5.      Denies the allegations set forth in Paragraph 5 of the Complaint to the extent that they refer to East West, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth therein.

## II.      JURISDICTION AND VENUE

6.      To the extent that the allegations of Paragraph 6 of the Complaint are deemed to be allegations of law, Defendant is not required to plead thereto. To the extent the allegations of said paragraph are deemed to be allegations of fact, Defendant does not contest this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal jurisdiction) and 1338(a) and (b) (claims arising under the Copyright Act). Defendant is not required to plead to the remaining allegations of Paragraph 6 of the Complaint as Plaintiffs have withdrawn their claims requiring supplemental jurisdiction.

7.      To the extent that the allegations of Paragraph 7 of the Complaint are deemed to be allegations of law, Defendant is not required to plead thereto. To the extent the allegations of said paragraph are deemed to be allegations of fact, Defendant denies the factual allegations.

8.      To the extent that the allegations of Paragraph 8 of the Complaint are deemed to be allegations of law, Defendant is not required to plead thereto. To the extent the allegations of said paragraph are deemed to be allegations of fact, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of those allegations, except admits that venue is properly laid in this judicial district.

## III.      PARTIES

9.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 9 of the Complaint.

10.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 10 of the Complaint.

11.     Denies the allegations set forth in Paragraph 11 of the Complaint, except admits that defendant Brian Transeau ("Transeau") is a musician professionally known as "BT."

12.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 12 of the Complaint.

13.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 13 of the Complaint.

14.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 14 of the Complaint.

15.     Denies the allegations set forth in Paragraph 15 of the Complaint, except admits that Defendant is a corporation under the laws of a State within the United States, and with its principal place of business in California.

### III.     FACTS COMMON TO ALL CLAIMS FOR RELIEF

16.     Denies the allegation in Paragraph 16 of the Complaint that defendant Pfizer utilized plaintiff's Composition in its "worldwide advertising campaign" for the drug Celebrex, and denies knowledge or information sufficient to form a belief as to the truth or falsity as to the remaining allegations in said paragraph.

17.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 17 of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 18 of the Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 19 of the Complaint.

20.     Denies the allegations set forth in Paragraph 20 of the Complaint.

21.     Denies the allegations set forth in Paragraph 21 of the Complaint.

22.     Denies the allegations set forth in Paragraph 22 of the Complaint to the extent that said allegations refer to Defendant, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations therein.

23.     Denies the allegations set forth in Paragraph 23 of the Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 24 of the Complaint, except admits that East West does not have a copyright certificate and/or copyright registration for the Composition.

25.     Denies the allegations set forth in Paragraph 25 of the Complaint.

26.     Denies the allegations set forth in Paragraph 26 of the Complaint.

27.     Denies the allegations set forth in Paragraph 27 of the Complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 28 of the Complaint.

## V.     CAUSES OF ACTION

### COUNT I
### DIRECT COPYRIGHT INFRINGEMENT

29.     Repeats and realleges the responses in Paragraphs 1 through and including 28 set forth above as if fully set forth herein.

30.     Denies the allegations set forth in Paragraph 30 of the Complaint.

31.     Denies the allegations set forth in Paragraph 31 of the Complaint.

32.     Denies the allegations set forth in Paragraph 32 of the Complaint.

4

33. Denies the allegations set forth in Paragraph 33 of the Complaint.

34. Denies the allegations set forth in Paragraph 34 of the Complaint.

35. Denies the allegations set forth in Paragraph 35 of the Complaint.

36. Denies the allegations set forth in Paragraph 36 of the Complaint.

### COUNT II
### CONTRIBUTORY COPYRIGHT INFRINGEMENT

37. Repeats and realleges the responses in Paragraphs 1 through and including 36 set forth above as if fully set forth herein.

38. Denies the allegations set forth in Paragraph 38 of the Complaint.

39. Denies the allegations set forth in Paragraph 39 of the Complaint.

40. Denies the allegations set forth in Paragraph 40 of the Complaint.

41. Denies the allegations set forth in Paragraph 41 of the Complaint.

42. Denies the allegations set forth in Paragraph 42 of the Complaint.

43. Denies the allegations set forth in Paragraph 43 of the Complaint.

44. Denies the allegations set forth in Paragraph 44 of the Complaint.

45. Denies the allegations set forth in Paragraph 45 of the Complaint.

46. Denies the allegations set forth in Paragraph 46 of the Complaint.

47. Denies the allegations set forth in Paragraph 47 of the Complaint.

48. Denies the allegations set forth in Paragraph 48 of the Complaint.

### COUNT III
### VIOLATION OF THE LANHAM ACT 43(a)
### FALSE DESIGNATION OF ORIGIN

49. Repeats and realleges the responses in Paragraphs 1 through and including 48 set forth above as if fully set forth herein.

NYC 159211v1 68284-1

50.     To the extent a response is required, denies the allegations set forth in Paragraph 50 of the Complaint.

51.     To the extent a response is required, denies the allegations set forth in Paragraph 51 of the Complaint.

52.     To the extent a response is required, denies the allegations set forth in Paragraph 52 of the Complaint.

53.     To the extent a response is required, denies the allegations set forth in Paragraph 53 of the Complaint.

54.     To the extent a response is required, denies the allegations set forth in Paragraph 54 of the Complaint.

55.     To the extent a response is required, denies the allegations set forth in Paragraph 55 of the Complaint.

56.     To the extent a response is required, denies the allegations set forth in Paragraph 56 of the Complaint.

57.     To the extent a response is required, denies the allegations set forth in Paragraph 57 of the Complaint.

### COUNT V
### STATUTORY AND COMMON LAW UNFAIR COMPETITION

58.     Repeats and realleges the responses in Paragraphs 1 through and including 57 set forth above as if fully set forth herein.

59.     To the extent a response is required, denies the allegations set forth in Paragraph 59 of the Complaint.

60.     To the extent a response is required, denies the allegations set forth in Paragraph 60 of the Complaint.

NYC 159211v1 68284-1

61. To the extent a response is required, denies the allegations set forth in Paragraph 61 of the Complaint.

62. To the extent a response is required, denies the allegations set forth in Paragraph 62 of the Complaint.

63. To the extent a response is required, denies the allegations set forth in Paragraph 63 of the Complaint.

64. To the extent a response is required, denies the allegations set forth in Paragraph 64 of the Complaint.

## VI.    PRAYER FOR RELIEF

65. Defendant denies Plaintiffs are entitled to any relief. Further, Defendant will seek an award of costs, including reasonable attorneys' fees, as permitted by the Copyright Act or other applicable law.

### AFFIRMATIVE DEFENSES

By alleging the Affirmative Defenses set forth below, Defendants does not in any way agree or concede that it has the burden of proof or burden of persuasion on any of these defenses or issues.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

66. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

67. The Complaint fails for lack of personal jurisdiction over Defendant.

7

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

68.     Plaintiffs' claims are barred because Plaintiffs' alleged Composition consists solely of material that is not original to plaintiff and is therefore not copyrightable or protectible expression.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

69.     Plaintiffs' claims are barred to the extent Plaintiffs do not hold a valid copyright registration in the Composition.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

70.     Plaintiffs' claims are barred to the extent Plaintiffs do not own the copyright in the Composition.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

71.     No works created or distributed by defendants are substantially similar to Plaintiffs' allegedly infringed Composition.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

72.     Even if there was any similarity between the Composition and any allegedly infringing work, such similarity consists solely of material that is not protectible expression because it is not original to plaintiff, is in the public domain, is in common use, and/or amounts to "scenes a faire" expression.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

73.     Even if there was similarity between protectible elements of the Composition and any allegedly infringing work, defendants' works were independently created.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

74.     Defendant was not aware of and did not have access to Plaintiffs' Composition.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

75.     Even if there was any similarity between protectible elements of Plaintiffs' allegedly infringed work and defendants' works, Defendant did not copy or unlawfully appropriate any part of Plaintiffs' alleged work, including any protectible elements thereof.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

76.     Defendant's actions were innocent and non-willful.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

77.     Plaintiffs have not suffered any actual damages and any damages alleged are too speculative and imprecise.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

78.     Defendant has not reaped any profits attributable to any alleged infringement(s).

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

79.     Plaintiffs are not entitled to attorneys' fees, costs and/or statutory damages.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

80.     Plaintiffs are not entitled to punitive and/or exemplary damages.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

81.     Plaintiffs' claims are barred by the doctrine of unclean hands.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

82.     Any use by defendants of any copyrighted work claimed by plaintiff was de minimis, and/or constituted fair use pursuant to 17 U.S.C. §107.

NYC 159211v1 68284-1

WHEREFORE, Defendant East West Communications, Inc. respectfully requests that this Court:

(1) Dismiss the Complaint in its entirety, with prejudice;

(2) Deny all relief sought by Plaintiffs in the Complaint;

(3) Award Defendant attorneys' fees as the prevailing party under 17 U.S.C. § 505;

(4) Award Defendant its costs and disbursements in this action; and

(5) Afford Defendant such other and further relief as this Court may deem just and proper.

Dated: New York, New York
June 30, 2005

DAVIS WRIGHT TREMAINE LLP

By: _____
Samuel M. Leaf (SL 0633)
Eric Stahl (ES 8910) (*pro hac vice*)

1633 Broadway
New York, New York 10019
(212) 489-8230

*Attorneys for East West*
*Communications, Inc.*

TO: Paul A. Chin, Esq.
LAW OFFICES OF PAUL A. CHIN
233 Broadway, 5th Floor
New York, New York 10007
(212) 964-8030

*Attorneys for Plaintiffs Ralph Vargas*
*and Blank-Ricky Roberts*

10

Bruce Keller, Esq.
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000

*Attorneys for Defendant Pfizer, Inc.*

Edward P. Kelly, Esq.
TIAJOLOFF & KELLY
Chrysler Building, 37th Floor
405 Lexington Avenue
New York, New York 10174
(212) 490-3285

*Attorneys for Defendant Fluid Music*

Sara L. Edelman, Esq.
DAVIS & GILBERT, LLP
1740 Broadway
New York, New York 10019
(212) 468-4897

*Attorneys for Defendant Publicis, Inc.*

11