Edward P. Kelly (EK 8340)
Tiajoloff & Kelly
The Chrysler Building, 37th Fl.
405 Lexington Avenue
New York, NY 10174
(212) 490-3285

Attorneys for Defendant
Alanda Music, Ltd. d/b/a Fluid Music

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RALPH VARGAS, and<br>BLAND-RICKY ROBERTS<br><br>Plaintiffs,<br><br>vs.<br><br>PFIZER INC., PUBLICIS, INC., FLUID MUSIC,<br>EAST WEST COMMUNICATIONS, INC. and<br>BRIAN TRANSEAU p/k/a "BT"<br><br>Defendants. | ANSWER, AFFIRMATIVE<br>DEFENSES AND CROSS CLAIMS<br>OF ALANDA MUSIC, Ltd. d/b/a FLUID<br>MUSIC<br><br>DEFENDANT ALANDA MUSIC, LTD.<br>d/b/a FLUID MUSIC<br>DEMANDS TRIAL BY JURY<br><br>Civil Action No.: 04 CV 9772 (WHP)<br><br>ECF CASE<br><br>Judge William H. Pauley III |

Vargas et al v. Pfizer Inc. et al        Doc. 36

Defendant Alanda Music, Ltd. d/b/a Fluid Music (herein sued as Fluid Music) (hereinafter "Defendant") here answers Plaintiffs' First Amended Complaint, denying, in numbered paragraphs corresponding to the paragraphs of the Complaint, as follows:

1. Defendant believes no response is required insofar as the allegations state conclusions of law; insofar as a response is required, Defendant denies that Plaintiffs' alleged copyright is an

1

original musical composition and Defendant is without knowledge or information sufficient to form as belief as to the truth of the averments of paragraph 1 of the Complaint.

2. Defendant denies the truth of the averments of paragraph 2 of the Complaint.

3. Defendant denies the truth of the averments of paragraph 3 of the Complaint.

4. Defendant believes no response is required insofar as the allegations relate to findings which plaintiffs seek on questions of fact and law; insofar as a response is required Defendant denies the truth of the averments of paragraph 4 of the Complaint.

5. Defendant believes no response is required insofar as the allegations relate to findings which plaintiffs seek on issues of fact and law; insofar as a response is required, Defendant denies the truth of the averments of paragraph 5 of the Complaint.

6. Defendant denies the truth of the averments of paragraph 6 of the Complaint except acknowledges that plaintiffs purport to invoke the jurisdiction of the Court pursuant to 28 U.S.C. 1331, and 1338(a) and (b) and supplemental jurisdiction under 28 U.S.C. 1367.

7. Defendant denies the truth of the averments of paragraph 7 of the Complaint.

8. Defendant denies the truth of the averments of paragraph 8 of the Complaint except acknowledge that plaintiffs purport to invoke venue based upon 28 U.S.C 1391(b) and (c) and 1400(a).

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 9 of the Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 10 of the Complaint.

11. Defendant is without knowledge or information sufficient to form a belief of the truth of the averments of paragraph 11 of the Complaint except denies that Defendant worked in conjunction with other defendants to create the jingle referenced in paragraph 11 of the Complaint.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 12 of the Complaint.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 13 of the Complaint.

14. Defendant denies the truth of averments of paragraph 14 of the Complaint except admits that Alanda Music d/b/a Fluid Music is a corporation duly organized under the laws of New York.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of averments of paragraph 15 of the Complaint.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of averments of paragraph 16 of the Complaint.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of averments of paragraph 17 of the Complaint except admits that Exhibit A purports to be a copy of a copyright registration for the alleged Composition.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of averments of paragraph 18 of the Complaint.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of averments of paragraph 19 of the Complaint except denies that the Composition can be the subject of a copyright.

20. Defendant denies the truth of averments of paragraph 20 of the Complaint.

21. Defendant denies to the truth of averments of paragraph 21 of the Complaint.

22. Defendant denies to the truth of averments of paragraph 22 of the Complaint.

23. Defendant is without knowledge or information sufficient to form a belief as to the truth of averments of paragraph 23 of the Complaint.

24. Defendant denies the truth of averments of paragraph 24 of the Complaint except admits that Defendant does not have a copyright for the alleged Composition because none is required.

25. Defendant denies the truth of averments of paragraph 25 of the Complaint.

26. Defendant denies the truth of averments of paragraph 26 of the Complaint.

27. Defendant denies the averments of paragraph 27 of the Complaint except admits that Defendant made no payments to Plaintiffs or various performance societies because no payment was required.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of averments of paragraph 28 of the Complaint.

29. Defendant repeats and re-alleges each and every denial set forth in paragraph 1-29 hereof.

30. Defendant denies the truth of the averments of paragraph 30 of the Complaint.

31. Defendant denies the averments of paragraph 31 of the Complaint except admits that no payments to Plaintiffs or various performance collection societies were made because no payment was required.

32. Defendant denies the averments of paragraph 32 of the Complaint.

33. Defendant denies the averments of paragraph 33 of the Complaint.

34. Defendant denies the averments of paragraph 34 of the Complaint.

35. Defendant denies the averments of paragraph 35 of the Complaint.

36. Defendant denies the averments of paragraph 36 of the Complaint.

37. Defendant repeats and re-alleges each and every denial set forth in paragraphs 1 – 36 hereof.

38. Defendant denies the averments of paragraph 38 of the Complaint.

39. Defendant denies the averments of paragraph 39 of the Complaint.

40. Defendant denies the averments of paragraph 40 of the Complaint.

41. Defendant denies the averments of paragraph 41 of the Complaint.

42. Defendant denies the averments of paragraph 42 of the Complaint.

43. Defendant denies the averments of paragraph 43 of the Complaint.

44. Defendant denies the averments of paragraph 44 of the Complaint.

45. Defendant denies the averments of paragraph 45 of the Complaint.

46. Defendant denies the averments of paragraph 46 of the Complaint.

47. Defendant denies the averments of paragraph 47 of the Complaint.

48. Defendant denies the averments of paragraph 48 of the Complaint.

49-64. Plaintiffs have withdrawn Counts III and IV of the First Amended Complaint and therefore Defendants make no response to paragraphs 49-64.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to state a claim upon which relief may be granted.

2. Plaintiff has engaged in a course of conduct with respect to dealings with Defendant by virtue of which Plaintiff is barred from obtaining any relief sought in the Complaint under principles of estoppel, laches, waiver and/or unclean hands.

3. Plaintiffs' alleged copyright in the alleged Composition lacks originality under 15 U.S.C. 102 of the Copyright Act and cannot be protected by copyright.

4. Plaintiffs' alleged copyright in the alleged Composition lacks creativity under 15 U.S.C. 102(b) of the Copyright Act and cannot be protected by copyright.

5. Plaintiffs' have acquiesced in Defendant's use of the allegedly infringing copyrights.

6. Plaintiffs have failed to allege facts sufficient to entitle them to damages.

7. Defendant did not knowingly, intentionally or willingly use Plaintiffs' Composition.

8. Defendant denies that Plaintiffs have any valid copyright in the composition, however, in the event that it is determined that Plaintiffs have copyright in the alleged Composition, Defendant was not aware and had no reason to believe that its acts constituted an infringement of copyright and therefore Defendant is an innocent infringer.

9. The Complaint fails to name an indispensable party under Rule 19 of the Federal Rules of Civil Procedure. Specifically, Plaintiffs' Complaint fails to name Embrace The Future, Inc which, upon information and belief, is a co-licensor of a musical composition which plaintiffs allege infringes plaintiffs' Composition. Defendant has a right to be indemnified by Embrace the Future, Inc. Prejudice will result should this matter proceed without joining Embrace The Future, Inc. as a party.

10. The Court lacks jurisdiction over the person of Defendant.

11. Plaintiff has abandoned any claimed copyright in the Composition.

12. Plaintiffs' claims of copyright infringement and related causes of action lack merit within the meaning of Rule 11 of the Federal Rules of Civil Procedure.

13. Defendants had no access to Plaintiffs' alleged Composition.

14. These respective works at issue are not substantially similar.

15. Defendant reserves the right to assert other affirmative defenses as may be warranted as discovery proceeds as well as any counterclaims or cross claims.

## DEFENDANT'S CROSS CLAIM FOR INDEMNIFICATION
## AGAINST DEFENDANT EAST WEST COMMUNICATIONS

1. This Court has supplemental jurisdiction of this cross claim under 28 U.S.C. 1367(a) because it arises out of a transaction and occurrence alleged in the plaintiffs' Complaint so as to form a part of the same case or controversy within the meaning of Article III of the United States Constitution.

2. Cross Claimant Alanda Music, Ltd. d/b/a Fluid Music (hereinafter "Cross Claimant") is entitled to complete indemnity from Defendant East West Communications because Cross Claimant acquired from Defendant East West Communications a compact disc containing the musical composition which plaintiffs now allege infringes plaintiffs' Composition. The acquisition of such compact disc was accompanied by a license to use the musical compositions contained on the compact disc in which Defendant East West Communications expressly and/or impliedly represented to Defendant that the compact disc and musical compositions contained thereon were intended for and fit for a particular purpose, namely for Cross Claimant's use in the creation of derivative musical works. In the event that the musical compositions contained on the compact disc and licensed to Cross Claimant were not fit for this particular purpose, and in the event that Cross Claimant is held liable to plaintiffs, then Defendant is entitled to complete contractual indemnity against Defendant East West Communications for breach of the warranty of fitness for a particular purpose under the common law and under U.C.C 2-315 as adopted under New York Law and other jurisdictions and under common law indemnification principles and as a matter of custom within the industry.

8

3. Cross Claimant is entitled to complete indemnification against Defendant East West Communications because Cross Claimant acquired from Defendant East West Communications a compact disc containing the musical composition which plaintiffs now allege infringes plaintiffs' Composition. The acquisition of such compact disc was accompanied by a license to use the musical compositions contained on the compact disc in which Defendant East West Communications expressly or impliedly warranted to Defendant that Defendant East West Communications has good and valid title to the musical compositions contained on such compact disc. In the event that Defendant East West Communications did not have good and valid title to such musical compositions, and to the extent that Defendant is held liable to plaintiffs, then Defendant is entitled to complete contractual indemnity against Defendant East West Communications based upon breach of the express and/or implied warranty of good and valid title under common law and under the implied warranty provided in U.C.C. 2-312(1)(a) as adopted under New York law and other jurisdictions and under common law indemnification principles and as a matter of custom in the industry.

4. Cross Claimant is entitled to complete indemnification against Defendant East West Communications because Cross Claimant acquired from Defendant East West Communications a compact disc containing the musical composition which plaintiffs now allege infringes plaintiffs' Composition. The acquisition of such compact disc was accompanied by a license to use the musical compositions contained on such compact disc in which defendant East West Communication expressly or impliedly warranted that the

9

goods delivered to Defendant shall be delivered free of the rightful claim of any third person by way of infringement or the like. In the event that Defendant East West Communications did not provide such musical compositions free of infringements, and in the event that Cross Claimant is held liable to plaintiffs, then Cross Claimant is entitled to complete contractual indemnity against Defendant East West Communications based upon breach of the express or implied warranty to deliver such goods free of the rightful claim of any third person for infringement under common law and under U.C.C. 2-312 as adopted by New York law and other jurisdictions and under common law indemnification principles and as a matter of custom in the industry.

5. In view of the foregoing, in the event that Defendant is held liable to plaintiffs, Defendant is entitled to indemnification from Defendant East West Communications for any and all damages of any kind and/or statutory damages for which Defendant is liable to plaintiff as well as all costs and expenses, including attorney fees, incurred by Defendant in defending this action.

## DEFENDANT'S CROSS CLAIM FOR CONTRIBUTION AGAINST DEFENDANT EAST WEST COMMUNICATIONS

1. This Court has supplemental jurisdiction of this cross claim under 28 U.S.C. 1367(a) because it arises out of a transaction and occurrence alleged in plaintiffs' complaint so as to form a part of the same case or controversy within the meaning of Article III of the United States Constitution.

2. Cross Claimant Alanda Music d/b/a Fluid Music (hereinafter "Cross Claimant) is entitled to contribution from Defendant East West Communications because Cross Claimant acquired from Defendant East West Communications a compact disc containing the musical composition which plaintiffs now allege infringes plaintiffs' Composition. In the event that Cross Claimant is held liable to plaintiffs, then Cross Claimant is entitled to contribution from Defendant East West Communications because, upon information and belief, Defendant East West Communications knowingly caused or had reason to know of and contributed to the allegedly infringing activity of Cross Claimant.

3. In view of the foregoing, in the event that Cross Claimant is held liable to plaintiffs, Cross Claimant is entitled to contribution from Defendant East West Communications for any and all damages of any kind and/or statutory damages for which Defendant is liable to plaintiff as well as all costs and expenses, including attorney fees, incurred by Defendant in defending this action.

## DEFENDANT'S CROSS CLAIM FOR INDEMNIFICATION AND CONTRIBUTION AGAINST DEFENDANT BRIAN TRANSEAU

1. This Court has supplemental jurisdiction of this cross claim under 28 U.S.C. 1367(a) because it arises out of a transaction and occurrence alleged in plaintiffs' Complaint so as to form a part of the same case or controversy within the meaning of Article III of the United States Constitution.

2. Cross Claimant Alanda Music d/b/a Fluid Music (hereinafter "Cross Claimant") is entitled to contribution and complete indemnification against Defendant Brian Transeau (hereinafter "Transeau") because Transeau, upon information belief, is the creator of the musical

11

composition which plaintiffs now allege infringes plaintiffs' Composition. In the event that Cross Claimant is held liable to plaintiffs, then Cross Claimant is entitled to contribution and indemnity against Transeau because, upon information and belief, Transeau as the creator of the musical composition alleged to infringe plaintiffs' Composition was the active infringer and knowingly caused or had reason to know of and contributed to the infringing activity of Cross Claimant and as between Cross Claimant and Transeau, Cross Claimant is without fault for the creation of the allegedly infringing musical composition.

3. In view of the foregoing, in the event that Defendant is held liable to plaintiffs, Defendant is entitled to contribution and indemnification from Defendant Brian Transeau for any and all damages of any kind and/or statutory damages for which Defendant is liable to plaintiffs as well as all costs and expenses, including attorney fees, incurred by Defendant in defending this action.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully prays that this Court grant judgment:

1) dismissing the Complaint;

2) awarding Defendant its counsel fees, costs, and disbursements including those to be awarded under Rule 11 of the Federal Rules of Civil Procedure and such other and further relief as this Court may deem just and proper; and

(3) awarding complete indemnity and/or contribution for any and all damages and statutory damages to Cross Claimant Alanda Music, Ltd. d/b/a Fluid Music against Defendant East West Communications and/or Defendant Brian Transeau in the event that Cross Claimant is held liable to plaintiffs' and awarding Cross Claimant any and all costs and expenses, including attorney fees, incurred in the defense of this action.

Dated: June 30, 2005

Respectfully submitted,

*Edward Kelly* (signature)
Edward P. Kelly

Tiajoloff & Kelly
The Chrysler Building, 37th Fl.
405 Lexington Avenue
New York, NY 10174
(212) 490-3285 (tel.)
(212) 490-3295 (fax)
Attorneys for Defendant
Alanda Music, Ltd. d/b/a
Fluid Music

# CERTIFICATE OF SERVICE

A copy of the foregoing Answer Affirmative Defenses and Cross Claims was served this 30th day of June, 2005, by first class mail, postage prepaid, upon counsel for Plaintiff and Co-Defendants as follows:

>Paul A. Chin, Esq.
>Law Offices of Paul A. Chin
>233 Broadway, 5th Floor
>New York, NY 10279
>Attorneys for Plaintiffs
>
>Sara Edelman, Esq.
>Davis & Gilbert, LLP
>1740 Broadway
>New York, NY 10019
>Attorneys for Defendant Publicis Inc.
>
>Eric M. Stahl, Esq.
>Davis Wright Tremaine LLP
>1501 4th Avenue, Suite 2600
>Seattle, WA 98101-1688
>Attorneys for Defendant Brian Transeau
>
>Bruce P. Keller, Esq.
>Debevoise & Plimpton LLP
>919 Third Avenue
>New York, NY 10022
>Attorneys for Defendant Pfizer, Inc.
>
>_____
>Francine Waldbaum

Tiajoloff & Kelly
The Chrysler Building, 37th Fl.
405 Lexington Avenue
New York, NY 10174
(212) 490-3285 (tel.)
(212) 490-3295 (fax)