UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| RALPH VARGAS and | : | CASE NO.: **04 CV 9772 (WHP)** |
| BLAND-RICKY ROBERTS | : | **(JCF)** |
| | : | |
| Plaintiffs | : | |
| vs. | : | ECF CASE |
| | : | |
| PFIZER INC., PUBLICIS, INC., FLUID MUSIC, | : | |
| EAST WEST COMMUNICATIONS, INC. and | : | |
| BRIAN TRANSEAU p/k/a "BT" | : | |
| | : | |
| Defendants | : | |

## PLAINTIFFS' RULE 56.1 STATEMENT

Pursuant to Local Rule 56.1 of the Southern District of New York, Plaintiffs, respectfully submit this statement of material facts as to which there is a genuine dispute, in opposition to Defendants' Joint Motion for Summary Judgment.

1.     Plaintiff Vargas is the composer of the composition "Bust Dat Groove," the musical work on which Plaintiffs' copyright infringement action is based. *Amended Complaint, ¶9.*

2.     Plaintiffs do not dispute paragraph 2 of Defendants' Rule 56.1 Statement.

3.     Plaintiffs' copyright infringement action is also based on Defendants' infringement of the sound recording owned by Plaintiff Bland Ricky-Roberts. *Amended Complaint, ¶¶1-5; ¶¶29-48.* Plaintiff Roberts obtained a certificate of registration for the sound recording of "Bust Dat Groove" in 1995. *See, Plaintiffs' Opposition to Motion for Summary Judgment, Exhibit A.*

4.     Plaintiffs do not dispute paragraph 4 of Defendants' Rule 56.1 Statement.

5.     Plaintiffs do not dispute paragraph 5 of Defendants' Rule 56.1 Statement.

6.      Plaintiffs' Initial Disclosures references Plaintiffs' musical compositions which refers to the "Composition," as identified in the Amended Complaint. Plaintiffs' copyright infringement action is based on Defendants' infringement of the musical compositions and the sound recording of "Bust Dat Groove." *Amended Complaint, ¶¶1-5; ¶¶29-48.*

7.      Since discovery has not occurred in this action Plaintiff is without sufficient information to confirm or dispute the statement contained in paragraph 7 of Defendants' 56.1 Statement. Notwithstanding the foregoing, the statement contained in paragraph 7 of Defendants' 56.1 Statement was made in a written declaration signed by Ricigliano.

8.      "Bust Dat Groove" is a musical drum track which is creative and original. *Declaration of Matthew Ritter, ¶5-8; ¶31("Ritter Decl.").* Plaintiffs do not dispute the remainder of paragraph 8 of Defendants' Rule 56.1 Statement.

9.      Since discovery has not occurred in this action Plaintiff is without sufficient information to confirm or dispute the statement contained in paragraph 7 of Defendants' 56.1 Statement. Notwithstanding the foregoing, Plaintiffs' dispute Defendants' description that Bust Dat Groove only establishes a rhythmic bed or feel. *Ritter Decl.¶5-8, ¶11, ¶16, ¶19, ¶22, ¶27, ¶31-32.*

10.     Plaintiffs' dispute that Bust Dat Groove is a basic percussion pattern because drums contain pitch and Bust Dat Groove contains a rhythm; therefore melody is present in this composition which would make Bust Dat Groove more than a basic percussion pattern. Id. at ¶24-26.

11.	Bust Dat Groove does not contain tom-toms. In addition, Bust Dat Groove contains "ghost notes" which embody a sound that is a cross between a snare drum and a tom-tom. Id. at ¶5-8, ¶17-19.

12.	The constituent elements of Bust Dat Groove are not rudimentary or basic; either singly or in combination, these elements are protectible under copyright law. Also, none of the drum instruction books produced by Defendants' expert contain a transcription of a combination of musical elements, rhythm and pitch that are similar to Bust Dat Groove. Id. at ¶5-8, ¶17-19, ¶24-26, ¶31-32.

13.	The high hat and snare drum elements of Bust Dat Groove are original as a result of Plaintiff Vargas' creative choices in selecting and combining these musical elements in Bust Dat Groove. Id. at ¶5-8.

14.	None of the drumming books produced by Defendants' expert contain rhythms that are similar to Bust Dat Groove. Id. at ¶18-30.

15.	Plaintiffs dispute Defendants' contention that the combined musical elements, rhythms and pitches of Bust Dat Groove may be found in songs commercially released before or contemporaneous with Bust Dat Groove. Id. at ¶27-30.

16.	Plaintiffs state that there are no tom-toms in the Composition or in the Infringing Works (i.e. Celebrex and Aparthenonia). Id. at ¶5-8, ¶19-23.

17.	Plaintiffs dispute Defendants' contention in paragraph 17 and states that none of the combined musical elements, rhythms or pitches contained in Bust Dat Groove can be found in any of the drumming books produced by Defendants' musicologist. Id. at ¶27-30.

18. Plaintiffs do not dispute paragraph 18 of Defendants' Rule 56.1 Statement.

19. Plaintiffs dispute Defendants' contention in paragraph 19 of Defendants' Rule 56.1 Statement and states that none of the combined musical elements, rhythms or pitches, including the bass drum, contained in Bust Dat Groove can be found in any of the drumming books produced by Defendants' musicologist. Id. at ¶27-30.

20. Since discovery has not occurred in this action Plaintiff is without sufficient information to confirm or dispute the statement contained in paragraph 20 of Defendants' 56.1 Statement. Notwithstanding the foregoing, Plaintiffs dispute Defendants' contention in paragraph 20 of Defendants' Rule 56.1 Statement and state that the combined musical elements, rhythms or pitches contained in Bust Dat Groove were copied by Defendants in their creation of the drum section in Celebrex and the composition Aparthenonia. Id. at ¶5-8, ¶9-17, ¶27-32.

21. Plaintiffs allege that the drum music used in the Celebrex commercial is strikingly similar to Bust Dat Groove and that Defendants created this drum music by digitally sampling, editing and manipulating Bust Dat Groove. *Declaration of Ivan Rodriguez, ¶5, ¶14-15, ¶19.*

22. Since discovery has not occurred in this action Plaintiff is without sufficient information to confirm or dispute the statement contained in paragraph 22 of Defendants' 56.1 Statement. Notwithstanding the foregoing, Plaintiffs state that Bust Dat Groove also contains a pitched instrument. However, Bust Dat Groove does not contain synthesizers, guitar and electric bass. *Ritter Decl., ¶24-26.*

23. Since discovery has not occurred in this action Plaintiff is without sufficient information to confirm or dispute the statement contained in paragraph 23 of Defendants'

56.1 Statement. Notwithstanding the foregoing, Plaintiffs state Bust Dat Groove contains a pitched instrument and the drum track Aparthenonia, which infringes Plaintiffs' copyrights in and to Bust Dat Groove, is a key musical part to the commercial. Plaintiffs do not dispute that the other instruments contained in the commercial are pitched instruments. Id.

24.  Since discovery has not occurred in this action Plaintiff is without sufficient information to confirm or dispute the statement contained in paragraph 24 of Defendants' 56.1 Statement. Notwithstanding the foregoing, Plaintiffs state that Bust Dat Groove contains a pitched instrument and the drum track Aparthenonia, which infringes Plaintiffs' copyrights in and to Bust Dat Groove, also contains a pitched instrument and is played throughout the commercial. Id.

25.  Since discovery has not occurred in this action Plaintiff is without sufficient information to confirm or dispute the statement contained in paragraph 25 of Defendants' 56.1 Statement. Notwithstanding the foregoing, Plaintiffs only state that this statement was made in a written declaration signed by Stratton.

26.  Since discovery has not occurred in this action Plaintiff is without sufficient information to confirm or dispute the statement contained in paragraph 26 of Defendants' 56.1 Statement. Notwithstanding the foregoing, Plaintiffs state that the background drum track used in the Celebrex commercial infringes Plaintiffs' copyrights in and to Bust Dat Groove. Id. at ¶5-8. Plaintiffs only state that this allegation was made in a written declaration signed by Stratton.

27.  Since discovery has not occurred in this action Plaintiff is without sufficient information confirm or dispute the statement contained in paragraph 27 of Defendants'

56.1 Statement. Notwithstanding the foregoing, Plaintiffs only state that this allegation was made in a written declaration signed by Stratton.

28.    Since discovery has not occurred in this action Plaintiff is without sufficient information confirm or dispute the statement contained in paragraph 28 of Defendants' 56.1 Statement. Plaintiffs only state that this allegation was made in a written declaration signed by Stratton.

29.    Since discovery has not occurred in this action Plaintiff is without sufficient information confirm or dispute the statement contained in paragraph 29 of Defendants' 56.1 Statement. Plaintiffs only state that this allegation was made in a written declaration signed by Transeau.

30.    Since discovery has not occurred in this action Plaintiff is without sufficient information confirm or dispute the statement contained in paragraph 30 of Defendants' 56.1 Statement. Plaintiffs only state that this allegation was made in a written declaration signed by Transeau.

31.    Since discovery has not occurred in this action Plaintiff is without sufficient information confirm or dispute the statement contained in paragraph 31 of Defendants' 56.1 Statement. Notwithstanding the foregoing, Plaintiffs state that the composition Aparthenonia was contained on the album Breakz and is more than simple drum pattern because it contains musical elements, rhythms and pitches which produce a sound and feel that is strikingly similar to Bust Dat Groove. Id. at ¶5-8, ¶24-32; *Rodriguez Decl.*¶. *¶5, ¶14-15, ¶19.* Plaintiffs state that the statement contained in paragraph 31 of Defendants' 56.1 Statement was made in a written declaration signed by Transeau.

32.    Since discovery has not occurred in this action Plaintiff is without sufficient information confirm or dispute the statement contained in paragraph 32 of Defendants' 56.1 Statement. Plaintiffs only state that this allegation was made in a written declaration signed by Transeau.

33.    Since discovery has not occurred in this action Plaintiff is without sufficient information confirm or dispute the statement contained in paragraph 33 of Defendants' 56.1 Statement. Notwithstanding the foregoing, Plaintiffs state that Aparthenonia was not independently created by Transeau. Aparthenonia is strikingly similar to Bust Dat Groove. Aparthenonia was created using a digital sample of Bust Dat Groove. *Rodriguez Decl.¶. ¶5, ¶14-15, ¶19.*

34.    Since discovery has not occurred in this action Plaintiff is without sufficient information confirm or dispute the statement contained in paragraph 34 of Defendants' 56.1 Statement. Notwithstanding the foregoing, Plaintiffs state that Aparthenonia is strikingly similar to Bust Dat Groove. Aparthenonia was created using a digital sample of Bust Dat Groove. *Rodriguez Decl.¶. ¶5, ¶14-15, ¶19; Ritter Decl.,¶5-8, ¶27-30.*

35.    Since discovery has not occurred in this action Plaintiff is without sufficient information to confirm or dispute the statement contained in paragraph 35 of Defendants' 56.1 Statement. Plaintiffs only state that this allegation was made in a written declaration signed by Transeau.

36.    Since discovery has not occurred in this action Plaintiff is without sufficient information confirm or dispute the statement contained in paragraph 36 of Defendants' 56.1 Statement. Notwithstanding the foregoing, Plaintiffs state that Aparthenonia is strikingly similar to Bust Dat Groove. Aparthenonia was created by using a digital

sample of Bust Dat Groove. *Rodriguez Decl.¶. ¶5, ¶14-15, ¶19; Ritter Decl.,¶5-8, ¶27-30.*

37.     Since discovery has not occurred in this action Plaintiff is without sufficient information to confirm or dispute the statement contained in paragraph 37 of Defendants' 56.1 Statement.  Notwithstanding the foregoing, Plaintiffs state that Aparthenonia is strikingly similar to Bust Dat Groove.  Aparthenonia was created by using a digital sample of Bust Dat Groove. *Rodriguez Decl.¶. ¶5, ¶14-15, ¶19; Ritter Decl.,¶5-8, ¶27-30.*

38.     Since discovery has not occurred in this action Plaintiff is without sufficient information to confirm or dispute the statement contained in paragraph 38 of Defendants' 56.1 Statement.  Plaintiffs only state that the statement contained in paragraph 38 of Defendants' 56.1 Statement. was made in a written declaration signed by Ricigliano.

39.     Neither Aparthenonia nor Bust Dat Groove contain a tom-tom. *Ritter Decl.,¶5-8* The combined musical elements shared between Bust Dat Groove and Aparthenonia are high hat, snare, "ghost note" and bass drum. Id. at ¶19-26.  Plaintiffs state that Aparthenonia is strikingly similar to Bust Dat Groove. *Rodriguez Decl., ¶5, ¶14-15, ¶19; Ritter Decl.,¶5-8, ¶27-30.* Aparthenonia was created by using a digital sample of Bust Dat Groove. *Rodriguez Decl.¶5, ¶14-15, ¶19; Ritter Decl.,¶5-8, ¶27-30.*

40.     Since discovery has not occurred in this action Plaintiff is without sufficient information to confirm or dispute the statement contained in paragraph 40 of Defendants' 56.1 Statement.  Notwithstanding the foregoing, Plaintiffs state that Bust Dat Groove is creative and original. *Ritter Decl.,¶5-8, ¶11-17.* Plaintiffs state that all of the combined musical elements, rhythm and pitch that are contained in Bust Dat Groove are also

contained in Aparthenonia. Id. The only difference is the placement of these combined musical elements in each work. Id. at *Ritter Decl.,¶5-8, ¶27-30.*

28. Plaintiffs also state that Bust Dat Groove contains unique musical elements or sounds, which have been described as "ghost notes," that are not common. These "ghost notes" are contained in Aparthenonia. Id. at ¶5-8.

41. Since discovery has not occurred in this action Plaintiff is without sufficient information to confirm or dispute the statement contained in paragraph 41 of Defendants' 56.1 Statement. Notwithstanding the foregoing, Plaintiffs state that Aparthenonia is strikingly similar to Bust Dat Groove. Id. at ¶5-8, *¶11-17, ¶27-30.* Aparthenonia was created by using a digital sample of Bust Dat Groove. *Rodriguez Decl., ¶5, ¶14-15, ¶19.* Plaintiffs also state that neither Aparthenonia nor Bust Dat Groove contain a tom-tom. *Ritter Decl., ¶5-8, ¶19-23.*

42. Since discovery has not occurred in this action Plaintiff is without sufficient information to confirm or dispute the statement contained in paragraph 42 of Defendants' 56.1 Statement. Notwithstanding the foregoing, Plaintiffs state that Aparthenonia is strikingly similar to Bust Dat Groove. Id. at ¶5-8, *¶11-17, ¶27-32.* Aparthenonia was created by using a digital sample of Bust Dat Groove. *Rodriguez Decl., ¶5, ¶14-15, ¶19.* Plaintiffs also state that neither Aparthenonia nor Bust Dat Groove contain a tom-tom. *Ritter Decl., ¶5-8, ¶19-23.*

43. Since discovery has not occurred in this action Plaintiff is without sufficient information to confirm or dispute the statement contained in paragraph 43 of Defendants' 56.1 Statement. Notwithstanding the foregoing, Plaintiffs state that the high hat parts containing an "open" or "splash" effect in Aparthenonia are almost identical to the hat

parts containing an "open" or "splash" effect in Bust Dat Groove. Id. at ¶27-30. Plaintiffs do not dispute that these high hat parts occur in different places in the two works.

44.    Since discovery has not occurred in this action Plaintiff is without sufficient information to confirm or dispute the statement contained in paragraph 44 of Defendants' 56.1 Statement. Notwithstanding the foregoing, Plaintiffs state that the bass portion in Aparthenonia is almost identical to the bass portion in Bust Dat Groove. Id. at ¶27-30. Plaintiffs state that Aparthenonia is strikingly similar to Bust Dat Groove. Id. at ¶5-8, ¶27-32. Plaintiffs do not dispute that these bass portions occur in different places in the two works.

45.    Since discovery has not occurred in this action Plaintiff is without sufficient information to confirm or dispute the statement contained in paragraph 45 of Defendants' 56.1 Statement. Notwithstanding the foregoing, Plaintiffs state that Aparthenonia is strikingly similar to Bust Dat Groove. Id. at ¶5-8, ¶27-32. Aparthenonia was created by using a digital sample of Bust Dat Groove. *Rodriguez Decl.*, ¶5, ¶14-15, ¶19. Plaintiffs further state that if any perceived difference exists between the two works that this is a result of the digital sampling and manipulation of Bus Dat Groove in order to create Aparthenonia. Id.

46.    Since discovery has not occurred in this action Plaintiff is without sufficient information to confirm or dispute the statement contained in paragraph 46 of Defendants' 56.1 Statement. Notwithstanding the foregoing, Plaintiffs state that Aparthenonia is strikingly similar to Bust Dat Groove. ¶5-8, ¶27-32. Aparthenonia was created by using a digital sample of Bust Dat Groove. *Rodriguez Decl.*, ¶5, ¶14-15, ¶19.

Dated: New York, New York
July 22, 2005

Respectfully submitted,

_____s/ Paul Chin_____
PAUL A. CHIN, ESQ. (PC 9656)
Law Offices of Paul A. Chin
233 Broadway, 5th Floor
New York, NY 10279
(212) 964-8030
*Attorneys for Plaintiff*

To:    Bruce P. Keller
       Debevoise & Plimpton, LLP.
       919 Third Avenue
       New York, NY 1022
       *Attorneys for Defendant Pfizer, Inc.*

       Sara L. Edelman
       Davis & Gilbert, LLP.
       1740 Broadway
       New York, NY 10019
       *Attorneys for Defendant Publicis, Inc.*

       Edward P. Kelly
       Tiajoloff & Kelly
       405 Lexington Avenue, 37th Floor
       New York, NY 10174
       *Attorneys for Defendant Fluid Music*

       Samuel M. Leaf
       Eric M. Stahl
       1633 Broadway
       New York, NY 10019
       *Attorneys for Defendant East West Communications
       And Brian Transeau*