UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

------------------------------------- x
                                      :
                                      :
RALPH VARGAS and                      :   Case No. 04 CV 9772 (WHP)
BLAND-RICKY ROBERTS,                  :
                                      :   ECF CASE
                  Plaintiffs,         :
                                      :   Judge William H. Pauley III
        - against -                   :
                                      :
PFIZER, INC., PUBLICIS, INC., FLUID   :
MUSIC, EAST WEST COMMUNICATIONS,      :
INC. and BRIAN TRANSEAU p/k/a "BT",   :
                                      :
                  Defendants.         :
                                      :
------------------------------------- x

## REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS'
## MOTION FOR SUMMARY JUDGMENT ON THE ISSUE
## OF ORIGINALITY OF PLAINTIFFS' WORK

Samuel M. Leaf (SL 0633)                  Bruce P. Keller (BK 9300)
Eric M. Stahl                             Debevoise & Plimpton LLP
Davis Wright Tremaine LLP                 919 Third Avenue
1633 Broadway                             New York, NY 10022
New York, NY 10019-6708                   (212) 909-6000
(212) 489-8230                            *Attorneys for Defendant Pfizer, Inc.*
*Attorneys for Defendants East West*
*Communications, Inc. and Brian Transeau*

Sara L. Edelman (SE 2540)                 Edward P. Kelly (EK 8430)
Davis & Gilbert LLP                       Tiajoloff & Kelly
1740 Broadway                             Chrysler Bldg., 37th Floor
New York, NY 10019                        405 Lexington Avenue
(212) 468-4800                            New York, NY 10174
*Attorneys for Defendant Publicis, Inc.*  (212) 490-3285
                                          *Attorneys for Defendant Fluid Music*

## TABLE OF CONTENTS

| | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| I. PLAINTIFFS MISAPPREHEND THE APPLICABLE SUMMARY JUDGMENT STANDARD. | 4 |
| II. PLAINTIFFS HAVE NEITHER FACTS NOR CASE LAW TO REFUTE THAT *BUST DAT GROOVE* IS UNORIGINAL AS A MATTER OF LAW. | 5 |
| CONCLUSION | 10 |

# TABLE OF AUTHORITIES

                                                                        **Page**

## CASES

*BMS Entm't/Heat Music LLC v. Bridges*, No. 04 Civ. 2584(PKC), 2005 WL. 1593013
(S.D.N.Y. July 7, 2005) ..................................................................................................8

*Calloway v. Marvel Entm't Group*, No. 82 Civ. 8697 (RWS), 1983 U.S. Dist. LEXIS
15688 (S.D.N.Y. July 5, 1983) ......................................................................................2

*DiBenedetto v. Pan Am World Serv., Inc.*, 359 F.3d 627 (2d Cir. 2004).................................1

*DiMaggio v. International Sports Ltd.*, No. 97 Civ. 7767 (HB), 1998 U.S. Dist. LEXIS
13468 (S.D.N.Y. Aug. 31, 1998) ...................................................................................2

*Feist Publ'ns, Inc. v. Rural Telegraph Serv. Co.*, 499 U.S. 340 (1991)..............................4, 9

*Havens v. Time Warner, Inc.*, 896 F. Supp. 141 (S.D.N.Y. 1995) .........................................2

*Intersong-USA v. CBS, Inc.*, 757 F. Supp. 274 (S.D.N.Y 1991).............................................7

*Jacobson v. Peat, Marwick, Mitchell & Co.*, 445 F. Supp. 518 (S.D.N.Y. 1977) ...............2, 3

*Jean v. Bug Music*, No. 00 Civ. 4022 (DC), 2002 U.S. Dist. LEXIS 3176
(S.D.N.Y. Feb. 27, 2002)............................................................................................4, 7

*Levine v. McDonald's Corp.*, 735 F. Supp. 92 (S.D.N.Y. 1990) ...................................4, 7, 8

*Loria v. Gorman*, 306 F.3d 1271 (2d Cir. 2002)....................................................................4

*Mattel, Inc. v. Goldberger Doll Manufacturing Co.*, 365 F.3d 133 (2d Cir. 2004).................9

*Morgan Distributing Co. v. Unidynamic Corp.*, 868 F.2d 992 (8th Cir. 1989).......................3

*Nicholls v. Tufenkian Import/Export Ventures, Inc.*, 71 U.S.P.Q. 2d 1478
(S.D.N.Y. 2004) .............................................................................................................7

*Northern Music Corp. v. King Record Distributing Co.*, 105 F. Supp. 393
(S.D.N.Y. 1952) .....................................................................................................3, 4, 7

*Paddington Ptnrs. v. Bouchard*, 34 F.3d 1132 (2d Cir. 1994)...............................................1

*Reid v. ASCAP*, No. 92 Civ. 270 (SWK), 1994 U.S. Dist. LEXIS 21510
(S.D.N.Y. Jan. 5, 1994) .................................................................................................2

*Repp v. Webber*, 132 F.3d 882 (2d. Cir. 1997) ............................................................. 7, 8

*Santrayll v. Burrell*, No. 91 Civ. 3166 (PKL), 1996 WL 134803
    (S.D.N.Y. March 23, 1996) ......................................................................................... 8

*Smith v. Jackson*, 84 F.3d 1213 (9th Cir 1998) ................................................................ 9

*Swirsky v. Carey*, 376 F.3d 841 (9th Cir. 2004) ............................................................ 6, 7

*Tempo Music, Inc. v. Famous Music Corp.*, 838 F. Supp. 162 (S.D.N.Y. 1993) ......... 8, 9

*Tin Pan Apple, Inc. v. Miller*, 88 Civ 4085 (CSH), 1994 WL 62360
    (S.D.N.Y. Feb. 24, 1994) ............................................................................................ 8

*Tisi v. Patrick*, 97 F. Supp. 2d 539 (S.D.N.Y. 2000) ........................................... 3, 4, 7, 10

*Ulloa v. Universal Music and Video District Group*, 303 F. Supp. 2d 409
    (S.D.N.Y. 2004) .......................................................................................................... 8

*Ulloa v. Universal Music and Video District Corp.*, No. 01 CIV 9583 (BSJ), 2004 WL
    840279 (S.D.N.Y. April 19, 2004) ........................................................................... 10

**STATUTES AND RULES**

17 U.S.C. § 501(b) .............................................................................................................. 3

FRCP 56(f) .......................................................................................................................... 1

Local Rule 56.1 ............................................................................................................... 1, 2

## PRELIMINARY STATEMENT

Plaintiffs' opposition makes essentially three points:

- *First*, citing a purported absence of discovery, they claim factual disputes might exist and that summary judgment is therefore inappropriate. *See* Plaintiffs' Memorandum Of Law In Opposition To Defendants' Joint Motion For Summary Judgment ("Opp.") at 8.

- *Second*, tacitly recognizing their musical composition claim might fail because *Bust Dat Groove* consists solely of an unoriginal drumbeat, they now press the argument that the sound recording of *Bust Dat Groove* has been sampled (i.e., copied). *See* Opp. at 9-10, 19-20.

- *Third*, relying on their drum expert, they maintain *Bust Dat Groove* is original and copyrightable because it has not just rhythm, but also pitch.[1] *See* Opp. at 17-18.

None of these arguments should defeat summary judgment. To begin, it is black letter law that "a reference . . . to the need for additional discovery," standing alone, does not create a factual dispute. *Paddington Ptnrs. v. Bouchard*, 34 F.3d 1132, 1137 (2d Cir. 1994). Instead, a professed need for discovery must meet the requirements of FRCP 56(f) and include a proper affidavit. Not only have Plaintiffs failed to submit such an affidavit -- "itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate," *DiBenedetto v. Pan Am World Serv., Inc.*, 359 F.3d 627, 630 (2d Cir. 2004) (citations omitted) -- they also have failed to serve any discovery request relating to this motion, or to notice a single deposition.

Instead, Plaintiffs rely on their Rule 56.1 statement, which repeatedly states that Plaintiffs cannot dispute Defendants' factual assertions because "discovery has not occurred in this action." That response, however, constitutes an admission of the fact in question under L.R.

---

[1] For purposes of this motion, Defendants do not challenge the qualifications of either of Plaintiffs' experts but reserve the right to do so should this case proceed.

1

56.1(c). Moreover, Plaintiffs are wrong that no discovery has occurred: Defendants have served discovery, and Plaintiffs' responses further confirm that there are no material factual disputes.

As for the sound recording argument, the Complaint identifies only a single copyrighted work: The composition registered on January 27, 1995, as shown in Exhibit A to the Complaint. Complaint ¶ 17. To the extent that Plaintiffs now contend that they pled infringement of a sound recording, the Complaint is facially deficient. *See, e.g., Calloway v. Marvel Entm't Group*, No. 82 Civ. 8697 (RWS), 1983 U.S. Dist. LEXIS 15688, at * 8 (S.D.N.Y. July 5, 1983) (complaint dismissed where it failed to "specify the registration numbers of the copyrights allegedly infringed"); *see also DiMaggio v. International Sports Ltd.*, No. 97 Civ. 7767 (HB), 1998 U.S. Dist. LEXIS 13468, at *6 (S.D.N.Y. Aug. 31, 1998) (complaint dismissed where attached registration certificate gave no indication it covered allegedly infringed work). Moreover, this deficiency divests the Court of jurisdiction over the sound recording claim. *See Reid v. ASCAP*, No. 92 Civ. 270 (SWK), 1994 U.S. Dist. LEXIS 21510, at *7 (S.D.N.Y. Jan. 5, 1994) ("failure to allege proper registration of the works . . . presents a jurisdictional defect, compelling dismissal")

Plaintiffs' search report (Opp. Ex. A) is not an adequate substitute for a registration certificate, *Havens v. Time Warner, Inc.*, 896 F. Supp. 141, 143 (S.D.N.Y. 1995) (action dismissed where plaintiff "proffered only two privately conducted copyright . . . searches in support of his claim"), particularly when Plaintiffs have not even been able to produce a registration certificate in discovery. At this stage, their reliance on that search is an impermissible attempt to amend the Complaint. *See Jacobson v. Peat, Marwick, Mitchell & Co.*, 445 F. Supp. 518, 526 (S.D.N.Y. 1977) (a "party is not entitled to amend his pleading through

statements in his brief"); *see also Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (a brief in response to a summary judgment motion cannot amend a complaint).[2]

These substantial defects aside, Plaintiffs' sound recording claim also fails for lack of evidence that *Bust Dat Groove* was copied or sampled. Defendants have established that (i) the individuals who created the *Celebrex* commercial and *Aparthenonia* had no knowledge of or access to *Bust Dat Groove*; and (ii) *Aparthenonia* was created independently, using off-the-shelf sound generation software and a computer. See Stratton Decl. ¶¶ 3-8; Transeau Decl. ¶¶ 5-6. Plaintiffs have submitted no facts to the contrary, *see* Plaintiffs' LR 56.1 Statement ¶¶ 28, 33-36, but only the speculation by their expert, who purports to show it is theoretically possible to digitally "rearrang[e] and manipulat[e]" *Bust Dat Groove*, to produce a track that sounds "almost identical" (albeit with "slight differences") to *Aparthenonia*. See Rodriguez Decl. ¶¶ 12-15. This hypothetical exercise is inadequate to create a factual issue regarding copying. *See Tisi v. Patrick*, 97 F. Supp. 2d 539, 547 (S.D.N.Y. 2000) (evidence of access must be "significant, affirmative and probative .... Conjecture or speculation is insufficient.") (citations and internal quotations omitted).

Finally, as to originality, Plaintiffs neither (a) offer anything to dispute that *Bust Dat Groove* is a repeated, one-bar drum rhythm consisting entirely of rhythms that have appeared in drumming instructional books dating back to the 1960s, nor (b) address (much less distinguish) the decades of consistent cases holding that such unadorned rhythms are not copyrightable as a matter of law. *See, e.g., Northern Music Corp. v. King Record Distrib. Co.*, 105 F. Supp. 393,

---

[2] Additionally, the corporate entity identified in the report as the purported copyright owner, JBR Records, Inc., is not a party to this action. Plaintiffs thus lack standing to claim infringement in the sound recording. 17 U.S.C. § 501(b).

400 (S.D.N.Y. 1952); *Tisi* 97 F. Supp. 2d at 548-49. Originality depends not on an author's efforts (or Plaintiffs' drum-playing techniques), but on whether the resulting work is sufficiently creative. *See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991). Because Plaintiffs' work is a selection and arrangement of basic percussion elements that are not in any way distinguishable from those taught to beginning drummers and heard in contemporary recorded music for decades, *Bust Dat Groove* is not protectible.

## I. PLAINTIFFS MISAPPREHEND THE APPLICABLE SUMMARY JUDGMENT STANDARD.

Plaintiffs mistake the standard governing summary judgment in two significant respects:

*First,* as noted, they ignore the requirements of Rule 56(f).

*Second,* they incorrectly suggest summary judgment cannot be granted because each side has submitted expert testimony on the issue of originality. Opp. at 8. Plaintiffs' own authority makes clear, however, that "[t]he existence of contradictory expert affidavits does not preclude summary judgment unless those affidavits establish a genuine issue of material fact." *Levine v. McDonald's Corp.*, 735 F. Supp. 92, 95 (S.D.N.Y. 1990). *See also Tisi*, 97 F. Supp. 2d at 543-44 (discussing competing expert testimony and granting summary judgment); *Jean v. Bug Music*, No. 00 Civ. 4022 (DC), 2002 U.S. Dist. LEXIS 3176 (S.D.N.Y. Feb. 25, 2002) (same). For a "genuine issue of material fact" to exist, the fact must be "one that might affect the outcome of the suit under the governing law." *Loria v. Gorman*, 306 F.3d 1271, 1283 (2d Cir. 2002) (quotation and citation omitted). As explained immediately below, nothing in the declaration of Plaintiffs' expert, Mathew Ritter, genuinely disputes the central issue in this case: that *Bust Dat Groove*, an unadorned drumbeat, is an unoriginal, textbook rhythm. Instead, he disagrees with several non-material statements by Anthony Ricigliano, none of which affect this central issue.

## II. PLAINTIFFS HAVE NEITHER FACTS NOR CASE LAW TO REFUTE THAT *BUST DAT GROOVE* IS UNORIGINAL AS A MATTER OF LAW.

Plaintiffs have failed to dispute -- and thereby are deemed to have admitted, under L.R. 56.1(c) -- the three dispositive aspects of Mr. Ricigliano's testimony: *Bust Dat Groove* (i) is a one-bar percussion pattern repeated multiple times; (ii) is a basic groove track, which exists not as music in its own right but rather to serve as background rhythm to accompany pitched musical elements; and (iii) consists entirely of rhythms and sounds that may be found, singly and in combination, in numerous drumming instruction books and popularly released recordings, some pre-dating *Bust Dat Groove* by over two decades. Ricigliano Decl. ¶¶ 5-12 .

Unable to dispute that *Bust Dat Groove* is a textbook, one-bar background rhythm, Mr. Ritter (a) identifies a now-corrected typographical error by Mr. Ricigliano, Supp. Ricigliano Decl. ¶ 10; Ritter Decl. ¶ 30, and (b) notes that none of the cited drum book exercises consists of the entirety of the "combination of musical elements and rhythms contained in *Bust Dat Groove*." Ritter Decl. ¶ 30. That, however, in no way refutes that *all* of the constituent rhythmic elements in *Bust Dat Groove* are straight out of these basic text books, and also are heard in popular recordings (the transcriptions of which Plaintiffs ignore) released before Plaintiffs' work. Ricigliano Decl. ¶¶ 5, 7-13.

Mr. Ritter also quibbles with Mr. Ricigliano's (a) use of "Xs" rather than round note heads in his transcription, (b) description of one of the sounds as a tom-tom, and (c) characterization of a series of notes as a "four-stroke ruff." Ritter Decl. ¶¶ 19-26; Opp. at 16-18. These amount to disputes over terminology, not substance: Mr. Ricigliano simply uses different (and, in some instances, more precise) symbols and characterizations to describe the same sound and rhythms heard on each work as Mr. Ritter uses. (*See* Supp. Ricigliano Decl. ¶¶ 4-9.)

Whether (a) a transcription of a drumbeat ought to use Xs or round heads, Ritter Decl. ¶ 24, (b) a sound is produced solely by a tom-tom or sounds "like a cross between a snare drum and a tom-tom," *id.* ¶ 5, or (c) an element is characterized as a "four-stroke ruff" or "multiple bounce strokes" (which Mr. Ritter transcribes as a single note), *id.* ¶ 22, cannot change the fundamental and dispositive fact that *Bust Dat Groove* is a textbook, one-bar background rhythm.

The rest of Mr. Ritter's testimony is devoted to suggesting that *Bust Dat Groove* contains pitch. Ritter Decl. ¶¶ 24-26. The reason for this is clear: Plaintiffs have no contrary authority to the cases establishing the rule that rhythms alone, unadorned by any melody or other musical elements, are uncopyrightable. Memorandum Of Law In Support Of Defendants' Motion For Summary Judgment ("Mem.") at 10-14. Because they have no helpful case support, Plaintiffs rely heavily on the following flawed syllogism: The drums used in *Bust Dat Groove* contain a pitch; melody is the combination of pitch and rhythm; therefore, *Bust Dat Groove* is a melody. *See* Opp. at 18; Pls.' LR 56.1 Statement ¶ 10.

Drums, however, do not have the sort of "pitch" -- known as specific or definite pitch -- that characterizes melody. Ricigliano Decl. ¶ 6; Supp. Ricigliano Decl. ¶¶ 4, 5. Drums produce a pitch only in the sense that dropping a rock on the ground produces a pitch, not in the manner of a pitched instrument such as a piano. *Id.* at ¶ 4. Such non-specific pitch, however, is not a component of melody. Rather, it is the succession of specific pitches, varying from note to note, that creates melody. *Id.* at ¶ 5.

Nowhere does Mr. Ritter disagree with this, and Plaintiffs' sole authority for the proposition that melody consists of pitch and rhythm (Opp. at 18) actually confirms that copyrightable melody requires more than percussion alone. *Swirsky v. Carey*, 376 F.3d 841, 846 n.9 (9th Cir. 2004) ("Melody is a function of both pitch (i.e. the steps, or tones, on the scale) and

6

rhythm (i.e., time values and relationships between the notes) of a series of notes."); *Levine*, 735 F. Supp. at 94 (melody in work at issue consisted "of the pitch 'G'. . . followed by eight repetitions of the pitch 'A' . . . and ends with eight repetitions of 'G' again."). For this reason, *Swirsky* is most notable for its summary of those cases in which musical works have been held copyrightable, because it is clear that each involved works with many more musical elements than *Bust Dat Groove*. 376 F.3d at 849.

Because there is no material dispute between Mr. Ritter and Mr. Ricigliano on the central point that *Bust Dat Groove* does not contain any melody, dismissal is required under those cases holding that common musical elements (such as unadorned rhythms) are not copyrightable. *See* Mem. at 10-14. Some of those cases state this as a rule of "originality." *See, e.g., Northern Music Corp.*, 105 F. Supp. at 400 ("originality of rhythm is a rarity, if not an impossibility."); *Jean*, 2002 U.S. Dist. LEXIS 3176; Mem. at 11-12. Others hold that such basic works are not copyrightable as a matter of law simply because they are too common or too limited in number to merit protection, or amount to "scenes a faire." *See, e.g., Tisi*, 97 F. Supp. 2d at 549; *Intersong-USA v. CBS, Inc.* 757 F. Supp. 274, 282 (S.D.N.Y 1991); Mem. at 13-14.

Plaintiffs have not identified any contrary authority. Instead, they cite cases that (1) involve musical works that are substantially more complex than the basic drumbeat at issue here; (2) rely on now-rejected theories of copyright law; or (3) do not involve musical works at all.[3]

---

[3] Plaintiffs also cite cases that fail to address originality, *see Repp v. Webber*, 132 F.3d 882 (2d. Cir. 1997) (factual dispute over substantial similarity), or do not even involve summary judgment. *See Nicholls v. Tufenkian Import/Export Ventures, Inc.* 71 U.S.P.Q.2d 1478 (S.D.N.Y. 2004) (addressing originality on motion to dismiss, where Court was required to accept allegations of originality as true).

7

First, Plaintiffs cite cases involving complex musical works that, in sharp contrast to the basic drumbeat here, contain clearly protectible expression. *Ulloa v. Universal Music and Video Dist. Group*, 303 F. Supp. 2d 409 (S.D.N.Y. 2004) (lyrical melody and counter-melody). *See also, Repp v. Webber*, 132 F.3d 882 (2d Cir. 1997) (liturgical music and song from *Phantom of the Opera*); *BMS Entm't/Heat Music LLC v. Bridges*, No. 04 Civ. 2584(PKC), 2005 WL 1593013 (S.D.N.Y. July 7, 2005) ("call and response" lyrics set to eighth-quarter-eighth notes); *Santrayll v. Burrell*, No. 91 CIV. 3166 (PKL), 1996 WL 134803 (S.D.N.Y. March 23, 1996) ("combination" of lyric "uh-oh" with distinctive rhythm); *Tempo Music, Inc. v. Famous Music Corp.*, 838 F. Supp. 162 (S.D.N.Y. 1993) (harmony in jazz composition); *Tin Pan Apple, Inc. v. Miller*, 1994 WL 62360 (S.D.N.Y. Feb. 24, 1994) (lyrical "human beat box" vocal pattern not mere "drumbeat" or "percussion effect," and was "sufficiently creative to warrant copyright protection, ***quite apart from [its] rhythmic patterns or durations.* . . .**") (emphasis supplied).

Plaintiffs' characterization of *Levine*, 735 F. Supp. 92, as "on 'all-fours'" with this case is especially significant. *See* Opp. at 13. *Levine* involved a musical advertising jingle for McDonald's that allegedly infringed a widely popular song. 735 F. Supp. at 94. Neither of the works at issue in *Levine* consisted of a simple, unadorned drumbeat. In fact, the court accepted as applicable law the dispositive proposition that "standard pop/rock instrumentation, or the use of a rapid tempo" are "common elements" that "may not be copyrightable ***in and of themselves.***" *Id.* at 97 (emphasis supplied). It simply found that standard inapplicable because plaintiffs had combined such unprotectible elements into a work containing specific pitch, melody and harmony. *Id.* at 95-96. To the extent *Levine* truly is "on 'all-fours,'" it too supports dismissal.

Second, Plaintiffs cite cases that rely on the now-rejected "sweat of the brow" doctrine, under which authors claimed rights based not on the originality of their work, but on the efforts

8

expended in creating it. *Feist*, 499 U.S. at 352-53, decisively rejected this doctrine, which is why the cases Plaintiffs cite for the proposition that works can be protected "notwithstanding the absence of creativity" pre-date *Feist*. Opp. at 9. Moreover, even Plaintiffs' case law completely contradicts their only argument as to how *Bust Dat Groove* qualifies as original: That the drummer on *Bust Dat Groove* decided to increase the tension on his snare drum and strike it lightly. Opp. at 12. "Such ***technical improvisations*** which are in the common vocabulary of music and which are made every day by singers and other performers, are de minimis contributions and ***do not qualify for copyright protection.***" *Tempo Music*, 838 F. Supp. at 169 n.11 (quoting *McIntyre v. Double-A Music Corp.*, 166 F. Supp. 681 (S.D. Cal. 1958)) (emphasis supplied). *See* Supp. Ricigliano Decl. ¶ 11 (adjustments are part of drum design).

Plaintiffs' non-music cases are no more helpful to them. *First*, whatever the medium, none involves works as basic as the textbook drum rhythm in *Bust Dat Groove*. Opp. at 14-15 (characterizing each as involving an original, creative combination of elements). *Second*, even in *Mattel, Inc. v. Goldberger Doll Mfg. Co.*, 365 F.3d 133, 135-36 (2d Cir. 2004), on which Plaintiffs rely so heavily, the Second Circuit reaffirmed that the alleged originality must be more than "merely trivial," and took pains to note that a "properly supported finding . . . that features of a work are ubiquitous within an industry" cuts against a conclusion of originality. *Id.* at n.2.

Here, the undisputed record shows that any similarities between two works are attributable to the fact that both incorporate textbook rhythms. "[T]he commonplace presence of the same or similar [elements] within the relevant field," means it does not matter whether the plaintiff copied or even had access to the prior art because a work cannot be protected when the alleged originality is limited to such elements. *Smith v. Jackson*, 84 F.3d 1213, 1219 (9th Cir 1998); *see also* Mem. at 13. Plaintiffs miss this crucial point when they contend that, because

9

they did not copy from earlier works, it is "irrelevant" that *Bust Dat Groove*'s constituent parts can be found in drum textbooks dating back to the 1960s. Opp. at 10-11. That is not the law. Where "two songs share nothing in common aside from the use of basic pop and rock musical devices, which are common to many, many songs," there is no infringement because the first work simply is not protectible. *Tisi*, 97 F. Supp. 2d at 549. *See also Ulloa v. Universal Music and Video Dist. Corp.*, 2004 WL 840279 (S.D.N.Y. April 19, 2004) (distinguishing between the work before the Court and those "so common or trite as to be unprotectable as a matter of law.")

In sum, *Bust Dat Groove* is comprised entirely of rhythms that, whether singly or in combination, are basic, ubiquitous, and not original to Plaintiffs. Its constituent elements have been taught to beginning drummers for at least 38 years, and have appeared in commercially released works dating back at least to 1972. Such a work cannot be protected.

## CONCLUSION

For the foregoing reasons, the Defendants' motion for summary judgment should be granted, and Plaintiffs' claims should be dismissed with prejudice.

Dated: New York, New York
August 2, 2005

                                  Respectfully submitted,

                                  DAVIS WRIGHT TREMAINE LLP

                                  By:_____
                                  Samuel M. Leaf (SL 0633)
                                  Eric M. Stahl (admitted *pro hac vice*)
                                  1633 Broadway
                                  New York, NY 10019
                                  (212) 489-8230
                                  *Attorneys for Defendants East West*
                                  *Communications and Brian Transeau*

Bruce P. Keller
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
*Attorneys for Defendant Pfizer, Inc*

Sara L. Edelman
Davis & Gilbert LLP
1740 Broadway
New York, NY 10019
*Attorneys for Defendant Publicis, Inc.*

Edward P. Kelly
Tiajoloff & Kelly
405 Lexington Avenue, 37th Floor
New York, NY 10174
*Attorneys for Defendant Fluid Music*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RALPH VARGAS, and<br>BLAND-RICKY ROBERTS<br><br>Plaintiffs,<br><br>vs.<br><br>PFIZER INC., PUBLICIS, INC., FLUID MUSIC,<br>EAST WEST COMMUNICATIONS, INC. and<br>BRIAN TRANSEAU p/k/a "BT"<br><br>Defendants. | Case No.: 04 CV 9772 (WHP)<br><br>ECF CASE<br><br>Hon. William H. Pauley III<br><br>CERTIFICATE OF SERVICE |

I, MEGAN DUFFY, associated with Davis Wright Tremaine LLP, attorneys for Defendant, East West Communications, Inc. and Defendant Brian Transeau certify:

I am over eighteen (18) years of age. On this 2nd day of August, 2005, I caused to be served copies of Defendants' REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF ORIGINALITY OF PLAINTIFFS' WORK and SUPPLEMENTAL DECLARATION OF ANTHONY RICIGLIANO on the following individuals in the manner indicated below:

BY ECF & U.S. MAIL:

>Paul A. Chin, Esq.
>Law Offices of Paul A. Chin
>233 Broadway, 5th Floor
>New York, NY
>*Counsel for Plaintiff*

>Bruce Keller, Esq.
>Debevoise & Plimpton LLP
>919 Third Avenue
>New York, NY 10022

Sara L. Edelman, Esq.
Davis & Gilbert LLP
1740 Broadway
New York, NY 10019

Edward P. Kelly, Esq.
Tiajoloff & Kelly
The Chrysler Building
405 Lexington Ave., 37th Floor
New York, NY 10174

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

/s/ Megan Duffy

Sworn to before me this
2nd day of August, 2005

Notary Public

PHYLLIS SCHOENBERG
Notary Public, State of New York
No. 01SC4953986
Qualified in New York County
Commission Expires Sept 2, 2005