UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                                :
RALPH VARGAS and BLAND-RICKY
ROBERTS,                                  :

                                                                                                       04 Civ. 9772 (WHP)
                           Plaintiffs,                    :
                                                                                    MEMORANDUM AND ORDER
                    -against-                      :

PFIZER, INC. et al.,                    :

                       Defendants.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

WILLIAM H. PAULEY III, District Judge:

        Plaintiffs Ralph Vargas ("Vargas") and Bland-Ricky Roberts ("Roberts") (collectively, "Plaintiffs") bring this copyright infringement action against Defendants Pfizer, Inc. ("Pfizer"), Publicis, Inc., Fluid Music, East West Communications, Inc. and Brian Transeau (collectively "Defendants"). In particular, Plaintiffs allege that Pfizer's national advertising campaign for its Celebrex product uses key musical themes from their musical composition and sound recording titled "Bust Dat Groove Without Ride" ("Bust Dat Groove"). Defendants move for summary judgment dismissing the action, arguing that Plaintiffs' musical composition[1] lacks the requisite originality for copyright protection.[2] For the reasons set forth below, Defendants' summary judgment motion is denied.

---

[1] Although Plaintiffs also claim that Defendants infringed their copyrighted sound recording of Bust Dat Groove, (Amended Complaint, dated Feb. 8, 2005 ("Complaint" or "Compl.") ¶¶ 1, 4, 10, 18), Defendants move for summary judgment solely on the claim of copyright infringement of the musical composition.

[2] Defendants only moved for summary judgment on the issue of originality. Therefore, this Court's discussion does not extend to the issue of similarity between Bust Dat Groove and the allegedly infringing work.

BACKGROUND

Vargas composed Bust Dat Groove in 1993 and registered the musical work for a copyright on January 27, 1995. (Plaintiffs' Statement of Facts Pursuant to Local Rule 56.1, dated July 22, 2005 ("Pl. 56.1 Stmt.") ¶¶ 1, 2, 5; Defendants' Statement of Facts Pursuant to Local Rule 56.1, dated June 30, 2005, ("Def. 56.1 Stmt.") ¶¶ 1, 2, 5.) The registration certificate describes Bust Dat Groove as "Music-Drum Rhythm/Drum Loops." (Pl. 56.1 Stmt. ¶ 4; Def. 56.1 Stmt. ¶ 4.) Bust Dat Groove is a one-bar percussion pattern. (Pl. 56.1 Stmt. ¶ 8; Def. 56.1 Stmt. ¶ 8.) Percussion patterns are background rhythm that accompany pitched instruments supplying the melody and harmony in musical compositions. Percussion patterns are not played on their own and are rarely distributed as popular music.

Although the Bust Dat Groove recording runs approximately one minute, it consists of an identical drum pattern looped twenty-seven times. (Pl. 56.1 Stmt. ¶ 8; Def. 56.1 Stmt. ¶ 8.) The composition contains a high-hat (cymbal), snare drum and bass drum as its basic elements. (Pl. 56.1 Stmt. ¶ 11.[3]) Plaintiffs contend that the high-hat and snare drum elements are original, because Vargas used "creative choices in selecting and combining these musical elements in Bust Dat Groove." (Pl. 56.1 Stmt. ¶ 13.) Finally, the bass drum element "consists of two basic three-note groups – one beginning with what is known as a pick-up note on the downbeat, the other containing a 'short-long-short' note figure." (Pl. 56.1 Stmt. ¶ 18; Def. 56.1 Stmt. ¶ 18.)

---

[3] Defendants' expert Anthony Ricigliano contends that the disputed composition consists of four elements: high-hat, snare drum, tom-tom drum and bass drum. (Def. 56.1 Stmt. ¶ 11.) Plaintiffs' expert Matthew Ritter responds that Bust Dat Groove does not contain tom toms, but instead "contains 'ghost notes' which embody a sound that is a cross between a snare drum and a tom-tom." (Pl. 56.1 Stmt. ¶¶ 11, 16.)

Plaintiffs' also allege copyright infringement of the sound recording of Bust Dat Groove, owned by Roberts. (Pl. 56.1 Stmt. ¶ 3; Def. 56.1 Stmt. ¶ 6.) Later, Roberts registered the sound recording in 1995. (Pl. 56.1 Stmt. ¶¶ 3, 6.)

DISCUSSION

Plaintiffs contend that Bust Dat Groove's composition is original and sufficiently creative to deserve copyright protection. However, Defendants counter that the work is a basic percussion pattern that has existed in other musical works and instructional text books for decades.

I. Summary Judgment Standard

Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The materiality of disputed facts is determined by the governing substantive law, Dister v. Cont'l Group, Inc., 859 F.2d 1108, 1114 (2d Cir. 1988), in this case the Copyright Act, Repp v. Webber, 132 F.3d 882, 890 (2d Cir. 1997). An issue of fact is "material" if it might "affect the outcome of the suit under the governing law [while] an issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Shade v. Hous. Auth. of New Haven, 251 F.3d 307, 314 (2d Cir. 2001). The burden of demonstrating the absence of any genuine dispute as to a material fact rests with the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157

(1970); Grady v. Affiliated Cent., Inc., 130 F.3d 553, 559 (2d Cir. 1997). In determining whether there is a genuine issue as to any material fact, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Liberty Lobby, 477 U.S. at 255.

If the moving party meets its initial burden, the non-moving party must then come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(c); Carlton v. Mystic Transp., Inc., 202 F.3d 129, 133 (2d Cir. 2000). The non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), and "may not rely on conclusory allegations or unsubstantiated speculation," Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998). "The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient." Liberty Lobby, 477 U.S. at 248. Instead, the non-movant must offer "concrete evidence from which a reasonable juror could return a verdict in his favor." Liberty Lobby, 477 U.S. at 252. Where it is apparent that no rational finder of fact "could find in favor of the non-moving party because the evidence to support its case is so slight," summary judgment should be granted. Gallo v. Prudential Residential Servs., Ltd., 22 F.3d 1219, 1223 (2d Cir. 1994).

II. Analysis

Defendants contend that Bust Dat Groove lacks originality because, as a "one-bar drum rhythm," it is a common groove track whose elements are found in elementary drum instruction books and frequently used by musical artists. (Def. 56.1 Stmt. ¶¶ 9, 12.) For example, Defendants state that the tom-tom element (a "ruff") of the composition is found in instructional books dating to the 1960's (Def. 56.1 Stmt. ¶¶ 13-16, 19-20), and that the combination of the tom-tom with the high-hat and snare drum patterns was well known at the time Vargas composed Bust Dat Groove (Def. 56.1 Stmt. ¶¶ 13, 17).

Plaintiffs respond that Bust Dat Groove contains a rhythm whose composition is more than a basic percussion pattern or rhythmic bed. They contend that the composition was created independently by Vargas (Pl. 56.1 Stmt. ¶¶ 1, 8), and that the high hat and snare drum elements of the composition are original because of Vargas' creative choice in selecting and combining them. Finally, Plaintiffs dispute that Bust Dat Groove's musical composition exists in various musical recordings and instruction manuals. (Pl. 56.1 Stmt. ¶¶ 14-17, 19.)

Plaintiffs asserting copyright infringement must establish: "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original." Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). A certificate of registration from the United States Register of Copyrights constitutes prima facie evidence of the valid ownership of a copyright. See 17 U.S.C. § 410(c). Because Plaintiffs registered their musical composition, Defendants bear the burden of establishing lack of originality. See SHL Imaging, Inc. v. Artisan House, Inc., 117 F. Supp. 2d 301, 305 (S.D.N.Y. 2000).

The requirements for originality are "modest." See Weissmann v. Freeman, 868 F.2d 1313, 1321 (2d Cir. 1989). "It is well established that the originality requirement for

obtaining a copyright is an extremely low threshold, unlike the novelty requirement for securing a patent. Sufficient originality for copyright purposes amounts to little more than a prohibition of actual copying." Gaste v. Kaiserman, 863 F.2d 1061, 1066 (2d Cir. 1988) (internal quotation omitted); see also Feist, 499 U.S. at 345 ("Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity."). As the Supreme Court has explained:

> To be sure, the requisite level of creativity is extremely low; even a slight amount will suffice. The vast majority of works make the grade quite easily, as they possess some creative spark, no matter how crude, humble or obvious it might be. Originality does not signify novelty; a work may be original even though it closely resembles other works so long as the similarity is fortuitous, not the result of copying. To illustrate, assume that two poets, each ignorant of the other, compose identical poems. Neither work is novel, yet both are original and, hence, copyrightable.

Feist, 499 U.S. 345-46; see also Gaste, 863 F.2d at 1066. Thus, the key question here is whether Bust Dat Groove's musical composition "possesses at least some minimal degree of creativity."

Typically, "[w]hen the originality of a copyrighted work is at issue, it becomes a question of fact for the jury to resolve." Tin Pan Apple, Inc. v. Miller Brewing Co., Inc., No. 88 Civ. 4085 (CSH), 1994 WL 62360, at *4 (S.D.N.Y. Feb. 24, 1994). As another district court has noted:

> The parties have submitted reports of experts as well as musical and written renditions of the specific tones in the Vocal and Instrumental Phrases in support of their respective arguments regarding the originality of the Vocal Phrase. It would be improper for this Court, on a motion for summary judgment, to draw its own conclusions from this competing evidence regarding the originality of the Vocal Phrase. See Repp v. Webber, 132 F.3d 882 (2d Cir.1997). A reasonable factfinder, presented with these materials, could find either the presence or absence of the degree of originality required to confer copyrightability.

-6-

Ulloa v. Universal Music & Video Distrib. Corp., 303 F. Supp. 2d 409, 413-14 (S.D.N.Y. 2004).

Defendants do not contend that Plaintiffs copied the disputed composition from another work, rather they argue that the abundance of similar compositions in other musical works demonstrates lack of originality. (Def. 56.1 Stmt. ¶ 20.) However, the presence of similar compositions or elements of the composition in other works is irrelevant in assessing originality. "Originality does not signify novelty; a work may be original even though it closely resembles other works so long as the similarity is fortuitous, not the result of copying." Ulloa, 2004 WL 840279, at *1; see also Feist, 499 U.S. at 345; Sheldon v. Metro-Goldwyn Pictures Corp., 81 F.2d 49, 54 (2d Cir. 1936) ("Borrowed the work must indeed not be, for a plagiarist is not himself pro tanto an 'author'; but if by some magic a man who had never known it were to compose anew Keats's Ode on a Grecian Urn, he would be an 'author,' and, if he copyrighted it, others might not copy that poem, though they might of course copy Keats's."). Here, there appears to be a genuine dispute of fact, because Defendants contend that the similarity between Bust Dat Groove's composition and other works shows lack of originality, while Plaintiffs counter that their work is not similar to other works and was independently created. See, e.g., BMS Entm't/Heat Music LLC v. Bridges, No. 04 Civ. 2584 (PKC), 2005 WL 1593013, at *3-5 (S.D.N.Y. July 7, 2005); Santrayll v. Burrell, No. 91 Civ. 3166 (PKL), 1996 WL 134803, at *1-2 (S.D.N.Y. Mar. 25, 1996).

Thus, on the present record, as a matter of law, this Court cannot rule that the composition of Bust Dat Groove lacks originality.

III. Copyright Infringement of Sound Recording

Plaintiffs also claim copyright infringement of their sound recording rights in Bust Dat Groove. Plaintiffs, however, did not attach a certificate of registration for the underlying sound recording. Under 17 U.S.C. § 410(c), a certificate of registration creates a prima facie presumption of valid ownership of copyright. Because Plaintiffs did not attach such a certificate for the sound recording of Bust Dat Groove, Defendants assert that Plaintiffs' sound recording claims are deficient and should be dismissed. See, e.g., DiMaggio v. Int'l Sports Ltd., No. 97 Civ. 7767 (HB), 1998 WL 549690, at *2 (S.D.N.Y Aug. 31, 1998); Kelly v. L.L. Cool J, 145 F.R.D. 32, 36 (S.D.N.Y. 1992). Defendants' motion is granted.

Accordingly, Plaintiffs seek leave to amend. Leave to amend a pleading shall be "freely given when justice so requires," Fed. R. Civ. 15(a), and should not be denied unless (1) the motion is filed after undue delay, (2) the movant acts in bad faith, (3) granting leave to amend would prejudice the adverse party or (4) the amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182 (1962). The decision to grant or deny leave to amend is within the district court's discretion. Foman, 371 U.S. at 182; accord United States v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi., 889 F.2d 1248, 1254 (2d Cir. 1989).

Here, attaching the certificate of registration for the sound recording to the Complaint is neither surprising nor prejudicial to the Defendants. (Transcript of Oral Argument, dated Aug. 12, 2005 at 10-13.) Therefore, this Court grants Plaintiffs leave to attach the certificate of registration to their Complaint with respect to their copyright infringement claims based on the sound recording of Bust Dat Groove. Plaintiffs must file their Amended Complaint within ten (10) business days of the date of this Memorandum and Order.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is denied. Plaintiffs are granted leave to amend their Complaint to perfect their claim of copyright infringement based on the sound recording rights to Bust Dat Groove. Plaintiffs must file their Amended Complaint within ten (10) business days of the date of this Memorandum and Order.

Dated: October 26, 2005
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record*:

Paul A Chin, Esq.
Law Offices of Paul A. Chin
233 Broadway, 5th Floor
New York, NY 10279
*Counsel for Plaintiff*

Bruce P. Keller, Esq.
Debevoise & Plimpton
919 Third Avenue
New York, NY 10022
*Counsel for Defendant Pfizer*

Edward P. Kelly, Esq.
Tiajoloff & Kelly
Chrysler Building, 37th Floor
405 Lexington Avenue
New York, NY 10174
*Counsel for Defendant Fluid Music*

Samuel M. Leaf, Esq.
Davis Wright Tremaine LLP
1633 Broadway
New York, NY 10019
*Counsel for Defendants East West and Brian Transeau*

Sara L. Edelman, Esq.
Davis & Gilbert, LLP
1740 Broadway
New York, NY 10019
*Counsel for Defendant Publicis*