DAVIS & GILBERT LLP
Sara Edelman (SE 2540)
1740 Broadway
New York, New York 10019
(212) 468-4800

*Attorneys for Defendants Pfizer, Inc., Publicis Inc. and
Alanda Music, Ltd. d/b/a/ Fluid Music*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RALPH VARGAS, and<br>BLAND-RICKY ROBERTS,<br><br>               Plaintiffs,<br><br>    -against-<br><br>PFIZER INC., PUBLICIS, INC., FLUID MUSIC,<br>EAST WEST COMMUNICATIONS, INC. and :<br>BRIAN TRANSEAU p/k/a "BT,<br><br>               Defendants. | 04 CV 9772 (WHP)<br><br>**ALANDA MUSIC, LTD.'S<br>ANSWER AND AFFIRMATIVE<br>DEFENSES TO THE SECOND<br>AMENDED<br>COMPLAINT**<br><br>ECF CASE |

Defendant Alanda Music, Ltd. d/b/a Fluid Music ("Fluid"), by its attorneys, Davis & Gilbert LLP, answers the Second Amended Complaint (the "Complaint") as follows:

### NATURE OF ACTION

1. Denies the allegations contained in paragraph 1 of the Complaint, except admits that Plaintiffs purport to bring this action for the reasons stated therein.

2. Denies the allegations contained in paragraph 2 of the Complaint.

3. Denies the allegations contained in paragraph 3 of the Complaint.

4. Denies the allegations contained in paragraph 4 of the Complaint, except admits that Plaintiffs purport to seek the relief as stated therein.

5. Denies the allegations contained in paragraph 5 of the Complaint, except admits that Plaintiffs purport to seek the relief as stated therein.

## JURISDICTION AND VENUE

6. Denies the allegations contained in paragraph 6 of the Complaint, except admits that Plaintiffs purport to invoke the jurisdiction of the Court as set forth therein.

7. Denies the allegations contained in paragraph 7 of the Complaint, except admits that Fluid conducts business in New York State and has a place of business within this judicial district.

8. Denies the allegations contained in paragraph 8 of the Complaint, except admits that Plaintiffs purport to assert that venue is proper in this judicial district for the reason set forth therein.

## PARTIES

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint.

11. Denies the allegations contained in paragraph 11 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and last sentence of paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Denies the allegations contained in paragraph 14 of the Complaint, except admits that it is a New York corporation that is licensed and authorized to do business in New York.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

## FACTUAL ALLEGATIONS

16. Denies the allegations contained in paragraph 16 of the Complaint.

17. Denies the allegations contained in paragraph 17 of the Complaint, except admits that Plaintiffs have attached to the Complaint as Exhibit A a copyright certificate purportedly demonstrating that plaintiff Vargas registered a musical composition on January 27, 1995.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, except admits that Plaintiffs have attached to the Complaint as Exhibit B and C, respectively, a copyright certificate in the sound recording of Funky Drummer, Vol. 2 and a copyright assignment concerning the sound recording of Funky Drummer, Vol. 2.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. Denies the allegations contained in paragraph 20 of the Complaint.

21. Denies the allegations contained in paragraph 21 of the Complaint.

22. Denies the allegations contained in paragraph 22 of the Complaint

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24. Denies the allegations contained in paragraph 24 of the Complaint.

25. Denies the allegations contained in paragraph 25 of the Complaint.

26. Denies the allegations contained in paragraph 26 of the Complaint.

27. Denies that it exploited the Composition and admits that it did not make any royalty payments to plaintiffs.

28. Denies the allegations contained in paragraph 28 of the Complaint.

## COUNT I
### (Direct Copyright Infringement)

29. In response to paragraph 29 of the Complaint, Fluid repeats and realleges its responses to paragraphs 1 through 28 of the Complaint as if each were fully set forth herein.

30. Denies the allegations contained in paragraph 30 of the Complaint.

31. Denies that it exploited the Composition and admits that it did not make any royalty payments to plaintiffs.

32. Denies the allegations contained in paragraph 32 of the Complaint.

33. Denies the allegations contained in paragraph 33 of the Complaint.

34. Denies the allegations contained in paragraph 34 of the Complaint.

35. Denies the allegations contained in paragraph 35 of the Complaint.

36. Denies the allegations contained in paragraph 36 of the Complaint.

## COUNT II
### (Contributory Copyright Infringement)

37. In response to paragraph 37 of the Complaint, Fluid repeats and realleges its responses to paragraphs 1 through 36 of the Complaint as if each were fully set forth herein.

38. Denies the allegations contained in paragraph 38 of the Complaint.

39. Denies the allegations contained in paragraph 39 of the Complaint.

40. Denies the allegations contained in paragraph 40 of the Complaint.

41. Denies the allegations contained in paragraph 41 of the Complaint.

42. Denies the allegations contained in paragraph 42 of the Complaint.

43. Denies the allegations contained in paragraph 43 of the Complaint.

44. Denies the allegations contained in paragraph 44 of the Complaint.

45. Denies the allegations contained in paragraph 45 of the Complaint.

46. Denies the allegations contained in paragraph 46 of the Complaint.

47. Denies the allegations contained in paragraph 47 of the Complaint.

48. Denies the allegations contained in paragraph 48 of the Complaint.

## COUNT III, COUNT IV

49. Paragraphs 49-50 require no response because Plaintiff's Lanham Act and common law and statutory unfair competition claims have been voluntarily dismissed.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Fluid did not have access to the work allegedly infringed.

### THIRD AFFIRMATIVE DEFENSE

The respective works at issue are not substantially similar.

### FOURTH AFFIRMATIVE DEFENSE

Similarities, if any, between Plaintiffs' work and that of Defendants' relate to nonprotectable elements, and hence, nonprotectable subject matter under the Copyright Act.

### FIFTH AFFIRMATIVE DEFENSE

Defendants' work was not copied and was created independently from Plaintiffs' work.

## SIXTH AFFIRMATIVE DEFENSE

Any use by Defendants of portions of Plaintiffs' work (which is denied but assumed only for the purpose of this affirmative defense) is a non-infringing fair use under 17 U.S.C. § 107.

## SEVENTH AFFIRMATIVE DEFENSE

Any use by Defendants of portions of Plaintiffs' work (which is denied but assumed only for the purpose of this affirmative defense) was *de minims* and hence non-infringing.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, should be mitigated in whole or in part by the doctrine of innocent infringement and/or innocent intent.

## PRAYER FOR RELIEF

WHEREFORE, defendant Fluid Music respectfully requests and prays as follows:

1. That Plaintiffs take nothing by the Complaint;

2. That this action be dismissed with prejudice against Publicis;

3. That Fluid recover its costs of suit, including reasonable attorneys' fees pursuant to the Copyright Act, 17 U.S.C. § 505; and

4. For such other and further relief as the Court deems just and proper.

Dated: November 28, 2005

DAVIS & GILBERT LLP

By: _____
Sara Edelman (SE 2540)
1740 Broadway
New York, New York 10019

*Attorneys for Defendants Pfizer, Inc., Publicis Inc. and Alanda Music, Ltd. d/b/a/ Fluid Music*