# STANFORD LEGAL CLINICS

MEMORANDUM ENDORSED

Crown Quadrangle
559 Nathan Abbott Way
Stanford, CA 94305-8610


AUG 08 2006

Cyberlaw Clinic
Telephone: (650) 724-1900
Facsimile: (650) 723-4426

David Olson
Direct Dial: (650) 724-0517
E-Mail: dolson@law.stanford.edu

August 7, 2006

**VIA Federal Express**

The Honorable William H. Pauley III
U.S. District Court for the Southern District of New York
500 Pearl Street, Chambers 2210
New York, NY 10007

Application granted. A phone conference is set for September 1, 2006 at 10:00 am.

SO ORDERED:

Re: *Vargas, et al. v. Pfizer, Inc., et al.*
Case No. 04 CV 9772 (WHP)

WILLIAM H. PAULEY III U.S.D.J.

August 24, 2006

Dear Judge Pauley:

I write to request a pre-motion conference pursuant to your Honor's Individual Practice Rule 3.A. Defendant Brian Transeau seeks permission to file a motion to extend the expired dispositive motion deadline from May 12, 2006, to September 15, 2006. As your Honor may recall, I entered my appearance on behalf of then *pro se* Defendant Transeau on May 23, 2006. The next day I wrote this Court to seek an extension of the Scheduling Order. In my letter I noted that Plaintiffs would not agree to an extension of the deadline for dispositive motions, and that I would therefore make a separate motion to extend the dispositive motion deadline, if necessary. After deposing both Plaintiffs last week, it has now become obvious that this case can be disposed of upon summary judgment. Accordingly, I write seeking a pre-motion conference regarding Defendants' planned motion to extend the dispositive motion deadline.

Defendant Transeau requests permission to move for a proposed Third Revised Scheduling Order extending the dispositive motion deadline until September 15, 2006. This is the third request for an extension of the case schedule. On December 8, 2005, your Honor granted a proposed joint [First] Revised Scheduling Order [Docket No. 65]. The revised schedule set discovery to close on March 31, 2006, set a dispositive motion deadline of May 12, 2006, and made the joint pre-trial order due July 12, 2006. On June 7, 2006, your Honor granted the stipulated Second Revised Scheduling Order, which extended the discovery deadline until August 15, 2006, and extended the pretrial conference date until October 13, 2006. Defendant Transeau proposes a Third Revised Scheduling Order that would not change any scheduled dates except the dispositive motion deadline, which would be extended to September 15, 2006. Remaining defendant East West Communications, Inc. joins in this proposed motion. Counsel for Defendant Transeau has met and conferred with Plaintiffs' counsel, and Plaintiffs' oppose any motion to extend the dispositive motion deadline.

Plaintiffs in this copyright case have accused Defendant Transeau of physically copying the drum beat track "Bust Dat Groove without ride" from Plaintiffs' *Funky Drummer II* album, and then editing the drum beat to create the drum beat track "Aparthenonia" on Defendant Transeau's *Breakz from the Nu Skool* album. It is well-established law that a defendant should

be granted summary judgment if a plaintiff cannot "demonstrate[e] that the person who composed the defendant's work had access to the copyrighted material." *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51-52 (2d Cir. 2003), *Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1249 (11th Cir. 1999); *see also Walker v. Time Life Films, Inc.*, 784 F.2d 44, 48 (2d Cir.1986)).

The record is now plain that Plaintiffs have absolutely no evidence that Defendant Transeau had any access whatsoever to the allegedly infringed drumbeat. The only thing that the Plaintiffs can point to is alleged similarity between the tracks. But note that every witness for Plaintiffs admits that Plaintiffs' and defendant's tracks are not identical. Instead, Plaintiffs argue that the works are sufficiently similar to infer access.

Even in cases of inferred access, however, Plaintiffs' work must have been sufficiently distributed to make an inference of access reasonable. Plaintiffs admit that the "Bust Dat Groove" track was not distributed other than on the *Funky Drummer II* album. But Plaintiffs have no documentary evidence of a single sale of the album *Funky Drummer II* or the "Bust Dat Groove" track. Instead, Plaintiffs have repeatedly stated that the only evidence they have of the distribution and sale of the *Funky Drummer II* album is Plaintiffs' current memory. Even giving credence to the number of sales that Plaintiffs allege to remember, it is clear from the record that no more than 4,000 copies of *Funky Drummer II* were ever produced (and perhaps only 1500), that the majority of distributors were local New York City record stores, and that no admissible evidence exists of even a single sale in California, where Defendant BT resides and works. Moreover, Plaintiff Roberts testified on deposition that the *Funky Drummer II* albums were sold for only a few months in 1994, and were only sold as vinyl albums. Plaintiffs testified that they did not know of any digital distribution of "Bust Dat Groove" on the Internet or elsewhere, and that they could locate no copies of the album other than one owned by Plaintiff Vargas.

In contrast, Defendant Transeau has declared that he had never heard of "Bust Dat Groove" or *Funky Drummer II* before this litigation, that he did not copy "Bust Dat Groove" for use in "Aparthenonia" or on anything else, that he did not use sampled songs on his *Breakz from the Nu Skool* album, and that "Aparthenonia" was created using an off-the-shelf music software called Propellerhead Reason.

Under well-established law, changes in a scheduling order are governed by Federal Rule of Civil Procedure 16(b) and the "good cause" standard of that Rule. *CORKREY v. IRS*, 192 F.R.D. 66, 66-67 (N.D.N.Y. 2000). *See also Carnrite v. Granada Hosp. Group, Inc.*, 175 F.R.D. 439, 448 (W.D.N.Y. 1997); *Julian v. Equifax Check Services, Inc.*, 178 F.R.D. 10, 15 (D. Conn. 1998). Fed. R. Civ. P. 16(b)'s "good cause" standard emphasizes diligence of party seeking amendment while prejudice to opposing party remains relevant but is not dominant criterion. *O'Connell v. Hyatt Hotels*, 357 F.3d 152 (1st Cir. 2004). "Good cause" exists when the schedule "cannot reasonably be met despite the diligence of the party seeking the extension." *Covington v. Kid*, 1999 U.S. Dist. LEXIS 64 (S.D.N.Y. 1999).

Defendant meets the criteria for showing diligence. First, Defendant Transeau was without an attorney from March 16, 2006, through May 22, 2006. During this time the deadline for discovery cut-off and for dispositive motions passed. The Court's December 8, 2006 Scheduling Order set the discovery cut-off date for March 31, 2006, and the deadline for

dispositive motions for May 12, 2006. Both of these deadlines passed without any substantial discovery having been taken. Even today Plaintiffs have produced only eighteen (18) bates numbered documents in response to defendants' numerous discovery requests—none of which responses provided any evidence of Defendant Transeau's access to Plaintiffs' allegedly infringed drum track. The depositions of the Plaintiffs, who supposedly possess the only evidence of distribution of the allegedly infringed track in their memories, occurred only last week, on July 31 and August 2. Therefore, defendants were not in a position to file dispositive motions despite their diligence in requesting the necessary discovery. *See Covington v. Kid*, 1999 U.S. Dist. LEXIS 64 (S.D.N.Y. 1999).

Moreover, despite the fact that Defendant Transeau's new counsel immediately asked Plaintiffs to agree to extend the deadline for dispositive motions in conjunction with the agreed extension for discovery deadlines, Plaintiffs' counsel flatly refused to any extension of the deadline—even though the deadline had expired less than two weeks earlier. In my May 24, 2006 letter to the Court as defendant's new counsel I informed the court of such disagreement and advised that I would promptly move for such an extension if it became necessary, which it now has.

The current Scheduling Order sets August 15 as the cut-off for all discovery. Hence, the September 15 date would neither push back discovery past its scheduled cutoff, nor result in a delay to the trial date. No additional discovery will be required. Further, resolution of this case on Summary judgment would preserve judicial resources as well as valuable time and considerable amount of money to the parties involved.

Moreover, the short extension here will in no way prejudice the Plaintiffs. First, discovery remains open (the deposition of Defendant BT has not yet occurred, for instance), so Plaintiffs can continue to collect any evidence they seek to oppose the motion. Second, access to the allegedly infringed work is already a central issue for trial, so Plaintiffs cannot be surprised by the issue being vetted upon summary judgment. Third, Plaintiffs cannot argue prejudice here when it was their lack of production of evidence regarding access that prevented a summary judgment motion on the issue to be filed prior to Plaintiffs' depositions this week.

Thank you for your consideration of this matter.

Respectfully submitted,

David Olson
(DO 4906)

cc: Paul Chin
    Eric M. Stahl