UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RALPH VARGAS and BLAND - RICKY ROBERTS,<br><br>       Plaintiffs,<br><br>  - V. -<br><br>PFIZER INC., PUBLICIS, INC., FLUID MUSIC, EAST WEST COMMUNICATIONS, INC., and BRIAN TRANSEAU p/k/a "BT",<br><br>       Defendants. | Case No.:  04 CV 9772 (WHP)<br><br>ECF Case |

### [PROPOSED]
### JOINT PRETRIAL ORDER

Plaintiffs Ralph Vargas and Bland-Ricky Roberts ("Plaintiffs") and Defendants Brian Transeau ("BT") and East West Communications ("Defendants") submit the following Pretrial Order. [As of close of business October 12, 2006, Plaintiffs have not provided their sections of the pretrial order despite repeated requests from Defendants. Defendants request the opportunity to amend or modify this proposed pretrial order if Plaintiffs are permitted to contribute to it at a later date.]

  1.  The full caption of this action appears above.

  2.  The names and addresses of trial counsel are as follows:

    A.  Plaintiffs

      Paul A. Chin
      LAW OFFICES OF PAUL A. CHIN
      233 Broadway, 5th Floor
      New York , NY 10007
      Telephone:  (212) 964-8030

B. Defendant Brian Transeau

Anthony T. Falzone (*pro hac vice* application forthcoming)
David S. Olson (DO 4906)
STANFORD LAW SCHOOL CYBERLAW CLINIC
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone: (650) 724-0517
Facsimile: (650) 723-4426

Alice C. Garber (*pro hac vice*)
Julie A. Ahrens (JA 0372)
Christopher W. Keegan (*pro hac vice*)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104-1501
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

C. Defendant East West Communications, Inc.

Eric M. Stahl
DAVIS WRIGHT & TREMAINE LLP
2600 Century Square
1501 Fourth Avenue
Seattle, Washington 98101-1688
Telephone: (206) 622-3150
Facsimile: (206) 628-7699

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this is an action arising under the Copyright Act, 17 U.S.C. § 101, *et seq.*

4. The parties assert the following claims and defenses in this action:

A. Plaintiffs

B. Defendants

The allegedly copyrighted material in this suit is a short sound recording entitled, *Bust dat Groove (w/o ride)* ("*BDG*"), a one-bar drum track that appeared on Plaintiffs' album *Funky Drummer Vol. II* ("*FD II*"). Defendants deny that Plaintiffs have a valid composition copyright in *BDG* on the ground that the work is not original, and not subject to copyright protection.

Moreover, Defendants have not copied any aspect of *BDG*. Copying the sound recording *BDG* would have been a legal impossibility because Defendants did not ever possess or have any access to *BDG*. There is no evidence in this case that *FD II* or *BDG* was ever widely distributed, a commercial success or readily available. Nor is there any evidence connecting Plaintiffs to Defendants through which Defendants could have gained access to Plaintiffs' work. Defendant Brian Transeau created the musical drum beat *Aparthenonia* on the opposite coast from Plaintiffs, many years after the limited release of *FD II*, using his computer and an a collection of sounds from a commercially available music-generation software program known as Propellerhead Reason. As such, even if the drum beats in *Aparthenonia* sound like those in *BDG*, Mr. Transeau's independent creation of *Aparthenonia* cannot be copyright infringement as a matter of law. *See* 17 U.S.C. § 114(b).

Defendants contend that even if Plaintiffs could prove copying, Defendants did not infringe Plaintiffs' copyrights because there is no substantial similarity between *Aparthenonia* and any protectable element of *BDG*. Defendants contend that even if Plaintiffs can show copying and substantial similarity between *Aparthenonia* and any protectable element of *BDG*, any use of material from the recording that contains *BDG* was *de minimis* and thus protected by fair use. *See* 28 U.S.C. § 107. Defendants further contend that their actions were innocent and non-willful.

There is no evidence in this case (other than Plaintiffs' speculation) that Plaintiffs have suffered any actual damages because of the alleged infringement. Likewise, there is no reliable evidence that any profits of the Defendants are attributable to the alleged infringement. Therefore, Plaintiffs are not entitled to any amount of actual damages in this matter. *See* 17 U.S.C. Sec. 504(b). Moreover, Plaintiffs have already received a settlement in this action from three other Defendants (Pfizer, Inc., Publicis, Inc., and Fluid Music) that Plaintiffs claimed were jointly liable for the same act of alleged copyright infringement at issue here. Accordingly, Plaintiffs have been fully compensated for any damages they allege, as they already have recovered more than they are entitled to under the Copyright Act's actual damages/profits remedy (17 U.S.C. sec. 504(b)) and the maximum they would be entitled to in statutory damages

(17 U.S.C. sec. 504).  Further, should the jury award any damages, Defendants would be entitled to an offset of the amount Plaintiffs already have recovered from the other jointly and severally liable defendants.

**Claims not to be tried:**

Plaintiffs have agreed they will not pursue their allegations that Defendants have infringed the copyright in twenty different musical compositions created by Plaintiffs, as alleged in Plaintiffs' Second Amended Complaint, paragraph 23.  Plaintiffs have agreed not to introduce any evidence regarding alleged infringement of any works other than *BDG*, including any allegations of infringement of other tracks from Plaintiffs' albums *Funky Drummer Vol. I* or *FD II*.  Plaintiffs have agreed further that they will not introduce allegations of other supposed infringing works as evidence to support Plaintiffs' allegation that Defendants violated their copyright in *BDG* or for any other purpose.

5. This case is to be tried to a jury.  The parties expect that the trial of this matter will require five to seven trial days.

6. The parties have <u>not</u> consented to trial of this matter before a United States Magistrate Judge.

7. The parties have agreed and stipulated to the facts set forth in Exhibit A. [Although Defendants shared their stipulated facts with Plaintiffs' counsel on Friday October 6, 2006, as of close of business October 12, 2006, Plaintiffs have not commented on Defendants' facts.]

8. The parties expect to present testimony from the following witnesses in their respective cases in chief.  Each party reserves the right to call witnesses from the other party's list should the party listing the witness choose not to call that witness to testify.

    A. Plaintiffs

| **Witness** | **Manner of Testimony** |
|---|---|
|  |  |
|  |  |

|  |  |
|--|--|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

B. Defendants

| **Witness** | **Manner of Testimony** |
|--|--|
| Brian Transeau | Live |
| Carols Vasquez | Live |
| Mike DiMittia | Live |
| Anthony Ricigliano | Live |
| Dr. Richard Boulanger | Live |
| Rhys Moody | Live |
| Doug Rogers | Live |

9. The parties do not anticipate offering any deposition testimony in their respective cases in chief unless any witness listed above becomes unavailable or otherwise unable to testify.

10. The exhibits Plaintiffs expect to offer in their case in chief are set forth in Exhibit B, along with Defendants' objections. [As of close of business October 12, 2006, Plaintiffs have not provided their list of exhibits to Defendants' counsel.] The exhibits Defendants expect to offer in their case in their case in chief are set forth in Exhibit C, along with Plaintiffs' objections. [Although Defendants have shared their list of exhibits with Plaintiffs' counsel, as of close of business October 12, 2006, Plaintiffs have not objected to Defendants' exhibits.]

Dated: October 12, 2006  _____/s_____
Julie A. Ahrens (JA 0372)
Alice C. Garber (*pro hac vice*)
Christopher W. Keegan (*pro hac vice*)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104-1501
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Anthony T. Falzone (admission pending)
David S. Olson (DO 4906)
STANFORD LAW SCHOOL
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone: (650) 724-0517
Facsimile: (650) 723-4426
Attorneys for Defendant
BRIAN TRANSEAU p/k/a "BT,"

Dated: October 12, 2006  _____/s_____
Eric M. Stahl
DAVIS WRIGHT & TREMAINE LLP
2600 Century Square
1501 Fourth Avenue
Seattle, Washington 98101-1688
Telephone: (206) 622-3150
Facsimile: (206) 628-7699

Attorneys for Defendant
EAST WEST COMMUNICATIOJNS, INC.

Dated:_____  _____
Paul A. Chin
LAW OFFICES OF PAUL A. CHIN
233 Broadway, 5th Floor
New York , NY 10007
Telephone: (212) 964-8030

Attorney for Plaintiffs
RALPH VARGAS and BLAND-RICKY ROBERTS