# EXHIBIT 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

------------------------------------------------------------ x

RALPH VARGAS and BLAND-RICKY ROBERTS,

                Plaintiffs,

- against -

PFIZER INC., PUBLICIS, INC., FLUID MUSIC, EAST WEST COMMUNICATIONS, INC. and BRIAN TRANSEAU p/k/a "BT",

                Defendants.

------------------------------------------------------------ x

CASE NO.: 04 CV 9772 (WHP)

ECF CASE



## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT BRIAN TRANSEAU *AND RESPONSES THERETO*

Defendant Brian Transeau ("Transeau"), by his attorneys, Davis Wright Tremaine LLP, hereby responds to Plaintiffs' First Set of Interrogatories to Defendant Brian Transeau (the "Interrogatories"). Transeau reserves the right to amend, modify and/or supplement these responses with any additional information that he subsequently receives or discovers.

## GENERAL OBJECTIONS

1. Transeau objects to the Definitions and Instructions contained in the Interrogatories, and to the Interrogatories generallly, to the extent that they seek to impose on defendant obligations greater than those imposed by the Federal Rules of Civil Procedure and the local civil rules. Transeau will respond in a manner consistent with the requirements of the Federal Rules of Civil Procedure and the local civil rules.

2. Transeau objects to the extent the Interrogatories seek information that is covered by the work-product doctrine, the attorney-client privilege, and any other applicable privilege. Such information will not be produced and any inadvertent production thereof shall

1

not be deemed a waiver of any privilege with respect to such information or any other information or of any work product doctrine which may attach thereto.

3. Transeau objects to the Interrogatories to the extent that they seek information in the possession or control of any party other than Transeau. Transeau will respond to these Interrogatories on his own behalf only.

4. Insofar as certain of the Interrogatories are vague and ambiguous or employ terms that Transeau cannot define or understand, Transeau will object on the ground that the Interrogatories are vague and ambiguous. Subject to and without waiver of these objections, Transeau will make reasonable assumptions, where possible, as to Plaintiffs' intended meanings and will respond accordingly.

5. Transeau generally objects to the Interrogatories on the grounds that they seek Transeau's confidential and proprietary business information. Transeau will provide non-privileged, responsive information that is confidential and proprietary in nature only after an appropriate protective order has been entered in this litigation.

6. Transeau objects to the Definitions of the terms "musical composition(s)" and "Plaintiffs' Composition" as ambiguous, confusing and misleading.

7. By responding to these Interrogatories, Transeau does not waive the foregoing objections or any specific objections in response to a particular Interrogatory. Similarly, by stating a specific objection in response to a particular Interrogatory, Transeau does not waive the foregoing general objections. Further, by responding to these Interrogatories, Transeau does not concede that any of the information sought is relevant to the subject matter of this action or qualifies as admissible evidence.

2

## SPECIFIC RESPONSES AND OBJECTIONS

Subject to and without waiving the General Objections (which are incorporated into each of the responses herein), Transeau responds to the Interrogatories as follows:

### INTERROGATORY NO. 1:

Please state your profession.

### RESPONSE TO INTERROGATORY NO. 1:

Transeau objects that the Interrogatory violates Local Civil Rule 33.3.

Subject to and without waiving his objections, Transeau states that he works professionally as a musician, composer, producer, and performer.

### INTERROGATORY NO. 2:

Are you the creator, composer, author and/or producer of "Aparthenonia."

### RESPONSE TO INTERROGATORY NO. 2:

Transeau objects that the Interrogatory is compound, vague, and ambiguous, violates Local Civil Rule 33.3, and calls for a legal conclusion.

Subject to and without waiving his objections, Transeau states that he created "Aparthenonia," as further described in response to Interrogatory No. 5.

### INTERROGATORY NO. 3:

When did you create, compose and/or produce "Aparthenonia."

### RESPONSE TO INTERROGATORY NO. 3:

Transeau objects that the Interrogatory is compound, vague, and ambiguous, violates Local Civil Rule 33.3, and calls for a legal conclusion.

Subject to and without waiving his objections, Transeau states that he created "Aparthenonia" in or around August, 2000.

3

## INTERROGATORY NO. 4:

Do you possess a copy of the program identified as "Propeller Head Reason," that you claim to have used in the creation and production of "Aparthenonia."

## RESPONSE TO INTERROGATORY NO. 4:

Transeau objects to the Interrogatory as vague and ambiguous. Transeau further objects that the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence, and violates Local Civil Rule 33.3.

Subject to and without waiving his objections, Transeau states that he does possess a copy of the PropellerHead Reason software that was used in the creation of "Aparthenonia."

## INTERROGATORY NO. 5:

Please describe in detail how you created, composed and/or produced "Aparthenonia." Include in your answer the amount of time it took you to create, compose and/or produce "Aparthenonia."

## RESPONSE TO INTERROGATORY NO. 5:

Transeau objects that the Interrogatory is compound, vague, and ambiguous. Transeau also objects to the Interrogatory to the extent that it calls for a legal conclusion. Transeau further objects that the Interrogatory violates Local Civil Rule 33.3.

Subject to and without waiving his objections, Transeau states that he created "Aparthenonia" by himself, on his laptop computer, while traveling on a bus between stops on an album promotional tour. From start to finish, it took approximately one hour to create, mix and master the drum loop "Aparthenonia." Transeau programmed the beat himself, using an off-the-shelf music generation computer program known as Propellerhead Reason as operated through his laptop. The results were then mixed, equalized and compressed using Logic Audio and

ProTools. The final product was created by running the file through a "mastering software" known as TC Master X.

## INTERROGATORY NO. 6:

Please state the name or title of any musical work(s) you "sampled" in order to create, compose and/or produce any of the musical compositions contained on the "Breakz from the Nu Skool" album.

## RESPONSE TO INTERROGATORY NO. 6:

Transeau objects that the Interrogatory is compound, vague, and ambiguous, and violates Local Civil Rule 33.3. Transeau futher objects that, to the extent the Interrogatory seeks information about works other than "Aparthenonia," the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Transeau also objects to the characterization of simple drum loops as "musical compositions."

Subject to and without waiving his objections, Transeau states that neither "Aparthenonia" nor any other track on "Breakz from the Nu Skool" contains any "sampling" of any other artist's musical work.

## INTERROGATORY NO. 7:

Please state whether or not you have ever "sampled" a musical work(s) in order to create, compose or produce your own musical composition(s). If so, please state:

(i) the name or title of the musical work you "sampled;"

(ii) the name or title of your musical composition(s) which contains the "sampled" musical work(s); and

(iii) the name of the individual(s) and/or entity(ies) authorized and/or permitted you to "sample" the musical work(s).

5

## RESPONSE TO INTERROGATORY NO. 7:

Transeau objects that the Interrogatory is vague, ambiguous and overbroad; is not reasonably calculated to lead to the discovery of admissible evidence; and violates Local Civil Rule 33.3.

## INTERROGATORY NO. 8:

Is the album "Breakz from the Nu Skool," or any of the musical compositions contained therein, including, but not limited to "Aparthenonia," registered with the United States Copyright Office? If so, please state the registration number for the album, or the individual musical compositions contained therein, provided by the United States Copyright Office.

## RESPONSE TO INTERROGATORY NO. 8:

Transeau objects to the Interrogatory to the extent that it calls for a legal conclusion, and to the characterization of simple drum loops as "musical compositions" that may be the subject of copyright protection. Transeau futher objects that, to the extent the Interrogatory seeks information about works other than "Aparthenonia," the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving his objections, Transeau states that the album "Breakz from the Nu Skool" and the individual tracks contained therein are not registered with the U.S. Copyright Office.

## INTERROGATORY NO. 9:

Please describe and/or list any and all contracts or agreements entered into between you and any of the other defendants in this action for the distribution, use, license, commercialization, sale and other exploitation of "Aparthenonia." Include in your answer:

 (i) a detailed description of said contracts or agreements;

 (ii) the name of the defendant(s) with whom you entered into any such contracts or agreements; and

 (iii) when such contracts and/or agreements were executed by you.

6

## RESPONSE TO INTERROGATORY NO. 9:

Transeau objects to the Interrogatory as overly broad and unduly burdensome to the extent it purports to require detailed descriptions of information contained in documents that may be readily derived from the documents themselves. Transeau also objects that the Interrogatory violates Local Civil Rule 33.3. Transeau further objects that the Interrogatory seeks confidential and proprietary business information.

Subject to and without waiving his objections, Transeau states that there is no contract or agreement between him and any of the other defendants in this action for the distribution, use, license, commercialization, sale and other exploitation of "Aparthenonia" itself. "Aparthenonia" is one of over 400 drum loops contained on "Breakz from the Nu Skool," and as such, it is the subject of an April 6, 2001 agreement between Transeau and defendant East West Communications, Inc. A copy of this agreement will be produced in accordance with Transeau's responses to Plaintiffs' First Request for the Production of Documents and Things to Defendant Brian Transeau, upon entry of an appropriate protective order in this litigation.

## INTERROGATORY NO. 10:

Do you possess a "multi-track" copy of "Aparthenonia."

## RESPONSE TO INTERROGATORY NO. 10:

No. The Interrogatories' definition of "multi-track" presumes use of a "multiple track mixing board." "Aparthenonia" was created without the use of a mixing board. *See* Response to Interrogatory No. 5.

## INTERROGATORY NO. 11:

Please state whether or not you possess any un-mastered and/or un-mixed versions of "Aparthenonia."

7

SEA 1683145v1 68291-1

## RESPONSE TO INTERROGATORY NO. 11:

Transseau objects that the Interrogatory is compound, vague, ambiguous, and unduly burdensome.

Subject to and without waiving his objections, Transseau states that he is unaware of any un-mastered or un-mixed version of "Aparthenonia."

## INTERROGATORY NO. 12:

What, if any, compensation, monies or income did you receive from any of the named defendants, or from any such defendants' agents, representatives or employees, for use of "Aparthenonia" in the creation of the musical portion of the Celebrex Commercial?

## RESPONSE TO INTERROGATORY NO. 12:

Transseau objects that the Interrogatory seeks confidential and proprietary business information, and violates Local Civil Rule 33.3.

Subject to and without waiving his objections, Transseau states that he received no direct compensation of any kind from any of the named defendants or their agents, representatives, or employees, for the use of "Aparthenonia" in the creation of the musical portion of the Celebrex Commercial. Indirectly, if the Celebrex Commercial was created using a purchased copy of "Breakz from the Nu Skool," then Transseau may have received a royalty from said purchase in accordance with his April 6, 2001, agreement with Defendant East West Communications, Inc. The royalty attributable to a single sale of "Aparthenonia" (which is one of over 400 drum loops on *Breakz from the Nu Skool*") is nominal.

## INTERROGATORY NO. 13:

Please describe and/or list those documents, agreements and/or contracts that you believe are relevant and material to your defense in this case.

8

SEA 1683145v1 68291-1

## RESPONSE TO INTERROGATORY NO. 13:

Transeau objects that the Interrogatory is vague, overly broad, calls for a legal conclusion, seeks information that is more properly the subject of requests for production, and violates Local Civil Rule 33.3. Transeau further objects that he is unable to answer the Interrogatory as discovery is still ongoing.

## INTERROGATORY NO. 14:

Please state the total amount of gross compensation, monies, revenue and/or income you received from the distribution, sale, commercialization, licensing and/or other exploitation of the "Breakz from the Nu Skool" album and "Aparthenonia."

## RESPONSE TO INTERROGATORY NO. 14:

Transeau incorporates his Objections and Response to Interrogatory No. 12 above.

Subject to and without waiving his objections, Transeau will provide the information requested, or documents from which the information requested may be derived, upon entry of an appropriate protective order in this case.

## INTERROGATORY NO. 15:

Please state the total amount of gross compensation, monies, revenue and/or income you received from any public performance rights societies (e.g. ASCAP, BMI or SESAC) for the airing and/or public performance of "Aparthenonia" in the Celebrex Commercial.

## RESPONSE TO INTERROGATORY NO. 15:

Transeau objects that the Interrogatory violates Local Civil Rule 33.3.

Subject to and without waiving his objections, Transeau states that there is no such compensation, monies, revenue and/or income.

9

## INTERROGATORY NO. 16:

Other than this legal proceeding, have you ever been a defendant in a copyright infringement action(s)? If so, please identify the State(s) in which any such action(s) was commenced and the case number(s) of the action(s).

## RESPONSE TO INTERROGATORY NO. 16:

Transeau objects that the Interrogatory is vague, ambiguous, not reasonably calculated to lead to the discovery of admissible evidence, and violates Local Civil Rule 33.3.

Subject to and without waiving his objections, Transeau states that he has never been a defendant in any copyright infringment action other than this case.

## INTERROGATORY NO. 17:

Please state where "Aparthenonia" and "Breakz from the Nu Skool" was mixed and mastered.

## RESPONSE TO INTERROGATORY NO. 17:

Transeau objects that the Interrogatory is compound, vague, ambiguous, and violates Local Civil Rule 33.3. Transeau further objects that, to the extent it seeks information regarding works other than "Aparthenonia," the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving his objections, Transeau states that "Aparthenonia" and the other drum loops contained on "Breakz from the Nu Skool" were mixed and mastered in the manner described in the response to Interrogatory No. 5.

SEA 1683145v1 68291-1

Dated: September ___, 2005
New York, New York

As to Objections:

DAVIS WRIGHT TREMAINE LLP

_____
Sam Leaf (SL 0633)
Eric M. Stahl
1633 Broadway
New York, NY 10019-6708
(212) 489-8230

*Attorneys for Defendant Brian Transeau*

To: Paul A. Chin
      Law Offices of Paul A. Chin
      233 Broadway, 5th Floor
      New York, NY 10279

## CERTIFICATION

I, Brian Transeau, declare that:

I have read the foregoing amended responses to "Plaintiff's First Set of Interrogatories to Defendant Brian Transeau," know the contents thereof and believe the same to be true to the best of my knowledge and belief.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

EXECUTED at _____, California, this 31st day of August, 2005.

_____
Brian Transeau

# CERTIFICATE OF SERVICE

I, Christine Kruger, hereby certify:

1. I am over the age of 18 years and am not a party to the within cause.

2. I am employed by the law firm of Davis Wright Tremaine. My business and mailing addresses are both 2600 Century Square, 1501 Fourth Avenue, Seattle, Washington 98101-1688.

3. I am familiar with my employer's mail collection and processing practices; specifically, that said mail is collected and deposited with the United States Postal Service on the same day it is deposited in interoffice mail, and that postage thereon is fully prepaid.

4. Following said practice, on the 2nd day of September, 2005, I served true and correct copies of PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT BRIAN TRANSEAU **AND RESPONSES THERETO** via e-mail and first-class mail, postage pre-paid, to the following the attorneys:

> Paul A. Chin
> Law Offices of Paul A. Chin
> 233 Broadway, 5th Floor
> New York, NY 10279
> lawyerchin@aol.com
> *Counsel for Plaintiffs Ralph Vargas and Bland Ricky Roberts*
>
> Bruce P. Keller, Esq.
> Debevoise & Plimpton
> 919 Third Avenue
> New York, NY 10022
> bpkeller@debevoise.com
> *Counsel for Defendant Pfizer*
>
> Edward P. Kelly, Esq.
> Tiajoloff & Kelly
> 405 Lexington Avenue, 37th Floor
> New York, NY 10174
> epk@patentadvance.com
> *Counsel for Defendant Fluid Music*

Sara L. Edelman, Esq.
Davis & Gilbert, LLP
1740 Broadway
New York, NY 10019
sedelman@dglaw.com
*Counsel for Defendant Publicis*

_____
Christine Kruger

SEA 1683145v1 68291-1