UNITED STATES DISTRICT COURT

Alice C. Garber (*pro hac vice*)
Julie A. Ahrens (JA 0372)
Christopher W. Keegan (*pro hac vice*)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104-1501
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

C. Defendant East West Communications, Inc.

Eric M. Stahl
DAVIS WRIGHT & TREMAINE LLP
2600 Century Square
1501 Fourth Avenue
Seattle, Washington 98101-1688
Telephone: (206) 622-3150
Facsimile: (206) 628-7699

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this is an action arising under the Copyright Act, 17 U.S.C. § 101, *et seq.*

4. The parties assert the following claims and defenses in this action:

A. Plaintiffs

Plaintiffs are the authors and owners of the valid copyright in and to the sound recording and underlying music in a live drum composition entitled "*Bust Dat Groove (w/out ride)* (hereinafter *"BDG")* which was embodied in the sound recording containing live drum compositions entitled *"Funky Drummer Vol. II"* (hereinafter *"FD II"*). *BDG* and *FD II* was created in 1994 early 1995. *BDG* is one bar of creative drumming, which is the repeated numerous times. Plaintiffs' copyright in and to *BDG* is valid and *BDG* is sufficiently original to be afforded copyright protection.

Defendant BT is the creator of a drum composition entitled *"Aparthenonia"* which is embodied in a sample album solely containing drum composition entitled *"Breakz from the Nu Skool"* (hereinafter *""Breakz")*. Defendant EWC distributed, manufactured, sold, licensed and otherwise exploited "*Breakz.*" *Aparthenonia* is one bar of drumming music, which then repeated numerous times. *Aparthenonia* was created in August 2000 and distributed in or around 2001.

The musical elements embodied in *Aparthenonia* are almost identical to the musical elements embodied in *BDG*. The combination of musical instruments and musical sounds embodied in *Aparthenonia*, including hi-hat, snare drum, bass drum, multiple bounce strokes and "ghost notes," are almost identical to the musical instruments and musical sounds embodied in *BFG*. The rhythm, pitch and feel of *Aparthenonia* is almost identical to *BDG*. The two musical works are so alike in their constituent musical elements, in their selection and combination of musical instrument and musical sounds, and in their rhythm, pitch and feel, that *BDG* can be sampled and digitally edited or manipulated to make a copy of *Aparthenonia* that is 98% identical. The musical sounds in *Aparthenonia* and *BDG* are so similar that their frequency spectra are virtually indistinguishable.

Based on this evidence it is clear that Defendant BT sampled or copied, and then digitally edited or manipulated, *BDG* in order to create *Aparthenonia*. Defendant BT did so without Plaintiffs written authorization and consent. Defendant EWC distributed, manufactured, sold, licensed and otherwise exploited *Aparthenonia* without Plaintiffs written authorization and consent. As a result Defendants Transeau and EWC jointly and separately violated Plaintiffs' copyrights in and to *BDG* in violation of the Copyright Act, 17 U.S.C. §§106, 115 and 501. Plaintiffs are seeking statutory damages pursuant to 17 U.S.C. §504(c), or in the alternative profits pursuant to 17U.S.C. §504(b); and attorneys' fees pursuant to 17 U.S.C. §505. Defendants sampled the entire musical composition contained in *BDG* in order to create *Aparthenonia*. The fact that Defendants digitally edited or manipulated the musical elements (i.e. re-arranged certain musical notes and instruments) in *BDG* to create *Aparthenonia* does not support any defense of *de minimus* use.

Defendant Transeau's testimony as to how and when he created *Aparthenonia* is replete with material contradictions, unsupported by any fact witnesses and is wholly unbelievable when considering Plaintiffs' evidence. Moreover, Defendant Transeau is very familiar with various sound manipulation techniques which allows a person to "break down," to an almost infinite scale, the sounds, instruments, and elements of a pre-recorded musical work. In addition, Defendant Transeau has sampled vocal phrases from pre-recorded musical works in the past and,

therefore, is knowledgeable and has experience with sampling and the instruments needed in order to sample. Finally, Defendant Transeau's experts who have offered opinions in support Defendants' claim of independent creation of *Aparthenonia* and lack of originality of *Bust Dat Groove,* have been thoroughly and credibly criticized and rebuked by Plaintiffs' experts. As a result, Plaintiffs believe there are no facts which support Defendants' claim of independent creation.

Finally, Plaintiffs' settlement is a confidential agreement that has absolutely nothing to do with Defendants' infringement of *BDG*. The settlement is not admissible as evidence in the trial of these proceedings and even if the Court allowed the introduction of this evidence it only demonstrates Plaintiffs recovery of "profits" from the settling defendants (i.e. Pfizer, Inc., Publicis, Inc. and Fluid Music). Plaintiffs, at trial, will be seeking statutory damages for willful infringement from Defendants as a result of their duplication, and then manipulation, of *BDG* in order to create *Aparthenonia.* The evidence shows that it is impossible to "accidentally" sample a pre-recorded musical work; therefore, Defendants acts were willful and intentional; and Plaintiffs will be entitled to statutory damages recoverable on a finding of willful infringement. *See, 17 U.S.C. §504(c).*

### B. Defendants

The allegedly copyrighted material in this suit is a short sound recording entitled, *Bust dat Groove (w/o ride)* ("*BDG*"), a one-bar drum track that appeared on the Plaintiffs' album *Funky Drummer Vol. II* ("*FD II*"). Defendants deny that Plaintiffs have any valid copyright in *BDG* on the ground that the work is not original, and not subject to copyright protection.

Moreover, Defendants have not copied any aspect of *BDG*. Copying the sound recording *BDG* would have been a legal impossibility because Defendants did not ever possess or have any access to *BDG*. There is no evidence in this case that the *BDG* recording was ever widely distributed, a commercial success or readily available. Nor is there any evidence connecting Plaintiffs to Defendants through which Defendants could have gained access to Plaintiffs' work. Defendant Brian Transeau created the musical drum beat *Aparthenonia* on the opposite coast from the Plaintiffs, many years after the limited release of *FD II*, using his computer and an a

-4-

collection of sounds from a commercially available music-generation software program known as Propellerhead Reason. As such, even if the drum beats in *Aparthenonia* sound like those in *BDG*, Mr. Transeau's independent creation of *Aparthenonia* cannot be copyright infringement as a matter of law. *See* 17 U.S.C. § 114(b).

Defendants contend that even if Plaintiffs could prove copying, Defendants did not infringe Plaintiffs' copyrights because there is no substantial similarity between *Aparthenonia* and any protectable element of *BDG*. Defendants contend that even if Plaintiffs can show copying and substantial similarity between *Aparthenonia* and any protectable element of *BDG*, any use of material from the recording that contains *BDG* was *de minimis* and thus protected by fair use. *See* 28 U.S.C. § 107. Defendants further contend that their actions were innocent and non-willful.

There is no evidence in this case (other than Plaintiff's speculation) that Plaintiff has suffered any actual damages because of the alleged infringement. Likewise, there is no reliable evidence that any profits of the Defendants are attributable to the alleged infringement. Therefore, Plaintiff is not entitled to any amount of actual damages in this matter. *See* 17 U.S.C. Sec. 504(b). Moreover, Plaintiffs have already received a settlement in this action from three other Defendants (Pfizer, Inc., Publicis, Inc., and Fluid Music) that Plaintiffs claimed were jointly liable for the *same act* of alleged copyright infringement at issue here. This settlement resulted in Plaintiff receiving many times the amount of statutory damages for this case, and therefore Plaintiff already has been fully compensated for the alleged copyright infringement at issue here. *See* 17 U.S.C. Sec. 504(c).

5. This case is to be tried to a jury. The parties expect that the trial of this matter will require seven to ten trial days.

6. The parties have <u>not</u> consented to trial of this matter before a United States Magistrate Judge.

7. The parties have yet to agree and stipulate to the facts set forth in Exhibit A.

8. The parties expect to present testimony from the following witnesses in their respective cases in chief. Each party reserves the right to call witnesses from the other party's list should the party listing the witness choose not to call that witness to testify.

A. Plaintiffs

| Witness | Manner of Testimony |
|---|---|
| Ralph Vargas | Live |
| Bland-Ricky Roberts | Live |
| Matthew Ritter | Live |
| Ivan Rodriguez | Live |
| Dr. Steven Smith | Live |

B. Defendants

| Witness | Manner of Testimony |
|---|---|
| Brian Transeau | Live |
| Carols Vasquez | Live |
| Mike DiMittia | Live |
| Anthony Ricigliano | Live |
| Dr. Richard Boulanger | Live |
| Rhys Moody | Live |
| Doug Rogers | Live |

9. The parties do not anticipate offering any deposition testimony in their respective cases in chief unless any witness listed above becomes unavailable or otherwise unable to testify.

10. The exhibits Plaintiffs expect to offer in their case in chief are set forth in Exhibit B, along with Defendants' objections [Defendants have not forwarded to Plaintiffs their objections as of October 13, 2006]. The exhibits Defendants expect to offer in their case in their

case in chief are set forth in Exhibit C, along with Plaintiffs' objections [Plaintiffs submitted their objections to Defendants on October 13, 2006].

Dated: 10/13/06                                  s/ Paul A. Chin
                                                 Paul A. Chin
                                                 LAW OFFICES OF PAUL A. CHIN
                                                 233 Broadway, 5th Floor
                                                 New York , NY 10007
                                                 Telephone:    (212) 964-8030

                                                 Attorney for Plaintiffs
                                                 RALPH VARGAS and BLAND-RICKY
                                                 ROBERTS

Dated:_____    _____
                                Anthony T. Falzone (admission pending)
                                David S. Olson (DO 4906)
                                STANFORD LAW SCHOOL
                                559 Nathan Abbott Way
                                Stanford, CA 94305-8610
                                Telephone:    (650) 724-0517
                                Facsimile:    (650) 723-4426

                                Alice C. Garber (*pro hac vice*)
                                Julie A. Ahrens (JA 0372)
                                Christopher W. Keegan (*pro hac vice*)
                                KIRKLAND & ELLIS LLP
                                555 California Street
                                San Francisco, California  94104-1501
                                Telephone:    (415) 439-1400
                                Facsimile:    (415) 439-1500

                                Attorneys for Defendant
                                BRIAN TRANSEAU p/k/a "BT,"

Dated:_____    _____
                                Eric M. Stahl
                                DAVIS WRIGHT & TREMAINE LLP
                                2600 Century Square
                                1501 Fourth Avenue
                                Seattle, Washington 98101-1688
                                Telephone:    (206) 622-3150
                                Facsimile:    (206) 628-7699

                                Attorneys for Defendant
                                EAST WEST COMMUNICATIOJNS, INC.