UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RALPH VARGAS and BLAND - RICKY ROBERTS,<br><br>                    Plaintiffs,<br><br>- V. -<br><br>PFIZER INC., PUBLICIS, INC., FLUID MUSIC, EAST WEST COMMUNICATIONS, INC., and BRIAN TRANSEAU p/k/a "BT",<br><br>                    Defendants. | Case No.:    04 CV 9772 (WHP)<br><br>ECF Case |

**[PROPOSED]**
**JOINT PRETRIAL ORDER**

      Plaintiffs Ralph Vargas and Bland-Ricky Roberts ("Plaintiffs") and Defendants Brian Transeau ("BT") and East West Communications ("Defendants") submit the following Pretrial Order.

      1.    The full caption of this action appears above.

      2.    The names and addresses of trial counsel are as follows:

           A.    Plaintiffs

                Paul A. Chin
                LAW OFFICES OF PAUL A. CHIN
                233 Broadway, 5th Floor
                New York, NY 10007
                Telephone:    (212) 964-8030

           B.    Defendant Brian Transeau

                Anthony T. Falzone (admitted *pro hac vice*)
                David S. Olson (DO 4906)
                STANFORD LAW SCHOOL
                559 Nathan Abbott Way
                Stanford, CA 94305-8610
                Telephone:    (650) 724-0517
                Facsimile:    (650) 723-4426

Alice C. Garber (admitted *pro hac vice*)
Julie A. Ahrens (JA 0372)
Christopher W. Keegan (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104-1501
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

    C.    Defendant East West Communications, Inc.

Eric M. Stahl
DAVIS WRIGHT & TREMAINE LLP
2600 Century Square
1501 Fourth Avenue
Seattle, Washington 98101-1688
Telephone: (206) 622-3150
Facsimile: (206) 628-7699

3.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this is an action arising under the Copyright Act, 17 U.S.C. § 101, *et seq*.

4.    The parties assert the following claims and defenses in this action:

    A.    Plaintiffs

Plaintiffs assert that they own a valid copyright in the musical composition *Bust Dat Groove (w/o ride)* ("*Bust Dat Groove*") and the recording of the performance of that composition that is included on Plaintiffs' album *Funky Drummer II*. Plaintiffs further assert that Defendants have infringed plaintiffs' exclusive right to copy and make derivative works of the recording of *Bust Dat Groove* in violation of 17 U.S.C. §§ 106, 115 and 501 through the recording and distribution of Defendants' work *Aparthenonia*. Plaintiffs assert they are entitled to damages pursuant to 17 U.S.C. §§ 504(b)-(c) and 505. Plaintiffs assert that the settlement of their claims against Defendants Pfizer, Inc., Publicis, Inc. and Fluid Music is inadmissible at trial and that Defendants East West Communications and Brian Transeau are not entitled to reduce any judgment entered against them by the amount Plaintiffs received under its settlement with the other Defendants.

B.  Defendants

Defendants deny that Plaintiffs have a valid copyright in the composition of *Bust Dat Groove* on the ground it is not subject to copyright protection due to lack of originality. Defendants deny they have infringed any copyrights Plaintiffs have in the composition or recording of *Bust Dat Groove*. Specifically, Defendants contend that they did not own or have access to *Bust Dat Groove*, that they did not copy *Bust Dat Groove*, and that they created *Aparthenonia* independently. *See, e.g.*, 17 U.S.C. §114(b). Defendants further contend that even if Plaintiffs could prove copying, Defendants did not infringe Plaintiffs' copyrights because there is no substantial similarity between *Aparthenonia* and any protectable element of *Bust Dat Groove*. Defendants further contend that even if Plaintiffs can show copying and substantial similarity between *Aparthenonia* and any protectable element of *Bust Dat Groove*, any use of material from the recording that contains *Bust Dat Groove* was *de minimis* and thus protected by Fair Use. *See* 17 U.S.C. § 107. Defendants further contend that Plaintiffs have suffered no actual damages and that Plaintiffs have in any event been fully compensated for any damages they might be entitled to by virtue of the substantial settlement they have already received from other defendants in this matter. *See* 17 U.S.C. § 504.

C.  Claims Not To Be Tried

In their Amended Complaint, Plaintiffs allege that Defendants copied or otherwise misappropriated twenty other musical compositions contained on the albums *Funky Drummer I* and *Funky Drummer II*, in addition to *Bust Dat Groove*. *See* Second Amended Complaint ¶ 23. Defendants deny these allegations. Plaintiffs have agreed not to pursue these allegations, and have agreed not to assert, or introduce any evidence, that Defendants copied or otherwise misappropriated any composition or recording of any track other than *Bust Dat Groove*. Plaintiffs have further agreed that they will not assert, or introduce any evidence, that any work other than *Aparthenonia* infringes Plaintiffs' copyrights.

5.  This case is to be tried to a jury. The parties expect that the trial of this matter will require 7-10 trial days.

6. The parties have <u>not</u> consented to trial of this matter before a United States Magistrate Judge.

7. The parties have agreed and stipulated to the facts set forth in Exhibit A.

8. The parties expect to present testimony from the following witnesses in their respective cases in chief. Each party reserves the right to call witnesses from the other party's list should the party listing the witness choose not to call that witness to testify.

A. Plaintiffs

| **Witness** | **Manner of Testimony** |
|---|---|
| Ralph Vargas | Live |
| Bland-Ricky Roberts | Live |
| Matthew Ritter | Live |
| Ivan Rodriguez | Live |
| Dr. Steven Smith | Live |

B. Defendants

| **Witness** | **Manner of Testimony** |
|---|---|
| Brian Transeau | Live |
| Carols Vasquez | Live |
| Mike DiMittia | Live |
| Anthony Ricigliano | Live |
| Dr. Richard Boulanger | Live |
| Rhys Moody | Live |
| Doug Rogers | Live |

9. The parties do not anticipate offering any deposition testimony in their respective cases in chief unless any witness listed above becomes unavailable or otherwise unable to testify.

10. The exhibits Plaintiffs expect to offer in their case in chief are set forth in Exhibit B, along with Defendants' objections. The exhibits Defendants expect to offer in their case in their case in chief are set forth in Exhibit C, along with Plaintiffs' objections.

Dated: October 30, 2006.

  /s/ Paul A. Chin_____
Paul A. Chin
LAW OFFICES OF PAUL A. CHIN
233 Broadway, 5th Floor
New York , NY 10007
Telephone: (212) 964-8030

Attorney for Plaintiffs
RALPH VARGAS and BLAND-RICKY ROBERTS

Dated: October 30, 2006.

  /s/ Julie A. Ahrens_____
Alice C. Garber (admitted *pro hac vice*)
Julie A. Ahrens (JA 0372)
Christopher W. Keegan (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104-1501
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Anthony T. Falzone (admitted *pro hac vice*)
David S. Olson (DO 4906)
STANFORD LAW SCHOOL
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone: (650) 724-0517
Facsimile: (650) 723-4426

Attorneys for Defendant
BRIAN TRANSEAU p/k/a "BT,"

Dated: October 30, 2006.

  /s/ Eric M. Stahl_____
Eric M. Stahl
DAVIS WRIGHT & TREMAINE LLP
2600 Century Square
1501 Fourth Avenue
Seattle, Washington 98101-1688
Telephone: (206) 622-3150
Facsimile: (206) 628-7699

Attorneys for Defendant
EAST WEST COMMUNICATIOJNS, INC.