Vargas et al v. Pfizer Inc. et al — Doc. 106

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Dockets.Justia.com

# TABLE OF CONTENTS

| | |
|---|---:|
| TABLE OF AUTHORITIES…………………………………………… | 3 |
| PRELIMINARY STATEMENT………………………………………. | 5 |
| PRIOR PROCEEDINGS……………………………………………... | 5 |
| LEGAL ARGUMENT ……………………………………..… | 7 |
| POINT I    STANDARD OF REVIEW…………………………………… | 7 |
| POINT II    COURT LACKED THE LEGAL AUTHORITY TO GRANT THE RELIEF AFFORDED TO DEFENDANT TRANSEAU… | 8 |
| POINT III    FACTS OVERLOOKED BY THE COURT………………….. | 9 |
| POINT IV    COURT OVERLOOKED OR FAILED TO APPLY CONTROLLING LAW……………………………………….. | 11 |
| POINT V    COURT SHOULD VACATE ORDER OR REQUIRE DEFENDANT TRANSEAU TO PAY PLAINTIFFS' EXPERT WITNESS FEES…………………………………………… | 12 |
| CONCLUSION …………………………………………………………. | 12 |
| [FIRST PROPOSED] ORDER…………………………………………….. | 14 |
| [SECOND PROPOSED] ORDER……………………………………………. | 15 |

# **TABLE OF AUTHORITIES**

## **CASES**

Anderson v. Liberty Lobby, Inc.,
477 U.S. 242 (1986) ……………………………………………………….. 11

Anglo American Insurance Group, P.L.C. v. CalFed, Inc.,
940 F.Supp. 554 (S.D.N.Y. 1996) …………………………………………… 7

Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.,
602 F.2d 1062 (2d Cir. 1979)…………………………………………………  10

Does v. New York City Department of Social Services,
709 F.2d 782 (2d Cir. 1983)…………………………………………………... 7

Evans v. Connecticut,
24 Fed. Appx. 35 (2d Cir. 2001)……………………………………………… 12

Fleming v. City of New York,
01 Civ. 8885, 2006 WL 2322981 (S.D.N.Y. Aug. 9, 2006) ………………………. 12

Gaste v. Kaiserman,
863 F.2d 1061 (2d Cir. 1988) ………………………………………………… 11

Grochowski v. Phoenix Construction,
318 F.3d 80 (2d Cir. 2003)……………………………………………………  8

JPMorgan Chase Bank v. Cook,
322 F.Supp.2d 353 (S.D.N.Y. 2004)…………………………………………… 8

Levine v. McDonald's Corp.,
735 F.Supp. 92, 95 (S.D.N.Y. 1990)……………………………………………. 11

Morin v. Trupin,
823 F.Supp. 201 (S.D.N.Y. 1993)………………………………………………. 12

NAS Elecs., Inc. v. Transtech Elecs. Pte Ltd.,
262 F.Supp.2d 134 (S.D.N.Y. 2003)……………………………………………. 8

National Congress for Puerto Rican Rights v. City of New York,
191 F.R.D. 52 (S.D.N.Y. 1999)…………………………………………………. 7

Repp v. Weber,
132 F.3d 882 (2d Cir. 1997)……………………………………………………... 11

Trebor Sportswear Co. v. The Limited Stores, Inc.,
865 F.2d 506 (2d Cir. 1989) …………………………………………………….. 8

Tufenkian Import/Export Ventures, Inc. v. Einstein Moojy, Inc.,
338 F.3d 127 (2d Cir. 2003)…………………………………………………...        11

United States v. New York Telephone Co.,
434 U.S. 159 (1977)…………………………………………………………...        8

Virgin Atlantic Airways, Ltd. v. National Mediation Board,
956 F.2d 1245 (2d Cir. 1992)………………………………………………….        8

Yrityspankki Shop Ovi v. Delta Funding Corp.,
No. 98 Civ. 7888, 1999 WL 1018048 (S.D.N.Y. Nov. 9, 1999)………………....        9

**RULES**
Rule 16(b) of the Federal Rules of Civil Procedure
Rule 37(b)(2)(B) and (c)(1) of the Federal Rules of Civil Procedure
Rule 56(f) of the Federal Rules of Civil Procedure
Rule 59(e) of the Federal Rules of Civil Procedure

Plaintiffs Ralph Vargas and Bland-Ricky Roberts (collectively "Plaintiffs") hereby submit this memorandum of law in support of their motion for reconsideration.

**PRELIMINARY STATEMENT**

Almost two months after the close of discovery, Brian Transeau ("Defendant Transeau") submitted papers to this Court claiming that there was no dispute as to any material fact that precluded his entitlement to summary judgment on Plaintiffs' copyright infringement action against him ("Defendant's Motion"). During oral argument[1] on Defendant's Motion, it was clear that competing expert reports on the issues of striking similarity and independent creation precluded summary judgment in Defendant Transeau's favor. Instead of denying Defendant's Motion, this Court unilaterally "re-opened" discovery to allow Defendant Transeau to prepare and present, for the Court's consideration on summary judgment, additional expert evidence on the issues of striking similarity and independent creation. The unsolicited relief this Court afforded to Defendant Transeau was unjust and inequitable, unsupportable by the facts presented on Defendant's Motion, beyond anything authorized by the Federal Rules of Civil Procedure and contrary to Second Circuit case law.

For the foregoing reasons, this Court should grant Plaintiffs' motion for reconsideration and enter the relief in one of the two proposed orders attached hereto.

**PRIOR PROCEEDINGS**

In this copyright infringement action Plaintiffs allege that, *inter alia,* Defendant Transeau sampled or copied Plaintiffs' musical composition ("*Bust Dat Groove"*) and then digitally edited or manipulated *Bust Dat Groove* in order to create the infringing

---

[1] Plaintiffs are in the process of obtaining a copy of the oral argument transcript and, upon receipt, Plaintiffs will produce a copy of said transcript with the Court.

composition ("*Aparthenonia*"). Defendant Transeau argues that he independently created *Aparthenonia* and that *Bust Dat Groove* is not strikingly similar to *Aparthenonia*.

After four revisions to the scheduling order in this case, discovery finally concluded on August 15, 2006. Although the dispositive motion deadline in this case expired on May 12, 2006, this Court granted Defendant Transeau's request to file a second motion for summary judgment (i.e. Defendant's Motion), despite Plaintffs' objections. *Exhibit A, Letter Opposing Request to File Motion for Summary Judgment.*

### A. Defendant's Motion and Plaintiffs' opposition

Defendant Transeau claims that he is entitled to summary judgment[2] on Plaintiffs' copyright infringement action because: (i) there is no evidence that he had access to *Bust Dat Groove* prior to the creating *Aparthenonia*; (ii) *Aparthenonia* is not striking similar to *Bust Dat Groove;* and (iii) he independently created *Aparthenonia.* Plaintiffs argue that Defendant Transeau is not entitled to summary judgment because Plaintiffs' experts provided overwhelming evidence that: (i) *Bust Dat Groove* and *Aparthenonia* were almost identical; and (ii) Defendant Transeau could not have created *Aparthenonia* without using *Bust Dat Groove.* In short, the competing expert reports on the issues of striking similarity and independent creation precluded summary judgment.

### B. The Court's order during oral argument

On November 3, 2006, the parties appeared before this Court for oral argument on Defendant's Motion. During oral argument, the Court recognized that the competing expert reports in this case on the issue of striking similarity and independent creation precluded summary judgment. However, instead of denying Defendant's Motion, the Court reserved its decision and entered the following order:

---

[2] Defendant EWC joined in Defendant Transeau's Motion.

(i) Defendants can "re-create" *Aparthenonia* using the computer software program known as Propellerhead Reason ("Reason") and the musical editing program known as Logic;

(ii) Defendants' expert, Dr. Richard Boulanger ("Boulanger"), to prepare a fast fourier transform ("FFT") spectral analysis report of the "re-created" *Aparthenonia* and to provide his report to Plaintiffs within 30 days;

(iii) Plaintiffs to have their FFT spectral analysis expert, Dr. Steven Smith ("Smith"), analyze the "re-created" *Aparthenonia* and respond to Boulanger's report by January 5, 2006; and

(iv) The Court would review both reports before ruling on Defendant's Motion.

(collectively the "Court's Order").

Plaintiffs' counsel objected to the Court's Order and set forth several factual, equitable and legal reasons why discovery should not be "re-opened" to allow Defendant Transeau an opportunity to prepare and present, for the Court's consideration on summary judgment, additional expert evidence. The Court essentially "over-ruled" Plaintiffs' objection and reserved decision on Defendant's Motion pending its review of the additional expert evidence.

## LEGAL ARGUMENT

### POINT I
### STANDARD OF REVIEW

Under Local Rule 6.3 of the U.S. District Court for the Southern District of New York, a motion for reconsideration should be granted in instances where a court's previous decision results in manifest injustice, Does v. New York City Department of Social Services, 709 F.2d 782, 789 (2d Cir. 1983), or if the court overlooked certain facts or controlling legal precedent that, if considered or properly applied, would have mandated a different result. National Congress for Puerto Rican Rights v. City of New York, 191 F.R.D. 52, 53 (S.D.N.Y. 1999) *citing* Anglo American Insurance Group,

P.L.C. v. CalFed, Inc., 940 F.Supp. 554, 557 (S.D.N.Y. 1996) (other citations omitted). Motions to alter or amend a court's decision or judgment under Rule 59(e) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P.") are determined by the same standards as those governing motions under Rule 6.3, JPMorgan Chase Bank v. Cook, 322 F.Supp.2d 353, 354 (S.D.N.Y. 2004), and should be granted in order to correct clear error of law or to prevent manifest injustice. Virgin Atlantic Airways, Ltd. v. National Mediation Board, 956 f.2d 1245, 1255 (2d Cir. 1992).

## POINT II
## THE COURT LACKED THE LEGAL AUTHORITY TO GRANT THE RELIEF IT AFFORDED TO DEFENDANT TRANSEAU

Neither the federal rules nor the Court's inherent equitable powers provided the Court with the legal authority to afford the unsolicited relief it afforded to Defendant Transeau. First, the Court's Order provided to Defendant Transeau the kind of relief exclusively reserved for a party opposing summary judgment (i.e. Plaintiffs). *See, Fed.R.Civ.P. 56(f);* Trebor Sportswear Co. v. The Limited Stores, Inc., 865 F.2d 506, 511 (2d Cir. 1989). Second, there was neither a request for the relief provided by the Court nor was there any demonstration of good cause requiring the Court to grant such relief to Defendant Transeau. *See, Fed.R.Civ.P. 16(b);* Grochowski v. Phoenix Construction, 318 F.3d 80, 86 (2d Cir. 2003); NAS Elecs., Inc. v. Transtech Elecs. Pte Ltd., 262 F.Supp.2d 134, 150 (S.D.N.Y. 2003). Finally, the Court's inherent equitable powers allows it to dispense any remedy necessary to achieve justice. United States v. New York Tel. Co., 434 U.S. 159, 172 (1977). However, the Court's Order was wholly unjust and inequitable because it allowed Defendant Transeau, after submission of his motion for summary judgment, to prepare and present additional expert evidence on the issue of striking similarity and independent creation – for consideration by the Court on

Defendant's Motion. Moreover, the Court's Order requires Plaintiffs to incur additional expert witness fees and costs as a result of Defendant Transeau's failure to produce evidence sufficient to support his motion for summary judgment.

## POINT III
## FACTS OVERLOOKED BY THE COURT

In rendering its Order, the Court overlooked certain facts contained in Plaintiffs' Opposition which, if considered, would have mandated a different result at oral argument.

First, the Court overlooked the fact that Plaintiffs' sound engineer/sampling expert, Ivan Rodriguez ("Rodriguez"), previously conducted a "re-creation" of *Aparthenonia* and, based on his analysis, concluded that *Bust Dat Groove* and *Aparthenonia* were 98% the same music. *See, Plaintiffs' Memorandum of Law in Opposition to Summary Judgment ("Plaintiffs' Opposition"), pgs. 15-16, 20.* Despite the fact that Defendant Transeau received Rodriguez's "re-created" *Aparthenonia* and expert report as early as July 22, 2005[3], Defendant Transeau never prepared his own "re-creation" and analysis of *Aparthenonia* in order to refute Rodriguez's conclusions. *See,* Yrityspankki Shop Ovi v. Delta Funding Corp., No. 98 Civ. 7888 (BSJ), 1999 WL 1018048, at *4 (S.D.N.Y. Nov. 9, 1999) (denying request to re-open discovery since party was fully aware of the relevance of the information in question during and since it could have developed the information at that time).

Second, the Court's Order requires Defendant Transeau to, *inter alia,* "re-create" *Aparthenonia* by using Reason. However, the Court overlooked the fact that Defendant Transeau has never produced a copy of Reason during discovery, despite Plaintiffs

---

[3] See, Case Docket # 42 (Plaintiffs' Opposition to Defendants' [First] Motion for Summary Judgment) at pgs. 19-20 and exhibit 4 attached thereto.

repeated demands that he do so. *See, Plaintiffs' Rule 56.1 Statement, ¶9 ("…Defendant BT has not produced a copy of the software program…("Reason"), although requested to do so on numerous occasions by Plaintiffs.").* Based on these facts the Court should not allow Defendant Transeau to submit a version of *Aparthenonia* "re-created" by using evidence (i.e. Reason) he repeatedly refused to produce to Plaintiffs during discovery. *See, Fed.R.Civ.P. 37(b)(2)(B) and (c)(1);* <u>Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.</u>, 602 F.2d 1062, 1068 (2d Cir. 1979).

Third, the Court failed to consider Plaintiffs' overwhelming evidence of striking similarity. For example, Plaintiffs' drum expert, Matthew Ritter ("Ritter"), concluded, *inter alia,* that *Aparthenonia* and *Bust Dat Groove* are identical in ways that would make it impossible for two different drummers, playing on two different drums, to create sounds that are alike, "unless the [drums] were tuned and played by the same drummer. *See, Plaintiffs' Opposition, pgs. 7 and 15*. Plaintiffs' sound engineer/sampling expert (i.e. Rodriguez) concluded that *Aparthenonia* could not be made without sampling and digitally editing *Bust Dat Groove* and that the two musical works were 98% the same music. <u>Id</u>*. at pg. 16*. Plaintiffs' FFT expert, Dr. Steven Smith ("Smith") concluded that the FFT frequency spectra of *Aparthenonia* and *Bust Dat Groove* are virtually indistinguishable. <u>Id</u>*. at pg. 18.* These facts, if considered by the Court, would have mandated a denial of Defendant's Motion.

Fourth, the Court also failed to consider the unjust financial impact its Order will have on Plaintiffs. The Court's Order forces Plaintiffs to incur significant costs, expenses and fees because they now have to engage Smith to analyze and respond to Defendant Transeau's additional expert evidence on the issue of striking similarity and independent creation, which Defendant Transeau could have produced, but failed to produce, during

discovery. Plaintiffs should not suffer financially for Defendant Transeau's ill-prepared motion for summary judgment. *See, Exhibit A.*

## POINT IV
## COURT OVERLOOKED OR FAILED TO APPLY CONTROLLING LAW

The Court failed to consider and/or apply controlling legal precedent on the facts presented on Defendant's Motion and Plaintiffs' opposition thereto. First, the Court failed to assume the truth of Plaintiffs' expert evidence. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Tufenkian Import/Export Ventures, Inc. v. Einstein Moojy, Inc., 338 F.3d 127, 131 (2d Cir. 2003). Had the Court assumed the truth of Plaintiffs' expert evidence (*See, Plaintiffs' Opposition, pgs. 7, 15-16 and 18)* it would have concluded that the competing expert evidence on the issues of striking similarity and independent creation precluded summary judgment. Repp v. Weber, 132 F.3d 882, 891 (2d Cir. 1997); Gaste v. Kaiserman, 863 F.2d 1061, 1067-1068 (2d Cir. 1988). Second, the Court failed to recognize that its duty on a motion for summary judgment is not to try issues of fact but, rather, "only determine whether there are issues to be tried." Levine v. McDonald's Corp., 735 F.Supp. 92, 95 (S.D.N.Y. 1990) (other citations omitted). The Court's Order unambiguously suggests that there were issues to be tried; therefore, Defendant's Motion should have been denied. Finally, the Court failed to recognize that even if Defendant Transeau presented additional expert evidence on the issue of striking similarity and independent creation, the Court would still be required to deny Defendant's Motion and leave the question of infringement to a jury. Repp v. Weber, 132 F.3d at 891 (summary judgment inappropriate where competing evidence suggests both striking similarity and independent creation).

## POINT V
## COURT SHOULD VACATE ORDER OR REQUIRE DEFENDANT TO PAY PLAINTIFFS' EXPERT WITNESS FEES

The foregoing facts clearly establish that the Court: (1) lacked the legal authority to provide the unsolicited relief it afforded to Defendant Transeau; and (2) overlooked and/or disregarded facts and failed to consider and/or apply controlling law, which, if considered and/or applied, would have materially altered the Court's Order; that is, the Court would have denied Defendant's Motion. Therefore, the Court should vacate its original order and deny Defendant's Motion. *See,* Morin v. Trupin, 823 F.Supp. 201, 203 (S.D.N.Y. 1993).

In the alternative, the Court should, at the very least, require Defendant Transeau to pay the expert witness fees that must now be incurred by Plaintiffs in order to have Smith review and analyze Defendant Transeau's additional expert evidence, which Defendant Transeau failed to produce in support of his motion for summary judgment. *See, Fed.R.Civ.P. 37(c)(1);* Fleming v. City of New York, 01 Civ. 8885 (RCC) (RLE), 2006 WL 2322981, at *6 (S.D.N.Y. Aug. 9, 2006) (the court has broad discretion to order payment of reasonable expert fees caused by failures to produce in discovery) *citing* Evans v. Connecticut, 24 Fed. Appx. 35, 37 (2d Cir. 2001).

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court grant Plaintiffs' motion for reconsideration and enter the relief requested in proposed orders attached hereto.

Dated: New York, New York  
       November 9, 2006

Respectfully submitted,

s/ Paul Chin  
Paul A. Chin, Esq. (PC 9656)  
LAW OFFICES OF PAUL A. CHIN  
The Woolworth Building

<pre>
                                            233 Broadway, 5th Floor
                                            New York, NY 10279
                                            (212) 964-8030
                                            *Attorneys for Plaintiff*
</pre>

To:   Julie Ahrens, Esq.
      Kirkland & Ellis, LLP
      555 California Street, Suite 2700
      San Francisco, CA 94104
      *Counsel for Defendant Transeau*

      David S. Olson, Esq.
      Anthony Falzone, Esq.
      Center for Internet and Society
      Stanford Law School
      559 Nathan Abbott Way
      Stanford, CA 94305-8610
      *Counsel for Defendant Transeau*

      Eric M. Stahl, Esq.
      Davis Wright Tremaine, LLP
      1501 4th Avenue, Suite 2600
      Seattle, WA 98101-1688
      *Counsel for Defendant East West Communications*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| RALPH VARGAS and<br>BLAND-RICKY ROBERTS | : | CASE NO.: 04 CV 9772 (WHP) |
| Plaintiffs<br>vs. | :<br>: | (ECF CASE) |
| PFIZER INC., PUBLICIS, INC., FLUID MUSIC,<br>EAST WEST COMMUNICATIONS, INC. and<br>BRIAN TRANSEAU p/k/a "BT" | : | |
| Defendants | : | |

### [FIRST PROPOSED] ORDER

**Upon** consideration of Plaintiffs' motion for reconsideration and the memorandum of law in support thereof, and Defendants' opposition thereto, and all the pleadings and proceedings had herein, it is hereby

**ORDERED** that Plaintiffs' motion for reconsideration is **GRANTED**, and its is further,

**ORDERED** that this Court's prior decision on November 3, 2006, allowing Defendant Transeau to prepare and present certain additional expert evidence on the issue of striking similarity and independent creation, for the Court's consideration on summary judgment, is hereby **VACATED**, and it is further,

**ORDERED** that Defendants' motion for summary judgment is hereby **DENIED**, and that trial of this action will commence on the dates previously provided by this Court.

Dated: New York, New York
　　　　November _____, 2006

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　United States District Court Judge

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RALPH VARGAS and BLAND-RICKY ROBERTS | CASE NO.: 04 CV 9772 (WHP) |
| Plaintiffs | |
| vs. | (ECF CASE) |
| PFIZER INC., PUBLICIS, INC., FLUID MUSIC, EAST WEST COMMUNICATIONS, INC. and BRIAN TRANSEAU p/k/a "BT" | |
| Defendants | |

### [SECOND PROPOSED] ORDER

**Upon** consideration of Plaintiffs' motion for reconsideration and the memorandum of law in support thereof, and Defendants' opposition thereto, and all the pleadings and proceedings had herein, it is hereby

**ORDERED** that Plaintiffs' motion for reconsideration is **DENIED IN PART AND GRANTED IN PART**, and its is further,

**ORDERED** that the Court's Order of November 3, 2006, allowing Defendant Transeau to prepare and present certain additional expert evidence on the issue of striking similarity and independent creation, for the Court's consideration on summary judgment, is hereby continued, and it is further,

**ORDERED** that Defendant Transeau will immediately reimburse Plaintiffs for all costs, expenses and expert fees Plaintiffs incur as a result of having to engage their experts to analyze and respond to Defendant Transeau's additional expert evidence of striking similarity and independent creation.

Dated: New York, New York
      November _____, 2006                    _____
                                                             United States District Court Judge

# CERTIFICATE OF SERVICE

On the 9th day of November, 2006, a true and correct copy of the MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION, the exhibits and proposed orders attached thereto, was served pursuant to Rule 5.3 of the Local Rules of the U.S. District Court for the Southern District of New York, via e-mail and first-class mail, postage pre-paid, and placed in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, to the following the attorneys representing the Defendants:

>   Julie Ahrens, Esq.
>   Kirkland & Ellis, LLP
>   555 California Street, Suite 2700
>   San Francisco, CA 94104
>   *Counsel for Defendant Transeau*
>
>   David S. Olson, Esq.
>   Anthony Falzone, Esq.
>   Center for Internet and Society
>   Stanford Law School
>   559 Nathan Abbott Way
>   Stanford, CA 94305-8610
>   *Counsel for Defendant Transeau*
>
>   Eric M. Stahl, Esq.
>   Davis Wright Tremaine, LLP
>   1501 4th Avenue, Suite 2600
>   Seattle, WA 98101-1688
>   *Counsel for Defendant East West Communications*

| | |
|---|---|
|    11/9/06    |    s/ Paul A. Chin    |
| Date | Paul A. Chin, Esq. (PC 9656) |
| | LAW OFFICES OF PAUL A. CHIN |
| | The Woolworth Building |
| | 233 Broadway, 5th Floor |
| | New York, NY 10279 |
| | (212) 964-8030 |
| | *Attorneys for Plaintiffs* |