# LAW OFFICES OF PAUL A. CHIN
MEMBER NEW YORK & MARYLAND BARS

August 14, 2006

**VIA HAND DELIVERY**
The Honorable William H. Pauley III
U.S. District Court Judge
U.S. District Court for the Southern District of New York
500 Pearl Street, Chambers 2210
New York, NY 10007

> *Re:* *Plaintiffs' Opposition to Extension of the Dispositive Motion Deadline*
> *Vargas, et. al. v. Pfizer, Inc., et. al.*
> *U.S. District Court for the Southern District of New York*
> *Case No.: 04 CV 9772 (WHP)*

Dear Judge Pauley:

This firm represents Plaintiffs in the above referenced matter. Plaintiffs submit this letter in opposition to Defendant Transeau and Defendant East West Communications ("Defendant EWC") (collectively "Defendants") joint request to extend the dispositive motion deadline set forth in the first and second revised Scheduling Order (the "Scheduling Order").

Defendants' joint request to extend the dispositive motion deadline should be denied because: (i) the dispositive motion deadline has already expired; therefore, Defendants' request for an "extension" is untimely; (ii) Defendant Transeau has not demonstrated any diligence in either attempting to timely file a dispositive motion or securing a timely extension of the dispositive motion deadline; (iii) Defendant EWC waived its right to file a dispositive motion in this action; and (iv) Defendants' proposed motion for summary judgment on the issue of access is wholly unsupported by the evidence in this case.

First, pursuant to the Scheduling Order, the dispositive motion deadline expired on May 12, 2006. Therefore, Defendants' current request for an "extension" of the dispositive motion deadline is untimely. What Defendants are really seeking from this Court is a "new" deadline in which to file their dispositive motion. However, Defendants have not provided this Court with any reason why it should grant this extraordinary relief. The procedural history of this action and the demonstrable facts of this case do not support an extension of any of the deadlines in the Scheduling Order much less the creation of a "new" deadline for dispositive motions.

Second, Defendant Transeau has been a party to this action since its commencement and was represented by the law firm of Davis Wright Tremaine, LLP ("DWT") until March 21, 2006, when Defendant Transeau discharged DWT. From March 21, 2006 to May 23,

2006, Defendant Transeau continued in this action as a *pro se* defendant and was responsible for, *inter alia*, meeting the deadlines contained in the Scheduling Order and following the Federal Rules of Civil Procedure. However, Defendant Transeau failed to appear for at least three separate depositions noticed by Plaintiffs, did not produce any of the documents and things demanded by Plaintiffs in their discovery requests and simply failed to participate in this action. In addition, Defendant Transeau did not: (i) file a dispositive motion by May 12, 2006; or (ii) request an extension of the dispositive motion deadline prior to May 12, 2006. More importantly, Defendant Transeau waited more than two months to retain new counsel to represent him in this matter. These facts clearly demonstrate that Defendant Transeau's has not diligently sought to meet the deadlines contained in the Scheduling Order. As a result, no "good cause" exists to revise the Scheduling Order in this case for a third time.

Third, Defendant EWC has been, and continues to be, represented by DWT in this matter and was so represented prior to, and following, the dispositive motion deadline in this case. At no time prior to May 12, 2006 did Defendant EWC request an extension of the dispositive motion deadline or file a dispositive motion. Since Defendant EWC did not file a dispositive motion in this action, it waived its right to do so at a later date. In any event, the fact that Defendant EWC is seeking an "extension" of the dispositive motion deadline more than three months after its expiration requires a denial of its request.

Fourth, Defendants' claim that an "extension" of the dispositive motion deadline is necessary because "it is obvious that this case may be disposed of upon summary judgment." Defendants believe that summary judgment is appropriate in this action because "Plaintiffs have absolutely no evidence that Defendant Transeau had access..." to Plaintiffs' musical composition (i.e. *"Bust Dat Groove without Ride"*) (hereinafter referred to as "BTG"). This is absurd. In fact, the evidence produced by Plaintiffs clearly demonstrates that *Aparthenonia* is strikingly similar, if not identical, to BTG and that Defendant Transeau "sampled" a copy of BTG to create the infringing work (i.e. *"Aparthenonia"*). These conclusions are supported by Plaintiffs three experts.

Plaintiffs' drum expert, Matthew Ritter, stated in his declaration (and in his deposition on August 10, 2006) that *Aparthenonia* **is** BTG with slight digital manipulations. Mr. Ritter also concluded that *Aparthenonia* and BTG are identical and could not have been created by two different drummers. Plaintiffs' sound engineer expert, Ivan Rodriguez, stated in his declaration (and in his deposition on August 9, 2006) that *Aparthenonia* is 98% identical to BTG. Mr. Rodriguez also stated that Defendant Transeau "sampled" a copy of BTG, re-arranged some of the notes and then added slight acoustic effects in order to create *Aparthenonia*. Plaintiffs' digital signal processing expert, Dr. Steven Smith, concluded in his report that the evidence is *"extremely strong"* that *Aparthenonia* is a digitally edited and/or manipulated copy of BTG. This combined evidence demonstrates that *Aparthenonia* and BTG are strikingly similar, if not identical.

"In this Circuit, the test for proof of access in cases of striking similarity is less rigorous." Gaste v. Kaiserman, 863 F.2d 1061, 1067 (2d Cir. 1988). In the Second Circuit, access is inferred when the infringing work is strikingly similar or identical to the original work.

Repp v. Webber, 132 F.3d 882, 889 (2d Cir. 1997) ("We have held that where there are striking similarities probative of copying, proof of access may be inferred: "If the two works are so strikingly similar as to preclude the possibility of independent creation, copying may be proved without a showing of access."); Lipton v. The Nature Company, 71 F.3d 464, 471 (2d Cir. 1995). As Plaintiffs' experts have concluded, the similarities between *Aparthenonia* and BTG are so great as to preclude the possibility of independent creation. *See*, Arstein v. Porter, 154 F.2d 464, 468 (2d Cir .1948) ("If evidence of access is absent, the similarities must be so striking as to preclude the possibility that plaintiff and defendant independently arrived at the same result.").

In contrast, Defendant Transeau has not produced a shred of evidence demonstrating that he did not have access to BTG or that he independently created *Aparthenonia*. Defendant Transeau's sole "evidence" of independent creation is his own self-serving declaration. Such "evidence" is wholly insufficient to either support Defendants' proposed motion for summary judgment on the issue of access or to defeat Plaintiffs' opposition thereto.

Finally, "extending" or creating a "new" dispositive motion deadline would only serve to prolong the adjudication of the merits of this case, which is now approaching its second year anniversary. In addition, granting Defendants' request for an "extension" or "new" dispositive motion deadline would clearly alter the joint pre-trial order deadline set forth in the Scheduling Order and further delay the trial of this action. No judicial economy is served by allowing Defendants' to file a belated motion for summary judgment which is without legal or factual support. In fact, granting Defendants' untimely request to "extend" the dispositive motion deadline would only serve to deteriorate a party's reliance on the deadlines contained in "so ordered" scheduling orders. It is hard to imagine how Plaintiffs could not be prejudiced by a granting of Defendants' 11th hour request for a "new" dispositive motion deadline.

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' joint request for an "extension" of the dispositive motion deadline.

Respectfully submitted,

Paul A. Chin

cc:    Julie Ahrens, Esq.    *(via e-mail)*
*Co-counsel for Defendant Transeau*

David S. Olson, Esq.  *(via e-mail)*
*Co-counsel for Defendant Transeau*

Eric M. Stahl, Esq.  *(via e-mail)*
*Counsel for Defendant East West Communications, Inc.*