UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

FW  Tww ( ) 192.w ( ·Tw Tf K)µ68D 058 0.6 TD 0  TÓN TD /ýõÚÙÚ2Ñ»6 0    Tc#$rg  C $ã!õ   (*f )£¡

# TABLE OF CONTENTS

| | | |
|---|---|---:|
| INTRODUCTION…………………………………………………… | | 3 |
| REPLY PRELIMINARY STATEMENT…………………………………… | | 3 |
| LEGAL ARGUMENT ……………………………………………….… | | 4 |
| REPLY POINT I | PLAINTIFFS' MOTION FOR RECONSIDERATION IS PROPERLY BEFORE THE COURT…………….. | 4 |
| REPLY POINT II | DEFENDANT'S "OPPOSITION" CONSTITUTES A CONCESSION OF THE ARGUMENTS IN SUPPORT OF PLAINTIFFS' MOTION…………………………. | 5 |
| CONCLUSION …………………………………………………………. | | 6 |

**INTRODUCTION**

Plaintiffs Ralph Vargas and Bland-Ricky Roberts (collectively "Plaintiffs") hereby submit this reply memorandum of law in support of their motion for reconsideration of the Court's order, of November 3, 2006, allowing Brian Transeau ("Defendant Transeau") to prepare and present, for the Court's consideration on Defendant Transeau's motion for summary judgment ("Defendant's motion"), additional expert evidence on striking similarity and independent creation (the "Court's Order"). *See, Exhibit A, Transcript of Oral Argument[1], pgs. 6-9; 19-20.*

**REPLY PRELIMINARY STATEMENT**

On November 14, 2006, Defendant Transeau submitted two letters to this Court "apparently" opposing Plaintiffs' motion for reconsideration. *See, Defendant's Letters Dated November 10 and 14, 2006 ("Defendant's Letters").* However, Defendant's Letters do not dispute any of the legal or factual arguments contained in Plaintiffs' motion for reconsideration; specifically, Defendant Transeau does not dispute that the Court: (i) lacked the legal authority to grant the relief if afforded to Defendant Transeau on his motion for summary judgment; and (ii) overlooked and/or disregarded facts and failed to consider and/or apply controlling law which, if considered and/or applied, would have materially altered the Court's Order. *See, Memorandum of Law in Support of Plaintiffs' Motion for Reconsideration ("Plaintiffs' Memorandum"), pgs. 8-11.*

---

[1] Although Plaintiffs provided the Court, and the parties, with a copy of the November 3, 2006 oral argument transcript, (*See, Declaration of Paul A. Chin, dated November 14, 2006)*; another copy of the oral argument transcript is attached hereto as Exhibit A.

As a result, the Court must assume that Defendant Transeau concedes the legal and factual arguments made by Plaintiffs in support of their motion for reconsideration and, therefore, grant the relief requested therein.

**LEGAL ARGUMENT**

**REPLY POINT I**
**PLAINTIFFS' MOTION FOR RECONSIDERATION IS PROPERLY BEFORE THE COURT**

Defendant Transeau summarily concludes that this Court cannot consider Plaintiffs' motion for reconsideration because "[T]he Federal Rule of Civil Procedure and Local Rule under which plaintiffs file their Motion for Reconsideration apply to requests for reconsideration of only entered judgments." *See, Defendant's Letters.* Defendant Transeau's flawed conclusion clearly evinces his failure to read Local Rule 6.3. Local Rule 6.3 allows this Court to reconsider any of its previous *orders* or *judgments,* provided that a request for such reconsideration is made within the time period set forth in Rule 6.3 (i.e. 10 days). In addition, Defendant Transeau also failed to recognize that the federal courts of the Eastern and Southern Districts of New York consider all court rulings the equivalent of an "order," whether designated as such in writing or by oral decision. *See, Local Rule 6.2 of the U.S. District Court for the Eastern and Southern District of New York.*

Therefore, the Court's oral decision, rendered from the bench on November 3, 2006, allowing Defendant Transeau the opportunity to prepare and present, for the Court's consideration on Defendant's Motion, additional expert evidence on striking similarity and independent creation constitutes an order of this Court, pursuant to Local

Rule 6.2, which the Court may reconsider pursuant to a timely motion brought under to Local Rule 6.3.

**REPLY POINT II**
**DEFENDANT'S "OPPOSITION" CONSTITUTES A CONCESSION OF THE ARGUMENTS IN SUPPORT OF PLAINTIFFS' MOTION**

While Plaintiffs' Memorandum explains in detail the legal and factual reasons why this Court should vacate its Order, the crux of Plaintiffs' argument in support of their motion for reconsideration is two-fold: First, the Court lacked the legal authority to provide the relief it afforded to Defendant Transeau on his motion for summary judgment; and Second, the Court's Order results in manifest injustice to Plaintiffs. *Plaintiffs' Memorandum, pgs. 8-11.* Surprisingly, Defendant's Letters do not address or contest either of these arguments. Instead, Defendant's Letters contend that the "Court has heard these arguments before and presumably rejected them." *See, Defendant's Letters.*

However, Defendant's contention is fatally flawed because the relief afforded to Defendant Transeau was rendered by the Court *sua sponte. Exhibit A, at pg. 9.* Therefore, neither the Court nor the parties had an opportunity, at oral argument, to consider whether or not: (a) the Court lacked the legal authority to provide the relief it afforded to Defendant Transeau; or (b) the Court's Order resulted in manifest injustice to Plaintiffs. As a result, Plaintiffs, pursuant to Local Rule 6.3, demonstrated to the Court that its prior Order, *inter alia,* constituted a clear error of law. *See, Plaintiffs' Memorandum, pgs. 8-9.* Defendant's Letters make no attempt to rebut this legal conclusion.

Local Rule 6.3 would be rendered moot if all a party opposing such a motion had to do was simply state, in conclusory fashion, that the court previously considered the legal efficacy of its ability to grant the relief it afforded to a party and "presumably" determined that no error of law had been committed. The trite opposition contained in Defendant's Letters can only be considered a concession, on the part of Defendant Transeau, of the arguments supporting Plaintiffs' motion for reconsideration.

### **CONCLUSION**

For the reasons stated above, and those contained in Plaintiffs' Memorandum, it is respectfully requested that the Court grant Plaintiffs' motion for reconsideration, vacate its prior Order of November 3, 2006, and allow this action to proceed to trial without any further discovery.

Dated: New York, New York
      November 20, 2006

Respectfully submitted,

    s/ Paul A. Chin
Paul A. Chin, Esq. (PC 9656)
LAW OFFICES OF PAUL A. CHIN
The Woolworth Building
233 Broadway, 5th Floor
New York, NY 10279
(212) 964-8030
*Attorneys for Plaintiff*

To:    Julie Ahrens, Esq.
       Kirkland & Ellis, LLP
       555 California Street, Suite 2700
       San Francisco, CA 94104
       *Counsel for Defendant Transeau*

       David S. Olson, Esq.
       Anthony Falzone, Esq.
       Center for Internet and Society
       Stanford Law School
       559 Nathan Abbott Way
       Stanford, CA 94305-8610
       *Counsel for Defendant Transeau*

Eric M. Stahl, Esq.
Davis Wright Tremaine, LLP
1501 4th Avenue, Suite 2600
Seattle, WA 98101-1688
*Counsel for Defendant East West Communications*

# CERTIFICATE OF SERVICE

On the 20th day of November, 2006, a true and correct copy of the REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION, and the exhibit attached thereto, was served pursuant to Rule 5.3 of the Local Rules of the U.S. District Court for the Southern District of New York, and via e-mail to the following the attorneys representing the Defendants:

>Julie Ahrens, Esq.
>Kirkland & Ellis, LLP
>555 California Street, Suite 2700
>San Francisco, CA 94104
>jahrens@kirkland.com
>*Counsel for Defendant Transeau*
>
>David S. Olson, Esq.
>Anthony Falzone, Esq.
>Center for Internet and Society
>Stanford Law School
>559 Nathan Abbott Way
>Stanford, CA 94305-8610
>dolson@law.stanford.edu
>anthony.falzone@standford.edu
>*Counsel for Defendant Transeau*
>
>Eric M. Stahl, Esq.
>Davis Wright Tremaine, LLP
>1501 4th Avenue, Suite 2600
>Seattle, WA 98101-1688
>ericstahl@dwt.com
>*Counsel for Defendant East West Communications*

| 11/20/06 | s/ Paul A. Chin |
|---|---|
| Date | Paul A. Chin, Esq. (PC 9656) |
| | LAW OFFICES OF PAUL A. CHIN |
| | The Woolworth Building |
| | 233 Broadway, 5th Floor |
| | New York, NY 10279 |
| | (212) 964-8030 |
| | *Attorneys for Plaintiffs* |