**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

RALPH VARGAS and BLAND - RICKY ROBERTS,

                 Plaintiffs,

    v.

PFIZER INC., PUBLICIS, INC., FLUID MUSIC, EAST WEST COMMUNICATIONS, INC., and BRIAN TRANSEAU p/k/a "BT,",

                 Defendants.

**04 CV 9772 (WHP)
ECF Case**

**DEFENDANT BRIAN TRANSEAU'S MEMORANDUM IN OPPOSITION TO**

**PLAINTIFFS' MOTION FOR RECONSIDERATION**

**I.     INTRODUCTION**

In the face of defendants' motion for summary judgment, plaintiffs conceded they have no evidence that defendant Brian Transeau ("BT") had access to plaintiffs' work, *Bust Dat Groove* ("*BDG*"), when he created the accused work, *Aparthenonia*. Thus, in order to prove the essential element of copying, plaintiffs must show there is striking similarity between the two works sufficient to preclude the possibility of independent creation.

At the hearing on defendants' motion for summary judgment, the Court identified independent creation as an important issue. Indeed, the case law demonstrates that evidence of independent creation may entitle a defendant to summary judgment regardless of whether a plaintiff has come forward with evidence of striking similarity. The Court observed that a recreation of *Aparthenonia* by BT from scratch using only his computer equipment would be the "best evidence" of independent creation available. Accordingly, the Court reserved ruling on defendants' motion and directed BT to re-create *Aparthenonia* on his computer and to submit the recreation to the Court along with Fast Fourier Transform ("FFT") analysis of it.

Plaintiffs do not want the Court to consider this evidence for a very simple reason: it is likely to prove fatal to their case. Accordingly, plaintiffs ask the Court to "reconsider" its decision, inventing a litany of reasons why the Court cannot or should not receive the proof it requests. None have any merit.

Plaintiffs complain for instance that the Court has no authority to receive additional evidence from a party moving for summary judgment, yet Rule 56(e) provides exactly that authority. Plaintiffs go on to suggest that the Court misapplied controlling case law, yet the very case law to which plaintiffs point demonstrates the evidence of independent creation the Court seeks here is highly relevant and potentially dispositive. Finally, plaintiffs suggest defendants should bear the costs of further expert work because it falls after the discovery cutoff, yet it was plaintiffs who refused to permit BT to perform this same exercise and re-create *Aparthenonia* at his deposition months ago. Moreover, if BT had recreated *Aparthehnonia* earlier and provided it to plaintiffs along with defendants' expert analysis of it, plaintiffs would have had to incur the same costs they complain about now. Accordingly, plaintiffs can show no

prejudice stemming from the Court's request for a recreation of *Aparthenonia*.

There is no proper ground for reconsideration here, or any good reason the Court should not receive the important and potentially dispositive evidence it has requested. Plaintiffs' motion for reconsideration should be denied.

## II.     BACKGROUND

Plaintiffs' claim for copyright infringement is based on the premise that Defendant Brian Transeau ("BT") "sampled" -- physically copied -- *BDG* in order to create *Aparthenonia*. In order to prevail on that claim, Plaintiffs must prove copying by showing that (i) BT had access to *BDG* and there exists probative similarity between it and *Aparthenonia*, or (ii) there is striking similarity between the two works that would preclude the possibility of independent creation.

Defendants moved for summary judgment on the ground Plaintiffs did not have sufficient evidence of copying or striking similarity. *See* Declaration of Anthony T. Falzone In Opposition To Plaintiffs' Motion For Reconsideration ("Falzone Dec."), Ex A at 1, 6-22 (Memorandum In Support Of Brian Transeau's Motion For Summary Judgment). In response, Plaintiffs conceded they have no proof that defendant BT had any access whatsoever to *BDG*, and relied entirely on a theory of striking similarity to supply the necessary element of copying. *See* Falzone Dec., Ex. B at 13-22 (Plaintiffs' Memorandum Of Law In Opposition To Defendant's Motion for Summary Judgment). None of plaintiffs' experts, however, were experienced with the computer software BT contends he used to create *Aparthenonia*. *See* Falzone Dec., Ex. C at 6-9 (Defendants' Reply Memorandum In Support Of Brian Transeau's Motion For Summary Judgment). Accordingly, none were in a position to offer any testimony that could preclude the possibility of independent creation using the software they were by admission unfamiliar with. *See id.* at 8-9

At the November 3 hearing on defendants' motion for summary judgment, the Court suggested that a recreation of *Aparthenonia* would be the "best evidence" of independent creation. *See* Falzone Dec. Ex. D at 7-8 (transcript of November 3 hearing on defendants' motion for summary judgment). Counsel for BT explained that while in striking similarity cases

it is plaintiffs' burden to show that they have sufficient evidence to preclude any reasonable possibility of independent creation, BT could provide that recreation quite easily as further proof that independent creation is indeed possible. *See id.* at 7-9. Indeed, counsel explained that BT had offered to recreate *Aparthenonia* from scratch at his deposition, and plaintiffs' counsel had refused that offer. *See id.* at 6, 9. Accordingly, the Court explained that it was inclined to reserve ruling on defendants' motion for summary judgment until it received the recreation, and FFT analysis of it. *See id.* at 9, 19-20, 25.

Plaintiffs' counsel spoke at length against the Court's suggestion. Counsel complained that the Court's request would "set up another long line of discovery." *See id.* at 10. Counsel argued at length that summary judgment should be denied under *Repp v. Webber* because there was a dispute among experts as to the similarity of the works at issue. *See id.* at 13-18. Failing that, counsel went on to complain that he never received a copy of the software Propellerhead Reason, and that plaintiffs should not have to bear the additional expense that might arise from the further submission the Court requested. *See id.* at 20-21.

The Court rejected these arguments, reserved decision on defendants' motion for summary judgment, and instructed defendants to submit the recreation of *Aparthenonia* and FFT analysis of it by December 1. The Court directed plaintiffs to submit any response by January 5. *See id.* at 21-22.

## III. ARGUMENT

### A. There Is No Order That Is Properly The Subject Of Reconsideration

Plaintiffs purport to move for reconsideration under Local Rule 6.3. *See* Plaintiffs' Memorandum Of Law In Support Of Plaintiffs' Motion For Reconsideration ("MFR") at 7-8. Yet that rule provides only for "reconsideration or reargument ***of a court order determining a motion***" or "***a court order resulting in a judgment***." *See* L.R. 6.3 (emphasis in original). No such order has been entered here. On the contrary, the Court expressly reserved ruling on defendants' motion for summary judgment.

Plaintiffs offer no authority that would suggest Rule 6.3 permits a motion for reconsideration of a decision to *reserve* a ruling pending submission of further evidence. On the contrary, the cases plaintiffs cite in respect to the standard for reconsideration all involve the reconsideration of orders that determined a motion, as Rule 6.3 expressly requires. *See Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245 (2d Cir. 1992) (reconsideration of order denying motion to dismiss an action for lack of jurisdiction); *Does v. New York City Dep't of Soc. Serv.*, 709 F.2d 782 (2d Cir. 1983) (reconsideration of final appellate court decision); *JPMorgan Chase Bank v. Cook*, 322 F.Supp.2d 353 (S.D.N.Y. 2004) (reconsideration of order granting summary judgment); *Nat'l Cong. for Puerto Rican Rights v. City of New York*, 191 F.R.D. 52 (S.D.N.Y. 1999) (reconsideration of final order dismissing a claim); *Anglo Am. Ins. Group, P.L.C. v. CalFed, Inc.*, 940 F.Supp. 544 (S.D.N.Y. 1996) (reconsideration of order denying motion to transfer venue).

Here, there is no "order determining a motion." L.R. 6.3. The Court simply asked for more evidence in order to determine the summary judgment motion now pending. That interlocutory request is not the proper subject of a motion for reconsideration. *See id.* Plaintiffs' motion for reconsideration should be denied for this reason alone.

**B.     Plaintiffs Have Presented No Grounds That Would Support Reconsideration Of The Court's Decision To Receive Further Evidence**

Even if plaintiffs' motion for reconsideration had a proper procedural basis, they do not meet the standard for reconsideration here. Plaintiffs suggest the Court lacked the authority to do what it did, or that it ignored controlling authority in doing so. Neither assertion is true. The Court has clear and express authority to do what it did, and the case law demonstrates the evidence it requested is highly relevant to the summary judgment motion now pending. Ultimately, plaintiffs simply recycle arguments already raised. They offer no new evidence authorities, or any other reason that would support reconsideration of the Court's decision to accept the critical evidence it seeks.

### 1. The Court Has Clear Authority To Receive And Consider Further Evidence

Plaintiffs assert that the Court lacked the authority to receive the further evidence it requested. *See* MFR at 8-9. That is simply false.

Federal Rule of Civil Procedure 56(e) states that in considering a motion for summary judgment, "[t]he [C]ourt may permit affidavits to be ***supplemented*** or opposed by depositions, answers to interrogatories, or ***further affidavits***." Fed. R. Civ. Proc. 56(e) (emphasis added). The clear goal of this rule is efficiency. To the extent there is evidence available that might dispose of a claim and avoid the need for trial, the Court is empowered to receive it, whether or not it was submitted with the original motion for summary judgment. *See*, *e.g.*, *Dalton v. Subaru-Isuzu Automotive Group, Inc.*, 141 F.3d 667 (7th Cir. 1998) (district court had "broad discretion" to accept supplemental affidavit submitted more than a month after hearing on summary judgment motion).

Plaintiffs suggest that Federal Rule of Civil Procedure 56(f) somehow restricts the Court's authority to receive additional evidence from a moving party under Rule 56(e). *See MFR* at 8. But Rule 56(f) neither says nor suggests any such thing, and plaintiffs present no authority suggesting it has been interpreted or applied to do so.

There is no rule that prohibits the Court from receiving additional evidence from a party moving for summary judgment. Plaintiffs' attempt to invent one reveals exactly how important the evidence at issue here is.

### 2. The Court's Request For Further Evidence Was A Proper Exercise Of Its Discretion Because The Evidence Requested Is Important And Potentially Dispositive

Having abandoned the issue of BT's access to *BDG*, plaintiffs "can avoid dismissal only by proving that the works are so strikingly similar as to preclude the possibility of independent creation." *Tisi v.* Patrick, 97 F.Supp.2d 539, 548 (S.D.N.Y. 2000); *see Gaste v. Kaiserman*, 863 F.2d 1061, 1068 (2d Cir. 1988). Where the evidence as a whole "does not preclude any reasonable possibility of independent creation" a finding of copying based on

striking similarity cannot be sustained.  *Gaste*, 863 F.2d at 1068; *see Arnstein v. Porter*, 154 F.2d 464, 468 (2d Cir. 1946).

The recreation the Court requested is directly and highly relevant to the independent creation issue.  If BT can demonstrate that he can create *Aparthenonia* independently, without copying *BDG*, then plaintiffs have by definition failed to preclude the possibility of independent creation.  *See Dimmie v. Carey*, 88 F.Supp.2d 142, 150-51 (S.D.N.Y. 2000) (granting summary judgment for defendant where defendant provided evidence documenting the "creative steps" he took to create song at issue); *see also Tisi*, 97 F.Supp.2d at 548 (granting summary judgment for defendants where defendant provided unrebutted evidence that the song at issue was created independently); *Cox v. Abrams*, 1997 WL 251532, at *7-8 (S.D.N.Y. 1997) (granting summary judgment where defendants provided unrebutted evidence of actions that suggested independent creation of screenplay at issue).

The recreation evidence the Court requested goes directly to the issue of whether plaintiffs can preclude the possibility of independent creation and thus has the potential to dispose of plaintiffs' entire claim in and of itself, regardless of the other grounds that make summary judgment appropriate here.  This is evidence the Court should have.  The Court was therefore correct to request it.

### 3. Plaintiffs Have Nothing New To Say

A motion for reconsideration under Local Rule 6.3 is not a vehicle for "reargu[ing]…issues already considered when a party does not like the way the original motion was resolved." *In re Houbigant, Inc.*, 914 F.Supp. 997, 1001 (S.D.N.Y. 1996).  Nor is it proper for a motion for reconsideration to raise "repetitive arguments on issues that have been fully considered by the court." *Nat'l Cong. for Puerto Rican Rights*, 191 F.R.D. at 53 (quoting *Wishner v. Continental Airlines*, 1997 WL 615401, at *1 (S.D.N.Y. 1997)).

Here, plaintiffs do exactly that.  Thus, plaintiffs complain that the Court "overlooked" testimony from their experts Ivan Rodriguez and Matthew Ritter highlighting the supposed similarity between *BDG* and *Aparthenonia*. *See* MFR at 9-10.  Yet these same arguments were raised in plaintiffs' opposition papers, and this very testimony was discussed at

length during the hearing on this motion. *See* Falzone Dec., Ex. B at 18-22; pp. 2-3, above. Plaintiffs likewise complaint that they never received a copy of BT's software program. *See* MFR at 9-10. That issue was likewise raised already and in any event the software plaintiffs complaint about exists on a computer BT has made available since Augsut and is publicy available for purchase. Plaintiffs also complain about the cost of analyzing and responding to the recreation evidence the Court requested. *See* MFR at 10-11. Again, plaintiffs ignore the fact this argument was raised and rejected at the hearing of this motion. (P. 3, above.)

Finally, plaintiffs suggest that the Court failed to apply the controlling authority of *Repp v. Webber*, 132 F.3d 882 (2d Cir. 1997), and *Gaste v. Kaiserman*, 863 F.2d at 1067-68. *See* MFR at 11. Again, these issues were briefed and argued at length. *See* Falzone Dec., Ex B. at 11-20, 26; p. 3, above. In any event, it is this very authority that highlights the importance of the evidence the Court requests. Both *Repp* and *Gaste* emphasize that a plaintiff who cannot show access to the copyrighted work has the burden of precluding the possibility of independent creation. *See Repp*, 132 F.3d at 889; *Gaste*, 863 F.2d at 1068. The evidence the Court seeks here goes directly to the independent creation issue. If BT succeeds in again creating *Aparthenonia* on his computer from scratch, he will demonstrate once and for all that it is possible to create *Aparthenonia* without copying *BDG*. That would make it impossible for plaintiffs to preclude the possibility of independent creation – what has been done is possible by definition. Accordingly, the Court's request for this evidence was consistent with, not contrary to, the controlling law.

### 4. Cost Shifting Is Inappropriate Here

Plaintiffs suggest that defendants should pay the expert witness fees plaintiffs may incur in analyzing the recreation evidence defendant BT submits. *See* MFR at 12. Specifically, plaintiffs suggest this cost-shifting is proper under Federal Rule of Civil Procedure 37(c)(1). *See id*. But that rule is inapplicable here. Rule 37(c)(1) provides a mechanism for shifting costs that are caused by failure to produce material in response to discovery. Here there was no such failure on the part of defendants. On the contrary, BT repeatedly offered to recreate *Aparthenonia* at his deposition, and it was plaintiffs' counsel who refused that offer. (P. 3,

above.) Similarly, BT offered to make available to plaintiffs' counsel the computer on which he created the original *Aparthenonia*, but plaintiffs' counsel refused that offer as well. *See* Falzone Dec., Ex. D at 19.[1]

The fact plaintiffs chose not to receive this evidence when it was offered to them months ago does not justify their request to shift costs now. Indeed, plaintiffs need not spend any more money on expert analysis now then they would have spent had the evidence been accepted when it was offered, or submitted with BT's original moving papers. There is simply no basis for cost-shifting here.

The evidence the Court seeks is important and highly relevant to the dispositive issue of the possibility of independent creation. Ultimately, plaintiffs seek to avoid the introduction of that evidence not because it is improper, but because it is potentially fatal to their claim. Plaintiffs have presented no proper ground for the Court to reconsider its request, no unfair prejudice that arises from that request, and no basis for the Court to ignore the important evidence this Court requested.

---

[1] *Flemming v. City of New York*, 2006 WL 2322981 (S.D.N.Y. 2006), is inapplicable for the same reason. As plaintiffs observe, it shifted costs based on a party's failure to produce evidence requested in discovery. Here there was no such failure here on defendants' part.

## IV. CONCLUSION

Plaintiffs' motion for reconsideration should be denied.

Dated: November 30, 2006                    /s/
                                            Anthony T. Falzone
                                            David S. Olson
                                            STANFORD LAW SCHOOL
                                            559 Nathan Abbott Way
                                            Stanford, CA 94305-8610
                                            Telephone:   (650) 736-9050
                                            Facsimile:   (650) 723-4426

                                            Alice C. Garber
                                            Julie A. Ahrens
                                            KIRKLAND & ELLIS LLP
                                            555 California Street
                                            San Francisco, California 94104-1501
                                            Telephone:   (415) 439-1400
                                            Facsimile:   (415) 439-1500

                                            Attorneys for Defendant
                                            BRIAN TRANSEAU p/k/a "BT,"