UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____

FW  Tww ( ) 192.w ( ·Tw Tf K)µ68D 058 0.6 TD 0  TÓN TD /ýõÚÙÚ2Ñ»6 0    Tc#$rg  C $ã!õ  (*f )£¡

# **TABLE OF CONTENTS**

| | |
|---|---|
| INTRODUCTION………………………………………………… | 3 |
| REPLY PRELIMINARY STATEMENT…………………………………… | 3 |
| FACTUAL BACKGROUND………………………………………….. | 4 |
| LEGAL ARGUMENT ……………………………………………..… | 5 |
| REPLY POINT I<br>    DEFENDANT'S LETTERS CLEARLY OPPOSE<br>    PLAINTIFF'S MOTION …………………………………. | 5 |
| REPLY POINT II<br>    DEFENDANT'S SECOND OPPOSITION IS UNTIMELY.. | 5 |
| REPLY POINT III<br>    DEFENDANT FAILS TO REBUT THE LEGAL BASIS<br>    FOR PLAINTIFFS' MOTION……………………………… | 6 |
| REPLY POINT IV<br>    DEFENDANT SHOULD PAY PLAINTIFFS' EXPERT<br>    WITNESS FEES………………………………………….. | 9 |
| CONCLUSION ……………………………………………………. | 10 |

**INTRODUCTION**

Ralph Vargas and Bland-Ricky Roberts (collectively "Plaintiffs") hereby submit this additional reply memorandum of law to Brian Transeau's ("Defendant Transeau") second opposition to Plaintiffs' motion for reconsideration of the Court's November 3, 2006 decision allowing Defendant Transeau to prepare and present, for the Court's consideration on Defendant's motion for summary judgment ("Defendant's Motion"), additional expert evidence on striking similarity and independent creation (the "Court's Order"). *See, Plaintiffs' Reply Memorandum of Law, Exhibit A, Transcript of Oral Argument, pgs. 6-9; 19-20.*

**REPLY PRELIMINARY STATEMENT**

Just as Defendant sought, and received, a "second bite at the summary judgment apple," he now attempts a "second bite at the opposition apple" by filing a second opposition ("Defendant's Second Opposition") to Plaintiffs' motion for reconsideration of the Court's Order ("Plaintiffs' Motion"). While this Court has been extremely lenient with Defendant's disregard of the procedural rules of this Court, and of the federal rules of civil procedure ("Fed.R.Civ.P."), at some point these rules must recognized and enforced. As a result of the filing of Defendant's Second Opposition Plaintiffs have been forced to file this "additional reply."

As a procedural matter, the Court should not consider Defendant's Second Opposition because: (a) the Local Rules of the Southern District Court (the "Local Rules") do not allow multiple oppositions to a motion; and (b) Defendant's Second Opposition was not served within ten (10) business days of service of Plaintiffs' Motion. *See, Local Rule 6.1(b)(2).*

However, should the Court disregard Plaintiffs' procedural argument, Plaintiffs' Motion should still be granted because Defendant's Second Opposition fails to dispute Plaintiffs' position that the Court: (i) lacked the legal authority to grant the relief it afforded to Defendant Transeau on his motion for summary judgment contained in the Court's Order; and (ii) overlooked and/or disregarded facts and failed to consider and/or apply controlling law which, if considered and/or applied, would have materially altered the Court's Order.

For the reasons stated herein, Plaintiffs respectfully request that the Court grant the relief requested in Plaintiffs' Motion.

## FACTUAL BACKGROUND

Plaintiffs' Motion was served and filed on November 9, 2006. On November 14, 2006, Defendant Transeau submitted two letters to this Court opposing Plaintiffs' Motion and requesting that this Court strike, *sui generis,* Plaintiffs' Motion. *See, Exhibit A, Defendant's Letters Dated November 10 and 14, 2006 ("Defendant's Letters").* On November 23, 2006, Plaintiffs filed their reply memorandum of law in support of their motion for reconsideration ("Plaintiffs' Reply").

On November 21, 2006, Defendant Transeau submitted a letter to the Court indicating that Defendant's Letters did not constitute Defendant Transeau's "opposition" to Plaintiffs' Motion and that, under Local Rule 6.1 and 6.3, Defendant Transeau's opposition was not due until November 30, 2006. *See, Exhibit B, Defendant's Letter Dated Nov. 21, 2006.* On November 30, 2006, Defendant Transeau filed "Defendant Brian Transeau's Memorandum in Opposition to Plaintiffs' Motion for Reconsideration" (i.e. "Defendant's Second Opposition").

# LEGAL ARGUMENT

## REPLY POINT I
## DEFENDANT'S LETTERS CLEARLY OPPOSE PLAINTIFFS' MOTION

Defendant's claim that his "Letters" to the Court did not constitute Defendant's opposition to Plaintiffs' Motion is absurd. The plain language of Defendant's Letters clearly oppose the relief requested in Plaintiffs' Motion.

First, Defendant argues that there is no legal authority which allows Plaintiffs to request that the Court reconsider its order of November 3, 2006. *Exhibit A, pg. 2*. Second, Defendant argues that the Court should deny Plaintiffs' Motion because "plaintiffs' counsel made the same arguments to the Court on November 3, 2006 as he does in his Motion for Reconsideration." Id. Finally, Defendant argues that the Court should not reconsider its order of November 3, 2006 because defendant has already began fulfilling the Court's request for additional evidence. Id.

Based on these arguments, it can hardly be said that Defendant's Letters did not constitute Defendant's opposition to Plaintiffs' Motion; and any claim to the contrary is specious.

## REPLY POINT II
## DEFENDANT'S SECOND OPPOSITION IS UNTIMELY

Assuming *arguendo* that Defendant's Letters do not represent Defendant's opposition to Plaintiffs' Motion, the Court should not consider Defendant's Second Opposition because it was not timely filed.

As explained above, Plaintiffs' Motion was served on November 9, 2006, pursuant to Local Rule 6.3. Defendant had to file his opposition to Plaintiff's Motion, if any, "within ten business days after service of" Plaintiff's Motion. *See, Local Rule 6.3*

*and 6.1(b)(2).* Therefore, Defendant's opposition should have been filed on November 24, 2006 or, at the latest, November 27, 2006. However, Defendant Transeau did serve his "second opposition" until November 30, 2006; clearly outside the time required by the Local Rules. Id. Therefore, this Court should not consider Defendant's Second Opposition.

**REPLY POINT III**
**DEFENDANT FAILS TO REBUT THE LEGAL**
**BASIS FOR PLAINTIFFS' MOTION**

Even if the Court were to consider the arguments presented in Defendant's Second Opposition, Plaintiffs' Motion should still be granted because Defendant fails to dispute that the Court: (i) lacked the legal authority to grant the relief if afforded to Defendant Transeau on his motion for summary judgment; and (ii) overlooked and/or disregarded facts and failed to consider and/or apply controlling law which, if considered and/or applied, would have materially altered the Court's Order. *See, Memorandum of Law in Support of Plaintiffs' Motion for Reconsideration ("Plaintiffs' Memorandum"), pgs. 8-11.* Notwithstanding the foregoing, Plaintiffs will address each of the issues raised in Defendant's Second Opposition.

**A.     Plaintiffs' Motion is properly before the Court**

The first argument made in Defendant's Second Opposition simply re-iterates the argument made in Defendant's Letters, i.e. Plaintiffs' Motion is not properly before this Court. *See, Defendant's Second Opposition, pg. 4; Exhibit A, pg. 2.* While this argument was previously addressed in Plaintiffs' reply memorandum of law (*See, Plaintiffs' Reply, pgs. 4-5),* it bears repeating that the federal courts of the Eastern and Southern Districts of

New York consider all court decisions and/or rulings the equivalent of an "order," whether designated as such in writing or by oral decision. *See, Local Rule 6.2*.

Therefore, the Court's decision on November 3, 2006 clearly represented an "order" of the Court, for purposes of Local Rule 6.2, from which Plaintiffs could seek reconsideration. *See, Local Rule 6.3*.

### B. Neither Fed.R.Civ.P. 56(e) or 56(f) gave the Court the legal authority to provide the relief it afforded to Defendant Transeau

Defendant claims that Rule 56(e) of the federal rules of civil procedure serves as the legal basis upon which a court can allow a movant for summary judgment to obtain and present additional evidence supporting said movant's motion for summary judgment even after the close of discovery. *See, Defendant's Second Opposition, pg.6*. Such a "liberal" construction of Rule 56(e) has never been made by any court in this district, as evidenced by the absence of any case law supporting Defendant's interpretation of Rule 56(e). Defendant also claims that Rule 56(f) does not preclude a court, *sua sponte,* from allowing a moving party to submit additional evidence in support of his/her motion for summary judgment. This claim is wholly without merit.

First, Rule 56(e) states in pertinent part that:

> **"(e) Form of Affidavits; Further Testimony; Defense Required.** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. <u>The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits</u>.

*Fed.R.Civ.P. 56(e) (emphasis added).* Rule 56(e) simply identifies the form in which affidavits supporting or opposing summary judgment must be made. No-where in this

rule does it allow the court to accept the introduction of additional evidence to support a moving party's motion for summary judgment after the close of discovery. Moreover, the Court's Order in this case did not request "supplemental affidavits," instead; the Court's Order requested a re-creation, and a fast fourier transform spectral analysis ("FFT analysis"), of *Aparthenonia* for the sole purpose of allowing Defendant Transeau to "supplement" his previously deficient physical evidence on the issue of striking similarity and independent creation.

Rule 56(e) does not empower a court to receive "additional" or "more compelling" evidence from a movant on summary judgment, following the close of discovery. However, Rule 16(b) does allow a court, upon a showing of good cause, to re-open discovery for the purposes of obtaining additional evidence. *See, Fed.R.Civ.P. 16(b)*. No such showing was made in this case prior to the issuance of the Court's Order, which effectively "re-opened" discovery for the sole purpose of allowing Defendant Transeau the opportunity to prepare and present additional or more compelling evidence on the issue of striking similarity and/or independent creation. This Court should not render Rule 16(b) superfluous by accepting Defendant's interpretation of Rule 56(e).

Second, Defendant's argument with respect to Rule 56(f) can be dispatched in short order. Rule 56(f) allows a court to reserve ruling on a motion for summary judgment upon affidavit presented <u>by the non-moving party</u> that it cannot present facts essential to adequately oppose the moving party's motion for summary judgment. *See, Fed.R.Civ.P. 56(f)*. To suggest that Rule 56(f) is not a procedural remedy exclusively for a <u>non-moving</u> <u>party</u> on a motion for summary judgment is contrary to the plain language of that rule.

### C. A re-creation of *Aparthenonia* is not the "best evidence" in this case

Parroting what could only be described as "dicta" in the Court's Order, Defendant suggests that his re-creation, and subsequent FFT analysis, of *Aparthenonia* is 'the best evidence of independent creation available." *See, Defendant's Second Opposition, pg. 2.* This is incorrect. The "best evidence" of the independent creation of *Aparthenonia* is an FFT analysis of an <u>exact</u> <u>copy</u> of *Aparthenonia.* This has already been done by both parties' experts with conflicting conclusions. In fact, Defendant's re-creation, and subsequent FFT analysis, of *Aparthenonia* has nothing to do with identifying the "best evidence of independent creation;" but merely serves as an unjustifiable "second chance" for Defendant Transeau to rebut the overwhelming evidence of striking similarity presented by Plaintiffs' experts based, in part, on Plaintiffs' re-creation and FFT analysis of *Aparthenonia.*

### REPLY POINT IV
### DEFENDANT SHOULD PAY PLAINTIFFS' EXPERT WITNESS FEES

Defendant suggests that Fed.R.Civ.P. 37(c)(1) is inapplicable in this case because Defendant did not fail to produce material in response to Plaintiffs' discovery demands. *See, Defendants' Second Opposition, pg. 8.* Defendant's suggestion is not only factually inaccurate but misses the point.

First, it is undisputed that Defendant Transeau refused to produce certain evidence demanded by Plaintiffs during discovery that Defendant now intends to utilize in his recreation of *Aparthenonia* (i.e. the Reason software, the G3 Apple computer). Therefore, there is no question that Fed.R.Civ.P. 37(c)(1) is applicable. Second, the only reason Plaintiffs will incur additional expert witness fees, at this stage of the proceedings, is because Defendant failed, during discovery, to diligently defend against the results of

Plaintiffs' expert's recreation of *Aparthenonia*. It was this failure that led this Court to conclude, *albeit* incorrectly, that Defendant Transeau should be allowed to conduct his own recreation. Finally, Plaintiffs must now, more than three months after the close of discovery in this case, engage their experts to review the results of Defendant Transeau's additional expert evidence. This is simply unfair.

Therefore, Plaintiffs' request for re-imbursement of their expert witness fees is supported by the facts of this case and by Fed.R.Civ.P. 37(c)(1).

## CONCLUSION

For the reasons stated above, and those contained in Plaintiffs' memorandum of law in support of their motion for reconsideration and reply memorandum of law, it is respectfully requested that the Court grant Plaintiffs' motion for reconsideration, vacate its prior Order of November 3, 2006, and allow this action to proceed to trial without any further discovery.

Dated: New York, New York
       December 6, 2006

Respectfully submitted,

    s/ Paul A. Chin
Paul A. Chin, Esq. (PC 9656)
LAW OFFICES OF PAUL A. CHIN
The Woolworth Building
233 Broadway, 5th Floor
New York, NY 10279
(212) 964-8030
*Attorneys for Plaintiff*

To:    Julie Ahrens, Esq.
       Kirkland & Ellis, LLP
       555 California Street, Suite 2700
       San Francisco, CA 94104
       *Counsel for Defendant Transeau*

       David S. Olson, Esq.
       Anthony Falzone, Esq.
       Center for Internet and Society

Stanford Law School
559 Nathan Abbott Way
Stanford, CA 94305-8610
*Counsel for Defendant Transeau*

Eric M. Stahl, Esq.
Davis Wright Tremaine, LLP
1501 4th Avenue, Suite 2600
Seattle, WA 98101-1688
*Counsel for Defendant East West Communications*

**CERTIFICATE OF SERVICE**

On the 6[h] day of November, 2006, a true and correct copy of the REPLY TO DEFENDANT'S SECOND OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION, and the exhibits attached thereto, was served pursuant to Rule 5.3 of the Local Rules of the U.S. District Court for the Southern District of New York, and via e-mail to the following the attorneys representing the Defendants:

    Julie Ahrens, Esq.
    Kirkland & Ellis, LLP
    555 California Street, Suite 2700
    San Francisco, CA 94104
    jahrens@kirkland.com
    *Counsel for Defendant Transeau*

    David S. Olson, Esq.
    Anthony Falzone, Esq.
    Center for Internet and Society
    Stanford Law School
    559 Nathan Abbott Way
    Stanford, CA 94305-8610
    dolson@law.stanford.edu
    anthony.falzone@standford.edu
    *Counsel for Defendant Transeau*

    Eric M. Stahl, Esq.
    Davis Wright Tremaine, LLP
    1501 4th Avenue, Suite 2600
    Seattle, WA 98101-1688
    ericstahl@dwt.com
    *Counsel for Defendant East West Communications*

| | |
|---|---|
|    12/6/06 |    s/ Paul A. Chin |
| Date | Paul A. Chin, Esq. (PC 9656) |
| | LAW OFFICES OF PAUL A. CHIN |
| | The Woolworth Building |
| | 233 Broadway, 5th Floor |
| | New York, NY 10279 |
| | (212) 964-8030 |
| | *Attorneys for Plaintiffs* |