UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
:
RALPH VARGAS and BLAND-RICKY
ROBERTS,                                :
                                           04 Civ. 9772 (WHP)
            Plaintiffs,                 :
                                           ORDER
        -against-                       :

PFIZER, INC. et al.                     :

            Defendants.                 :
----------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/15/06

Vargas et al v. Pfizer Inc. et al                                                                                                                                        Doc. 119

WILLIAM H. PAULEY III, District Judge:

On November 9, 2006, Plaintiffs purported to move for reconsideration of, in Plaintiffs' words, "[the Court's] prior order, rendered from the bench on November 3, 2006, reserving decision on Brian Transeau's motion for summary judgment in order to allow Defendant Transeau to prepare and present, for the Court's consideration on Defendant's Motion, additional expert evidence on the issue of striking similarity and independent creation." (Plaintiffs' Notice of Motion for Reconsideration, dated Nov. 3, 2006, at 1.) Motions for reconsideration are governed by Local Civil Rule 6.3, which is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." Local Civil Rule 6.3. A motion for reconsideration may be granted to "correct a clear error or prevent manifest injustice." Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983); accord United States v. Sanchez, 35 F.3d 673, 677 (2d Cir. 1994). Indeed, a court should grant a motion for reconsideration if it overlooked "'matters or controlling decisions' which, if considered by the Court, would have mandated a different result." Durant v. Traditional Inv., Ltd., No. 88 Civ. 9048 (PKL), 1990 WL 269854, at *1 (S.D.N.Y. Apr. 25,

1990). "Motions for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure are governed by the same standards as those governing motions under [Rule 6.3]." Naiman v. N.Y. Univ. Hosps. Ctr., No. 95 Civ. 6469 (RPP), 2005 WL 926904, at *1 (S.D.N.Y. Apr 21, 2005); see also JPMorgan Chase Bank v. Cook, 322 F. Supp. 2d 353, 354 (S.D.N.Y. 2004).

As an initial matter, Plaintiffs have mischaracterized the Order to which their motion is directed. Plaintiffs contend that this Court "reserve[ed] decision on Brian Transeau's motion for summary judgment in order to allow Defendant Transeau to prepare and present . . . additional expert evidence." In fact, the Court's decision to reserve judgment was unrelated to its request for additional evidence from the Defendants. This Court therefore declines to reconsider its determination that judgment should be reserved. With regard to the remainder of Plaintiffs' motion, they have failed to identify a matter or controlling decision that was overlooked by this Court when it requested additional information from the Defendants. The motion for reconsideration is therefore denied. However, this Court will address at a later date whether Defendants should bear any of the costs incurred by Plaintiffs in responding to Defendants' additional expert evidence.

Dated: December 15, 2006
New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record*:

Paul A Chin, Esq.
Law Offices of Paul A. Chin
233 Broadway, 5th Floor
New York, NY 10279
*Counsel for Plaintiffs*

David Sidney Olson
Stanford Law School Center for Internet & Society
559 Nathan Abbot Way
Stanford, CA 94305
*Counsel for Defendant Brian Transeau*

Eric M. Stahl, Esq.
Davis Wright Tremaine, LLP
1501 Fourth Avenue
Seattle, WA 98101

Julie Angela Ahrens, Esq.
Kirkland & Ellis LLP
555 California Street, Suite 2700
San Francisco, CA 94104
*Counsel for Defendant East West*