# LAW OFFICES OF PAUL A. CHIN

MEMBER NEW YORK & MARYLAND BARS

---

December 12, 2006

**VIA HAND DELIVERY**
The Honorable William H. Pauley III
U.S. District Court Judge
U.S. District Court for the Southern District of New York
500 Pearl Street, Chambers 2210
New York, NY 10007

DEC 13 2006
CHAMBERS OF

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/15/06

    Re:    **Request for Conference**
             *Vargas, et. al. v. Pfizer, Inc., et. al.*
             U.S. District Court for the Southern District of New York
             *Case No.: 04 CV 9772 (WHP)*

Dear Judge Pauley:

This firm represents Plaintiffs in the above referenced matter. <u>Plaintiffs respectfully request a conference with the Court to discuss whether or not Plaintiffs must still engage their experts to analyze Defendant Brian Transeau's ("Defendant") re-creation, and subsequent fast fourier transform ("FFT") analysis, of *Aparthenonia* (i.e. the infringing work) given the fact that: (i) Defendant failed to utilize the same materials in his re-creation of *Aparthenonia* that he used to allegedly independently create the original *Aparthenonia*; and (ii) Defendant was unable to re-create a duplicate of *Aparthenonia*.</u>

On November 3, 2006, this Court heard oral argument on Defendant's motion for summary judgment ("Defendant's Motion"). During oral argument this Court inquired as to whether or not Defendant could re-create a duplicate of *Aparthenonia* by using the same materials (i.e. Defendant's G3 Apple computer, and the Propellerhead Reason ("Reason") music software contained therein) he used to allegedly independently create the original *Aparthenonia*:

> "The Court: ...When I look at all of this, isn't the real key what a re-enactment of the creation of Aparthenonia would show since the equipment – the parties agree that the equipment, the precise equipment that Transeau said he used to create it in the first place still exists? He [Transeau] could have recreated it and then these experts from Berkeley could have done an FFT analysis on it right?
>
> "Ms. Ahrens: Yes, your honor."

Application denied. Plaintiffs may but need not necessarily engage their experts. The Court takes no position at this time as to whether the absence of additional testimony from Plaintiffs' experts will prejudice Plaintiffs on the motion for summary judgment.

SO ORDERED:

_____
WILLIAM H. PAULEY III U.S.D.J.
December 14, 2006

*See, Oral Argument Transcript, dated Nov. 3, 2006, pg. 6-7.* At the close of oral argument, the Court allowed Defendant to conduct a re-creation, and subsequent FFT analysis, of *Aparthenonia* utilizing the same materials Defendant Transeau claimed to have used during his initial creation of *Aparthenonia*.

Pursuant to the Court's November 3, 2006 order, on December 1, 2006, Defendant submitted, *inter alia*, the declaration of Brian Transeau ("Transeau Dec.") and the supplemental declaration of Dr. Richard Boulanger ("Boulanger Dec.") in support of Defendant's Motion. These two declarations clearly show that: (i) Defendant did not utilize the same materials (i.e. the G3 Apple computer and the Reason music software contained therein) to re-create *Aparthenonia* that he allegedly used to create the original *Aparthenonia*; and (ii) the re-created *Aparthenonia* is not a duplicate of the original *Aparthenonia*. *See, Transeau Dec., ¶5; Boulanger Dec., ¶3.* Simply put, Defendant Transeau has been unable to independently re-create a copy of *Aparthenonia*.

Moreover, there is no evidence that Defendant Transeau was able to re-create the "ghost notes" found in the original *Aparthenonia*. Boulanger's declaration states that he was presented with a "New Aparthenonia Hat...New Aparthenonia Snare...New Aparthenonia Kick." *See, Boulanger Dec., ¶2.* Boulanger does not mention that he was presented with or reviewed a sound, in the re-created *Aparthenonia*, which was a cross between a snare and tom-tom (i.e. ghost note). No-where in Defendant Transeau's declaration does he mention how he created the "ghost notes," which appear in the original *Aparthenonia*, or that he "re-created" these ghost notes in the new *Aparthenonia*. *See, Transeau Dec., et. seq.*

These declarations clearly show that: (i) Defendant failed to use the same materials (i.e. the G3 Apple computer and the Reason music software contained therein) to re-create *Aparthenonia* that he allegedly used to create the original *Aparthenonia*; and (ii) Defendant Transeau failed to independently re-create a duplicate of *Aparthenonia*. What the Court is left with is Defendant's cumulative evidence on the issue of striking similarity (*See, Boulanger Dec., ¶3 "...the recreated Aparthenonia is an exceptionally close match to the original Aparthenonia and clearly is a much closer match than Bust Dat Groove is to the original Aparthenonia."*) and absolutely no additional evidence supporting independent creation. In fact, construing this evidence in the light most favorable to Plaintiffs, Defendant Transeau has sabotaged his independent creation defense because he has failed to independently re-create a duplicate of *Aparthenonia*. Therefore, "[W]hether the evidence of independent creation here is sufficient to rebut [Plaintiffs] prima facie case established in this action is a question for the factfinder..." Repp v. Weber, 132 F.3d 882, 891 (2d Cir. 1997).

Given the fact that Defendant Transeau has failed to accomplish the task requested by the Court, and failed to use the materials ordered by the Court, it appears that there is no reason for Plaintiffs to undertake the time and significant expense of engaging their experts to simply confirm Defendant's negative results, i.e. that the re-created *Aparthenonia* is not a duplicate of the original *Aparthenonia*.

For the reasons stated herein, Plaintiffs respectfully request that the Court schedule a conference with the parties in order to determine whether or not Plaintiffs must engage their experts to review and analyze Defendant Transeau's re-created *Aparthenonia* and Boulanger's opinions and conclusions thereof.

Respectfully submitted,

Paul A. Chin

cc:  Julie Ahrens, Esq.   *(via fax & first class)*
Kirkland & Ellis, LLP
555 California Street, Suite 2700
San Francisco, CA 94104
*Counsel for Defendant Transeau*

David S. Olson, Esq. *(via fax & first class)*
Anthony Falzone, Esq.
Center for Internet and Society
Stanford Law School
559 Nathan Abbott Way
Stanford, CA 94305-8610
*Counsel for Defendant Transeau*

Eric M. Stahl, Esq.   *(via fax & first class)*
Davis Wright Tremaine, LLP
1501 4th Avenue, Suite 2600
Seattle, WA 98101-1688
*Counsel for Defendant East West Communications*