**MEMORANDUM ENDORSED**

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

[Stamp: JAN 26 2007 CHAMBERS OF WILLIAM H. PAULEY]

555 California Street
San Francisco, California 94104

Julie A. Ahrens
To Call Writer Directly:
415 439-1453
jahrens@kirkland.com

(415) 439-1400

www.kirkland.com

Facsimile:
(415) 439-1500
Dir. Fax: 415 439-1353

January 25, 2007

**VIA FED EX**

The Honorable William H. Pauley
United States District Court
for the Southern District of New York
500 Pearl Street, Chambers 2210
New York, NY 10007

*[Handwritten: Application granted. A phone conference will be held February 16, 2007 at 4:30 pm.]*

**SO ORDERED:**

_____
WILLIAM H. PAULEY III U.S.D.J.
*[Handwritten: February 14, 2007]*

Re: *Vargas, et al. v. Pfizer, et al.*,
United States District Court, Southern District of New York
Case No. 04-9772 (WHP)

Dear Judge Pauley:

I write to request a pre-motion conference pursuant to your Honor's Individual Practice Rule 3.A. Defendant Transeau requests permission to file a Motion to Strike the January 23, 2007 Supplemental Declaration of Paul A. Chin in Opposition to Defendant Brian Transeau's Motion for Summary Judgment, filed on January 23, 2007.

At the oral argument on Defendant Transeau's Motion for Summary Judgment on November 3, 2006, your Honor allowed the parties to submit additional evidence regarding Mr. Transeau's ability to independently create *Aparthenonia*, the work at issue in Plaintiffs' copyright claim. On December 1, 2006, Defendant Transeau filed additional independent creation evidence, including an independently created version of *Aparthenonia* and Fast Fourier Transform ("FFT") analysis conducted by Defendant Transeau's expert witness, Dr. Boulanger.

In response to Defendant Transeau's evidence, Mr. Chin, counsel for Plaintiffs, submitted a declaration dated January 23, 2007. Mr. Chin's declaration is improper and the Court should not consider it because it is not made with personal knowledge and does not set forth facts that would be admissible as evidence as required by Federal Rule of Civil Procedure 56(e) and Federal Rule of Evidence 602. Rather, the entirety of Mr. Chin's declaration, other than paragraphs 1 and 6, is argument. Mr. Chin uses his "declaration" to mischaracterize, incorrectly summarize, and draw biased inferences from evidence contained in the witnesses' declarations. Such arguments of counsel are not facts, and Mr. Chin's declaration should be stricken. Defendant respectfully requests permission to file a Motion to Strike Mr. Chin's declaration.

In the alternative, should the Court permit Mr. Chin's arguments, Defendant Transeau requests permission to respond either through briefing or additional oral argument. If

Chicago     Hong Kong     London     Los Angeles     Munich     New York     Washington, D.C.

allowed to present argument responsive to the argument of Plaintiffs' counsel, Defendant Transeau anticipates arguing substantially as follows.

First, Plaintiffs offer no FFT analysis of the recreated *Aparthenonia,* although Plaintiffs' experts agree that FFT analysis is the best method of determining differences in sounds (*see* Dr. Smith Report at 2 (attached to Keegan Decl. as Ex. M) and Dr. Smith Dep. Tr. at 63:14-63:22, 79:25-80:16 (attached to Keegan Decl. as Ex. L)). Plaintiffs' expert Matthew Ritter's analysis is based only on what he heard with his unaided ear. *See* Ritter Analysis of Recreated Aparthenonia at ¶ 3 (attached to Chin Supp. Decl. as Ex. 15). Plaintiffs do not rebut Dr. Boulanger's testimony that FFT analysis shows that Mr. Transeau was able to and did recreate *Aparthenonia* without copying *Bust Dat Groove*. Also unrebutted is Dr. Boulanger's conclusion that Mr. Transeau's ability to recreate *Aparthenonia* demonstrates that Mr. Transeau created the original *Aparthenonia* using only the drum sounds from the Propellerhead Reason 1.0 sound library and without copying or "sampling" the drum sounds from Plaintiffs' work, *Bust Dat Groove. See* Boulanger Supp. Decl. at ¶ 12.

Next, Plaintiffs argue in paragraph 5 of Chin's Supplemental Declaration that Mr. Transeau does not recreate the "ghost notes" that appear in the original *Aparthenonia*. In truth, Mr. Transeau identified the snare sound that he used to recreate the "ghost note" sound of the original *Aparthenonia*. In paragraph 8 of Mr. Transeau's declaration, he lists the drum sounds he used to recreate *Aparthenonia*, including the sound file entitled Sd_Bricks.wav. In the video record of Mr. Transeau's recreation, beginning at 10:53, Mr. Transeau identifies the snare sound file Sd_Bricks.wav as the "ghost note." *See* Ahrens Supp. Decl. at ¶ 5, Exhibit AA. Moreover, Plaintiffs' expert Mr. Ritter admits he heard sounds in the recreated *Aparthenonia* that are similar, though not identical, to the "ghost notes" of the original. *See* Ritter Analysis of Recreated Aparthenonia at ¶ 3 (attached to Chin Supp. a. as Ex. 15).

Plaintiffs further argue in paragraph 4 of Chin's Supplemental Declaration that Defendant Transeau was unable to recreate *Aparthenonia* because the recreated *Aparthenonia* is not absolutely identical to the original *Aparthenonia*. But as Dr. Boulanger testified, Defendant Transeau succeeded in recreating a version of *Aparthenonia* that "is an exceptionally close match to the original *Aparthenonia* and clearly is a much closer match than *Bust Dat Groove* is to the original *Aparthenonia*" and that "the recreated *Aparthenonia* is as close a match as could be made without digitally copying the original." Boulanger Supp. Decl. at ¶¶ 3, 7. This testimony is unrebutted by Plaintiffs' expert Ritter, who agrees that the recreated *Aparthenonia* is "very similar" to the original *Aparthenonia*. Exhibit 15, Ritter Analysis of Recreated Aparthenonia, ¶ 3. Ritter neither refutes, nor even responds to, Dr. Boulanger's testimony that the recreated *Aparthenonia* is a much closer match to the original *Aparthenonia* than is *Bust Dat Groove*.

Moreover, Plaintiffs' experts never rebut Dr. Boulanger's testimony that FFT analysis is so sensitive that it would be impossible for anyone to recreate a drum beat to a level of exactness that would be imperceptible to FFT analysis, just as it would be impossible for the same drummer to play a bar of drumming using the same equipment to a level of exactness

that would be imperceptible to FFT analysis. As Dr. Boulanger pointed out, it is in fact an indicia of independent creation that there are minute differences. Boulanger Supp. Decl. at ¶ 7.

Finally, Plaintiffs disingenuously argue in paragraph 4 of Chin's Supplemental Declaration that Defendant Transeau did not use the same materials to recreate *Aparthenonia*. Defendant Transeau explained in his declaration at paragraph 5 that he used a similar computer to the one on which he first created *Aparthenonia*, but that he did not use the same computer because it remains available at his attorneys' offices for Plaintiffs' inspection and he accordingly did not want to disturb it. Regardless, that Defendant Transeau used a different, but similar, computer has no relevance. What is important is that Defendant Transeau testified in his declaration that he used the same version of the Propellerhead Reason 1.0 sound software that he used originally when he created *Aparthenonia*. *See* Transeau Decl. at ¶ 5. This testimony is unrebutted.

Mr. Chin's declaration is improper, and Defendant Transeau respectfully requests permission to file a Motion to Strike. In the alternative, should the Court permit Mr. Chin's declaration to remain part of the evidentiary record, Defendant Transeau respectfully requests the opportunity to make a record of his arguments as outlined above.

Thank you for your consideration of this matter.

Respectfully submitted,

Julie A. Ahrens

JAA/rt

cc: Paul Chin, Esq.
Anthony Falzone, Esq.
Eric Stahl, Esq.