UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RALPH VARGAS and<br>BLAND-RICKY ROBERTS<br><br>　　　　Plaintiffs<br>vs.<br><br>PFIZER INC., PUBLICIS, INC., FLUID MUSIC,<br>EAST WEST COMMUNICATIONS, INC. and<br>BRIAN TRANSEAU p/k/a "BT"<br><br>　　　　Defendants | CASE NO.:　04 CV 9772 (WHP)<br>　　　　　　　(JCF)<br><br>ECF CASE |

### SUPPLEMENTAL DECLARATION OF PAUL A. CHIN IN OPPOSITION TO DEFENDANT BRIAN TRANSEAU'S MOTION FOR SUMMARY JUDGMENT

PAUL A. CHIN declares and states as follows:

1. I am an attorney licensed to practice law in the courts of the state of New York and in this District and am counsel for Ralph Vargas ("Plaintiff Vargas") and Bland-Ricky Roberts ("Plaintiff Roberts") (collectively "Plaintiffs") in the above captioned matter. I hereby submit this supplemental declaration in opposition to Defendant Brian Transeau's ("Defendant BT") motion for summary judgment ("Defendant's Motion").

2. On November 3, 2006, this Court entered an order allowing Defendant BT to conduct a re-creation, and subsequent expert analysis, of the infringing musical composition in this action ("*Aparthenonia*") to determine if Defendant BT independently created the original *Aparthenonia*. The Court required Defendant BT to utilize the same materials in the recreation of *Aparthenonia* that Defendant BT claimed to have used during his initial creation of the original *Aparthenonia*.

3. On December 1, 2006, Defendant BT submitted, *inter alia*, the declaration of Brian Transeau ("Transeau Dec."), allegedly detailing the process he undertook to conduct his re-creation of *Aparthenonia*, and the supplemental declaration of Dr. Richard Boulanger ("Boulanger Dec."), detailing Dr. Boulanger's expert opinion on whether or not Defendant BT's recreation of *Aparthenonia* was identical to the original *Aparthenonia*.

4. These two declarations clearly show that: (i) Defendant BT did not utilize the same materials (i.e. the G3 Apple computer and the Propellerhead Reason music software contained therein) to re-create *Aparthenonia* that he allegedly used to create the original *Aparthenonia*; and (ii) the re-created *Aparthenonia* is not identical to the original *Aparthenonia*. *See, Transeau Dec.*, ¶5; *Boulanger Dec.*, ¶3. Simply put, Defendant BT has been unable to independently re-create the music contained in the original *Aparthenonia*.

5. Moreover, there is no evidence that Defendant BT was able to re-create the "ghost notes" found in the original *Aparthenonia*. Boulanger's declaration states that he was presented with a "New Aparthenonia Hat...New Aparthenonia Snare...New Aparthenonia Kick." *See, Boulanger Dec.*, ¶2. Boulanger does not mention that he was presented with or reviewed a sound, in the re-created *Aparthenonia*, which was a cross between a snare and tom-tom (i.e. ghost note). No-where in Defendant BT's declaration does he mention how he created the "ghost notes," which appear in the original *Aparthenonia*, or that he "re-created" these ghost notes in the new *Aparthenonia*. *See, Transeau Dec., et. seq.*

6. Attached hereto as Plaintiffs' Exhibit 15 is a true and correct copy of the supplemental expert declaration of Matthew Ritter (Plaintiffs' drum expert), which is titled "Analysis of Recreated Aparthenonia" (hereinafter "Ritter's Supp. Decl."). Attached to Ritter's Supp. Decl. is a transcription of the musical notes and instruments contained in Defendant BT's recreated versions of *Aparthenonia*. *See, Plaintiffs' Ex. 15.*

7. According to Ritter's Supp. Decl. "[B]oth recreated versions of "Aparthenonia" ("NU Aparthenonia-W/TC" and "BT Nu Aparth") seem to be missing two snare drum ghost notes that appear in the original "Aparthenonia." *Plaintiffs' Ex. 15,* ¶3. In addition, Ritter has also determined that "[T]he second recreated version of "Aparthenonia" ("BT New Aparth") is also missing one of the open hit-hat sounds and the shifting of a bass drum note that occur in the 4th measure of the original "Aparthenonia." Id.

8. Based on these declarations the Court is left with the following supplemental facts: (i) Defendant BT failed to use the same materials (i.e. the G3 Apple computer and the Reason music software contained therein) to conduct his recreation of *Aparthenonia* that he allegedly used to create the original *Aparthenonia*; (ii) Defendant BT failed to explain how he created the "ghost notes" which are supposed to be included in his recreated versions of *Aparthenonia*; (iii) Defendant BT's recreated versions of *Aparthenonia* do not contain "ghost notes" and at least one of the recreated versions is missing an open hi-hat and shifting bass drum note contained in the original *Aparthenonia*; and (iv) Defendant BT's recreated versions of *Aparthenonia* is not identical to the original *Aparthenonia*.

9. In short, these supplemental declarations clearly establish that Defendant BT was unable to fulfill the mandate issued by this Court, i.e. recreate a duplicate of the original *Aparthenonia*. Defendant BT's failure to meet this Court's mandate undermines his claim of independent creation and his motion for summary judgment must be denied.

Dated: New York, New York
January 23, 2007

Respectfully submitted,

Paul A. Chin, Esq. (PC9656)
LAW OFFICES OF PAUL A. CHIN
The Woolworth Building
233 Broadway, 5th Floor
New York, NY 10279
(212) 964-8030
*Attorneys for Plaintiffs*

TO: Julie Ahrens, Esq.
Kirkland & Ellis, LLP
555 California Street, Suite 2700
San Francisco, CA 94104
*Counsel for Defendant Transeau*

David S. Olson, Esq.
Center for Internet and Society
Stanford Law School
559 Nathan Abbott Way
Stanford, CA 94305-8610
*Counsel for Defendant Transeau*

Eric M. Stahl, Esq.
Davis Wright Tremaine, LLP
1501 4th Avenue, Suite 2600
Seattle, WA 98101-1688
*Counsel for Defendant East West Communications*

## CERTIFICATE OF SERVICE

On the 23rd day of January, 2007, a true and correct copy of the SUPPLEMENTAL DECLARATION OF PAUL A. CHIN IN OPPOSITION TO DEFENDANT BRIAN TRANSEAU'S MOTION FOR SUMMARY JUDGMENT, with the exhibits attached thereto, was served pursuant to Local Rule 5.2 of the U.S. District Court for the Southern and Eastern Districts of New York to the following attorneys representing the Defendants:

Julie Ahrens, Esq.
Kirkland & Ellis, LLP
555 California Street, Suite 2700
San Francisco, CA 94104
*Counsel for Defendant Transeau*

David S. Olson, Esq.
Center for Internet and Society
Stanford Law School
559 Nathan Abbott Way
Stanford, CA 94305-8610
*Counsel for Defendant Transeau*

Eric M. Stahl, Esq.
Davis Wright Tremaine, LLP
1501 4th Avenue, Suite 2600
Seattle, WA 98101-1688
*Counsel for Defendant East West Communications*

_____1/23/07_____
Date

Paul A. Chin, Esq. (PC 9656)
LAW OFFICES OF PAUL A. CHIN
The Woolworth Building
233 Broadway, 5th Floor
New York, NY 10279
(212) 964-8030
*Attorneys for Plaintiffs*

# EXHIBIT 15

# Analysis of Recreated "Aparthenonia"

I, Matthew Ritter, declare:

1) I have been asked and employed by the attorney representing Ralph Vargas and Bland-Ricky Roberts to analyze and transcribe two recreated versions of "Aparthenonia," which were given to me on a CD. I have also been asked to give my professional opinion as to whether or not these recreations are identical to the original "Aparthenonia."

2) In preparing this analysis report, I reviewed the following materials:

   a) A CD containing two recreated versions of "Aparthenonia"
   b) My transcriptions of the original "Aparthenonia"
   c) A CD of the original "Aparthenonia"
   d) My original declaration for formatting of this report

3) After listening to the above-mentioned CD's on my computer and portable CD player, I am of the opinion that the two recreated versions of "Aparthenonia" are very similar, though not identical, to the original "Aparthenonia." Both recreated versions of "Aparthenonia" ("NU Aparthenonia- W/TC" and "BT Nu Aparth") seem to be missing two snare drum ghost notes that appear in the original "Aparthenonia." "Ghost notes" are very light drum strokes sometimes played by drummers (usually on the snare drum) to fill the spaces between the more prominent notes of a rhythm. These ghost notes appear in the original "Aparthenonia" on the 16th note following beat 2 and the 16th note following

beat 4. In the recreated versions, these spots in the rhythm do have a sound variance that seems like it might be resulting from the cutting off of the snare sample. However, to my ear, it does not sound identical to the more obvious "ghost notes" of the original. The second recreated version of "Aparthenonia" ("BT New Aparth") is also missing one of the open hi-hat sounds and the shifting of a bass drum note that occur in the 4th measure of the original "Aparthenonia."

4) If the same person created all three versions of "Aparthenonia" (the original, as well as the two recreations), then I am unclear as to why these differences of nuance would appear. It seems to me that the creator of the original "Aparthenonia" would know and be able to hear the details of his own work and would thus be able to recreate it exactly.

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct. Executed this 23rd day of January 2007 at Woodside, NY 11377.

*Matthew Ritter*

Matthew Ritter



# BT New Aparth

Transcribed by Matt Ritter
1/23/07

( ) = Ghost Note       ⵣ = Multiple Bounce Stroke

∅ = open hi-hat

