# EXHIBIT K

Dockets.Justia.com

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| RALPH VARGAS, and | : | **CASE NO.:**    **04 CV 9772 (WHP)** |
| BLAND-RICKY ROBERTS | : | **(JCF)** |
| | : | |
| | : | |
| Plaintiffs | : | **SECOND AMENDED COMPLAINT** |
| vs. | : | |
| | : | |
| PFIZER INC., PUBLICIS, INC., FLUID MUSIC, | : | **DEMAND FOR JURY TRIAL** |
| EAST WEST COMMUNICATIONS, INC. and | : | |
| BRIAN TRANSEAU p/k/a "BT" | : | |
| | : | |
| | : | **ECF CASE** |
| | : | |
| Defendants | : | |
| | : | |

Ralph Vargas (individually referred to herein as "Plaintiff Vargas") and Bland-Ricky Roberts (individually referred to herein as "Plaintiff Roberts") (collectively referred to herein as "Plaintiffs"), by and through their attorneys, Paul A. Chin, Esq., complaining of Pfizer, Inc. (hereinafter "Defendant Pfizer"), Publicis, Inc. (hereinafter "Defendant Publicis"), Fluid Music (hereinafter "Defendant FM"), East West Communications, Inc. (hereinafter "Defendant EWC") and Brian Transeau, professionally known as "BT" (hereinafter "Defendant Transeau") (collectively referred to herein as "Defendants") allege as follows:

## I.     NATURE OF THE ACTION

1.     This is a civil action for direct, contributory and vicarious copyright infringement on behalf of Plaintiffs, the creators, composers, producers, arrangers and/or copyright owners of the original musical composition and sound recording entitled, "Bust Dat Groove Without Ride" from the album entitled, "Funky

Drummer, Volume II" (referred to herein as the "Composition") that is the subject matter of this Complaint, against: Defendant Pfizer, its employees and agents, subsidiaries, parent companies, affiliates and/or holding companies; Defendant Publicis, its employees and agents, subsidiaries, parent companies, affiliates and/or holding companies; Defendant FM, its employees and agents, subsidiaries, parent companies, affiliates and/or holding companies; Defendant EWC, its employees and agents, subsidiaries, parent companies, affiliates and/or holding companies; and Defendant Transeau.

2.      Defendant Pfizer, in support of its national advertising campaign featuring the Composition as the key musical themes and/or jingles to promote the sales of its pharmaceutical drug "Celebrex", and increase its profits, knowingly, willfully and intentionally: (i) acted in concert with one or more third parties, including Defendants FM, EWC, and Transeau, to infringe Plaintiffs' copyrights and exclusive rights in and relating to the Composition; (ii) distributed, used, commercialized, exploited and made derivative works of the Composition without Plaintiffs' written authorization or consent; (iii) induced and caused various third parties, including, but not limited to, various television and radio stations to broadcast, perform and otherwise exploit the Composition, and derivatives thereof, in New York and throughout the United States without Plaintiffs' written authorization or consent; (iv) unlawfully profited from the unauthorized distribution, use, commercialization and other exploitation of the Composition, and derivatives thereof; and (v) deprived Plaintiffs of substantial income directly and/or indirectly related to the Composition.

3.      Defendants Publicis, FM, EWC, and Transeau without Plaintiffs' written authorization or consent, reproduced, manufactured, performed, sold, created derivative

2

works, and otherwise exploited the Composition, via their respective agents in New York and throughout the United States, thereby, infringing Plaintiffs' copyrights in and to the Composition.

4.      By this action, Plaintiffs seek a finding that Plaintiffs are the creators, composers, producers, arrangers and copyright owners of the original music composition and sound recording that comprise the Composition and that Defendant Pfizer knowingly, willfully and intentionally: (i) acted in concert with one or more third parties to infringe Plaintiffs' copyrights and exclusive rights in and relating to the Composition; (ii) directly infringed Plaintiffs' copyrights and exclusive rights, in and relating to the Composition, in violation of the Copyright Act, 17 U.S.C. §§106, 115 and 501; and (iii) induced, caused and materially contributed to the infringement of Plaintiffs' copyrights and exclusive rights in and relating to the Composition by various third parties.

5.      Plaintiffs also seek a finding that: (i) Defendants Publicis, FM, EWC, and Transeau without Plaintiffs' written authorization or consent, reproduced, manufactured, performed, sold, created derivative works, and otherwise exploited the Composition, in violation of the Copyright Act, 17 U.S.C. §106, 115 and 501; (ii) Defendants' acts, as alleged herein, constitute misappropriation and unfair competition under state statutory and common law; (iii) Defendants profited from the unauthorized distribution, use, commercialization and other exploitation of the Composition, and derivatives thereof; (iv) Defendants deprived Plaintiffs of substantial income directly related to the Composition; and (v) Plaintiffs are entitled to the legal, equitable and financial relief, as requested herein, to remedy Defendants' unlawful and infringing conduct.

## II.    JURISDICTION AND VENUE

6.    This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338 (a) and (b).  This Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. §1367.

7.    This Court has personal jurisdiction over all Defendants because Defendants Pfizer and Publicis maintain their corporate headquarters and/or principal place of business within this judicial district and all of the Defendants: (i) solicit, transact and conduct business in the State of New York and in this judicial district and are regularly doing or soliciting business or engaging in a persistent course of conduct in this State and in this District; (ii) receive substantial revenue from the State of New York and the infringing conduct occurred in the State of New York and within this judicial district; (iii) expect or reasonably should expect their conduct to have consequences in the State of New York; and (iv) directly or indirectly infringed Plaintiffs' copyrights in the Composition in the City and State of New York.

8.    Venue is properly laid in this District pursuant to 28 U.S.C. § 1391 (b) and (c), §1400 (a) in that Defendants transact business in this judicial district, and/or a substantial part of the events giving rise to Plaintiffs' claims occurred in this judicial district.

## III.    PARTIES

9.    Plaintiff Vargas is the creator, composer, producer and arranger of musical compositions, including advertising jingles. Plaintiff Vargas is the creator, composer, producer and arranger of the Composition.  Plaintiff Vargas resides in New York City, County and State of New York.

10.     Plaintiff Roberts is the creator, composer, producer and arranger of musical compositions, including advertising jingles. Plaintiff Roberts was the sole shareholder, and owner, of the company JBR Records, Inc., which initially released, distributed, published and otherwise exploited the Composition.  Plaintiff Roberts is the owner of the copyright in and to the master sound recording that contains the Composition. Plaintiff Roberts currently resides in the State of Pennsylvania.

11.     Upon information and belief Defendant Brian Transeau is a musician, professionally known as "BT." Upon information and belief, Defendant Transeau, in conjunction with Defendants FM, EWC, Pfizer and Publicis, created the jingle featured in Defendant Pfizer's national advertising campaign for its drug "Celebrex", which contains Plaintiffs' Composition.  Upon information and belief, Defendant Transeau resides in the New York City, County and State of New York.

12.     Upon information and belief, Defendant Pfizer is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business at 235 East 42nd Street, New York, New York, within this judicial district.  Upon information and belief, Defendant Pfizer is licensed and authorized to do business in the State of New York and actively transacts business in the State of New York and in this judicial district.  Defendant Pfizer directly or indirectly manufactures, markets, distributes and sells pharmaceutical products, including, but not limited to the drug "Celebrex," in the State of New York within this judicial district and throughout the United States and the world.

13.     Upon information and belief, Defendant Publicis is a corporation duly organized and existing under the laws of the State of New York, with its principal place

of business at 304 East 45th Street, New York, New York, located within this judicial district. Upon information and belief, Defendant Publicis is licensed and authorized to do business in the State of New York and actively transacts business in the State of New York and in this judicial district.

14.    Upon information and belief, Defendant FM is a corporation duly organized and existing under the laws of a State within the United States with its principal place of business in the State of New York. Upon information and belief, Defendant FM is a record label that manufactures, distributes, markets and sells musical compositions in the form of cds, tapes, dvds and phonographic records to the general public. Upon information and belief, Defendant FM manufactured, marketed, distributed, used, commercialized, sold and otherwise exploited the Composition in this State and this District, infringed Plaintiffs' copyrights in and to the Composition in this State and this District and otherwise actively transacts business in this State and this District.

15.    Upon information and belief, Defendant EWC is a corporation duly organized and existing under the laws of a State within the United States with its principal place of business in the State California. Upon information and belief, Defendant EWC is a music company that manufactures, distributes, markets and sells musical sample material in the form of cds, tapes, dvds and phonographic records to the general public. Upon information and belief, Defendant EWC manufactured, marketed, distributed, used, commercialized, sold and otherwise exploited the Composition in this State and this District, infringed Plaintiffs' copyrights in and to the Composition in this

State and this District and otherwise actively transacts business in this State and this District.

### IV.    FACTS COMMON TO ALL CLAIMS FOR RELIEF

#### A.    The Composition

16.    In 1993, Plaintiff Vargas created, composed, produced and arranged the Composition which Defendant Pfizer, on or about June 2003, featured as the key musical theme and/or jingle in its worldwide advertising campaign to: (i) promote the sale of its pharmaceutical drug "Celebrex"; and (ii) increase Defendant Pfizer's profits (hereinafter referred to as the "Celebrex Campaign").

17.    Plaintiff Vargas obtained a Copyright Registration certificate for the Composition on January 27, 1995.    Attached hereto as *Exhibit A* is the Copyright Registration for the Composition.

18.    Plaintiff Roberts is the sole shareholder, and owner, of the company JBR Records, Inc., which initially released the Composition.    JBR Records, Inc. is listed as the copyright claimant on the Copyright Certificate of Registration for the sound recording of the Composition.    *Exhibit B, Certificate of Registration for the Composition.*    Plaintiff Roberts is the copyright owner of the sound recording containing the Composition via a valid Copyright Assignment, in all rights, title and interest in and to the Composition, from JBR Records, Inc. to Plaintiff Roberts, duly recorded with the United States Copyright Office.    *Exhibit C, Copyright Assignment; Recordation of Copyright Assignment with U.S. Copyright Office; Fee for Recordation of Copyright Assignment.*

19.    Plaintiffs are the owners of all rights, title and interest in and to the copyrights in the Composition .

20.    Upon information and belief, Defendants knew that in order to manufacture, reproduce, distribute, use, commercialize, exploit or make derivative works of the Composition, Defendants needed to obtain: (i) valid certificates of authorship signed by the creator and composer of the Compositions; and (ii) valid copyright assignments executed by the author and owner of any such original musical compositions.

21.    Defendants intentionally, willfully and knowingly distributed, used, commercialized, exploited and/or made derivative works of the Composition without obtaining valid certificates of authorship and/or copyright assignments from Plaintiffs.

**B.    Defendants Falsely Designate and Identify Transeau as the Creator, Composer and Producer of the Composition**

22.    Upon information and belief, Defendants Pfizer and Publicis paid significant sums of money to Defendants FM, EWC, and Transeau for use of the Composition, even though Defendants Pfizer and Publicis knew, or should have known, that Defendants FM, EWC, and Transeau were not the composers, arrangers, producers or copyright owners of the Composition.

23.    Upon information and belief, Defendant Transeau has unlawfully and illegally infringed the copyrights in and to more than twenty (20) different musical compositions created, produced, arranged and owned by Plaintiffs.

24.    Upon information and belief, Defendants FM, EWC, and Transeau did not have a valid copyright certificate and/or copyright registration for the Composition, and Defendants Pfizer and Publicis never received a valid copyright certificate and/or copyright registration for the Composition.

25.    Upon information and belief, Defendants, in an effort to distribute, use, commercialize and otherwise exploit the Composition without Plaintiffs' written authorization or consent, falsely designated and identified Defendant Transeau as the creator, composer, producer, arranger and owner of the Composition.

### C.    Defendants Infringe Plaintiffs' Copyrights in the Composition

26.    Upon information and belief, from June 2003 until present, Defendants knowingly, willfully and intentionally caused various third parties, including, but not limited to, various television and radio stations, to broadcast, perform and otherwise exploit the Composition and derivatives thereof, in New York and throughout the United States, even though Defendants knew that they did not have Plaintiffs' written authorization or consent to do so.

27.    Upon information and belief, Defendants never made any royalty payments directly to Plaintiffs or to various performance collection societies (eg. BMI, ASCAP) on Plaintiffs' behalf, for publicly broadcasting, performing and otherwise exploiting the Composition, and derivatives thereof.

28.    Upon information and belief, the Composition contributed to the huge success of Defendant Pfizer's Celebrex Campaign and substantially increased the sales of Defendant Pfizer's pharmaceutical product "Celebrex" and Defendant Pfizer's profits.

### V.    CAUSES OF ACTION

### COUNT I
### DIRECT COPYRIGHT INFRINGEMENT

29.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 28 as if fully set forth herein.

30.    Defendants directly infringed Plaintiffs' copyrights and exclusive rights, in and relating to the Composition under copyright law by distributing, using, commercializing, exploiting and/or making derivatives of the Composition, without Plaintiffs' written authorization or consent, all in violation of the Copyright Act, 17 U.S.C. §§ 106, 115 and 501.

31.    Upon information and belief, Defendants never made any royalty payments to Plaintiffs, or to various performance collection societies on Plaintiffs' behalf, for publicly broadcasting, performing or otherwise exploiting the Composition and/or derivatives thereof.

32.    The foregoing acts of infringement by Defendants have been willful, intentional and purposeful.

33.    As a direct and proximate result of Defendants' copyright infringement, Plaintiffs have suffered and will continue to suffer severe injuries and damages and are entitled to their actual damages and Defendants' gross revenue or profits derived by Defendants that are attributable to Defendants' direct infringement of the Composition, pursuant to 17 U.S.C. §504(b).

34.    Plaintiffs' exact amount of actual damages and Defendants' gross revenue or profits will be established at trial, but are in no event less than $10,000,000 (TEN MILLION DOLLARS).

35.    Alternatively, Plaintiffs may elect to be awarded, and, therefore, are entitled to the maximum amount of statutory damages, to the extent permitted by law, pursuant to 17 U.S.C. §504(c), with respect to each work infringed and each act of infringement.

36.    Plaintiffs are further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. §505.

## COUNT II
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

37.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 36 as if fully set forth herein.

38.    Upon information and belief, Defendants willfully, knowingly and intentionally induced, caused, encouraged and/or assisted various third parties, including, but not limited to, various television and radio stations to publicly broadcast, perform and otherwise exploit the Composition, and/or derivatives thereof, even though Defendants knew, or should have known, that they did not have Plaintiffs' written authorization or consent to do so.

39.    An infringement of Plaintiffs' rights in and to the Composition occurred each time a third party, as a result of Defendants' inducement, encouragement and/or assistance, reproduced, broadcast, performed or otherwise exploited the Composition or any derivatives thereof

40.    An infringement of Plaintiffs' rights in and to the Composition occurred each time a third party, as a result of Defendants' inducement, encouragement and/or assistance, made a derivative work from the Composition,.

41.    Upon information and belief, Defendants, through their conduct, engaged in the business of knowingly inducing, causing, encouraging, assisting and/or materially contributing to the making of derivative compositions from the Composition; thereby infringing Plaintiffs' copyrights and exclusive rights, in and relating to the Composition, under copyright law.

42.    An infringement of Plaintiffs' rights in and to these compositions occurred each time a third party, including, but not limited to, various radio and television stations publicly broadcast, performed or otherwise exploited the Composition or any derivatives thereof.

43.    The foregoing acts by Defendants have been willful, intentional and purposeful.

44.    Defendants' conduct, as alleged herein, constitutes contributory infringement of Plaintiffs' copyrights and exclusive rights, in and relating to the Composition, and any derivatives thereof, under copyright law in violation of the Copyright Act, 17 U.S.C. §§ 106, 115 and 501.

45.    As a direct and proximate result of the contributory infringement by Defendants, Plaintiffs are entitled to their actual damages and Defendants' gross revenue or profits derived by Defendants that are attributable to Defendants' contributory infringement of the Compositions pursuant to 17 U.S.C. §504(b).

46.    Plaintiffs' exact amount of actual damages and Defendant Pfizer's gross revenue or profits will be established at trial, but are in no event less than $10,000,000 (TEN MILLION DOLLARS).

47.    Alternatively, Plaintiffs may elect to be awarded, and, therefore, are entitled to the maximum amount of statutory damages, to the extent permitted by law, pursuant to 17 U.S.C. §504(c), with respect to each work infringed and each act of infringement.

48.    Plaintiffs are further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. §505.

## COUNT III
## VIOLATION OF THE LANHAM ACT 43(a)
## FALSE DESIGNATION OF ORIGIN

49.     Plaintiffs, in accordance with their agreement with Defendants, voluntarily dismissed Count III with prejudice, pursuant to Rule 41(a) (1) (ii) of the Federal Rules of Civil Procedure on or about April 27, 2005.

## COUNT IV
## STATUTORY AND COMMON LAW UNFAIR COMPETITION

50.     Plaintiffs, in accordance with their agreement with Defendants, voluntarily dismissed Count IV with prejudice, pursuant to Rule 41(a) (1) (ii) of the Federal Rules of Civil Procedure on or about April 27, 2005.

## VI.    <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiffs pray to the Court for a judgment against Defendants, jointly and severally, as follows:

A.     Awarding Plaintiffs their actual and compensatory damages suffered as a result of Defendants' unlawful, illegal and infringing conduct in an amount to be determined at trial, but in no event less than $10,000,000 (TEN MILLION DOLLARS);

B.     Awarding Plaintiffs any and all gross revenue or profits derived by Defendants that are attributable to Defendants' infringement of the Composition in an amount to be determined at trial, but in no event less than $10,000,000 (TEN MILLION DOLLARS);

C.      Awarding Plaintiffs, at their election and to the extent permitted by law, the maximum amount of statutory damages against Defendants for each work infringed and for each act of infringement;

D.      Awarding Plaintiffs punitive and exemplary damages in an amount to be determined at trial;

E.      Awarding Plaintiffs prejudgment interest according to law;

F.      Awarding Plaintiffs' reasonable attorneys' fees, costs and expenses relating to this action; and

G.      Awarding such other and further relief as the Court may deem just and proper.

Dated: New York, New York           Respectfully submitted,
       November 8, 2005

                                         s/ Paul A. Chin
                              Paul A. Chin, Esq. (PC 9656)
                              LAW OFFICES OF PAUL A. CHIN
                              The Woolworth Building
                              233 Broadway, 5th Floor
                              New York, NY 10007
                              (212) 964-8030
                              *Attorney for Plaintiffs,*
                              *Ralph Vargas and Bland-Ricky*
                              *Roberts*

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: New York, New York           Respectfully submitted,
       November 8, 2005

                                           s/ Paul A. Chin
                              Paul A. Chin, Esq. (PC 9656)
                              LAW OFFICES OF PAUL A. CHIN
                              The Woolworth Building
                              233 Broadway, 5th Floor

New York, NY 10007
(212) 964-8030
*Attorney for Plaintiffs,*
*Ralph Vargas and Bland-Ricky*
*Roberts*

# EXHIBIT A

FROM : ROBERTS INTERNATIONAL



UNITED STATES COPYRIGHT OFFICE

REGISTRATION NUMBER

Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.



Register of Copyrights, United States of America

**PA 744-655**

PA          PAU

EFFECTIVE DATE OF REGISTRATION

**JAN 27 1995**

Month          Day          Year

---

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**1**

TITLE OF THIS WORK ▼

BUST DAT GROOVE

PREVIOUS OR ALTERNATIVE TITLES ▼

BUST DAT GROOVE W/RIDE
BUST DAT GROVE W/O RIDE

NATURE OF THIS WORK ▼ See instructions

MUSIC - DRUM RHYTHM/DRUM LOOPS

**2**

NAME OF AUTHOR ▼

RALPH VARGAS

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☒ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ USA
Domiciled in ▶ USA

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

NOTE

NATURE OF AUTHORSHIP Briefly describe nature of the material created by this author in which copyright is claimed. ▼

MUSIC - DRUM RHYTHM/DRUM LOOPS

NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

NATURE OF AUTHORSHIP Briefly describe nature of the material created by this author in which copyright is claimed. ▼

NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No

NATURE OF AUTHORSHIP Briefly describe nature of the material created by this author in which copyright is claimed. ▼

**3**

YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED This information must be given in all cases.
1994 Year

DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Complete this information ONLY if this work has been published.
Month FEBRUARY Day 15 Year 1994
UNITED STATES OF AMERICA ◀ Nation

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼

VARAL PUBLISHING
530 EAST 76TH STREET, SUITE 26H
NEW YORK NY 10021

See instructions before completing this space

TRANSFER If the claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

RALPH VARGAS D/B/A VARAL PUBLISHING

APPLICATION RECEIVED
JAN 27 1995
ONE DEPOSIT RECEIVED
JAN 27 1995
TWO DEPOSITS RECEIVED
JAN 27 1995
REMITTANCE NUMBER AND DATE

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions. • Sign the form at line 8.

DO NOT WRITE HERE

Phone call
on March 15, 1995, with Jane Peterer.

☐ CORRESPONDENCE
☐ Yes

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
Yes ☒ No If your answer is "Yes." why is another registration being sought? (Check appropriate box) ▼

☐ This is the first published edition of a work previously registered in unpublished form.

☐ This is the first application submitted by this author as copyright claimant.

☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number** ▼      **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a & 6b for a derivative work; complete only 6b for a compilation.
**Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

**6**

See instructions
before completing
this space

**Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give Name and number of Account.
Name ▼      Account Number ▼

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/Zip ▼
GlobeArt Inc.
550 EAST 76TH STREET, SUITE 26H      600 East 76th Street
NEW YORK NY 10021                     Suite 26H
                                      New York, NY 10021

Be sure to
give your
daytime phone
number

Area Code & Telephone Number ▶ 212  209 9220

**8**

**CERTIFICATION** I, the undersigned, hereby certify that I am the
Check only one ▼
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of **VARAL PUBLISHING**
      Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

**Typed or printed name and date ▼** If this application gives a date of publication in space 3, do not sign and submit it before that date.

date ▶ 1/26/95

Handwritten signature (X) ▼

**9**

MAIL
CERTIFI-
CATE TO

Certificate
will be
mailed in
window
envelope.

Name ▼
GLOBEART INC.
Number/Street/Apartment Number ▼
550 EAST 76TH STREET, STE 26H
City/State/ZIP ▼
NEW YORK NY 10021

• Complete all necessary spaces
• Sign your application in space 8

SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable $20 filing fee
   in check or money order
   payable to Register of Copyrights
3. Deposit material

MAIL TO:
Register of Copyrights
Library of Congress
Washington, D.C. 20559

17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

# EXHIBIT B

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**FORM SR**
UNITED STATES COPYRIGHT OFFICE



REGISTRATION NUMBER

**SR 178-748**

*SR*

EFFECTIVE DATE OF REGISTRATION

Jan 26, 1995
Month        Day        Year

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## 1

TITLE OF THIS WORK ▼

FUNKY DRUMMER, VOL. 2

PREVIOUS OR ALTERNATIVE TITLES ▼

NATURE OF MATERIAL RECORDED ▼ See instructions

☒ Musical        ☐ Musical-Dramatic
☐ Dramatic       ☐ Literary
☐ Other

## 2

**NOTE**

**a** NAME OF AUTHOR ▼

JBR RECORDS, INC.

DATES OF BIRTH AND DEATH
Year Born ▼        Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ _____
     Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?     ☐ Yes ☐ No
Pseudonymous?  ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions

NATURE OF AUTHORSHIP   Briefly describe nature of the material created by this author in which copyright is claimed. ▼
* sound recording

**b** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼        Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ _____
     Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?     ☐ Yes ☐ No
Pseudonymous?  ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions

NATURE OF AUTHORSHIP   Briefly describe nature of the material created by this author in which copyright is claimed. ▼

**c** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼        Year Died ▼

and death blank

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ _____
     Domiciled in ▶ _____

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?     ☐ Yes ☐ No
Pseudonymous?  ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions

NATURE OF AUTHORSHIP   Briefly describe nature of the material created by this author in which copyright is claimed. ▼

## 3

**a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED This information must be given in all cases.
1994 ◀ Year

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Complete this information ONLY if this work has been published.
Month FEBRUARY   Day 11   Year 1994
Nation UNITED STATES OF AMERICA

## 4

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2.▼

JBR RECORDS, INC.
C/O GLOBEART INC.
530 EAST 76TH STREET, SUITE 26H
NEW YORK NY 10021

See instructions before completing this space

TRANSFER If the claimant(s) named here in space 4 are different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright.▼

APPLICATION RECEIVED
JAN 26 1995
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
JAN 26 1995
REMITTANCE NUMBER AND DATE

DO NOT WRITE HERE
OFFICE USE ONLY

**MORE ON BACK ▶**   • Complete all applicable spaces (numbers 5-9) on the reverse side of this page
• See detailed instructions.        • Sign the form at line 8

DO NOT WRITE HERE
Page 1 of ___ pages

EXAMINED BY _____     FORM SR

CHECKED BY _____

☐ CORRESPONDENCE
   Yes

☐ DEPOSIT ACCOUNT
   FUNDS USED

FOR
COPYRIGHT
OFFICE
USE
ONLY

**\* Amended by C.O.  Authority of telephone call
on February 7, 1995 with Jane Peterer.**

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes  ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number** ▼      **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION**   Complete both space 6a & 6b for a derivative work; complete only 6b for a compilation.

a. **Preexisting Material**  Identify any preexisting work or works that this work is based on or incorporates. ▼

N/A

b. **Material Added to This Work**  Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

N/A

See instructions
before completing
this space.

**6**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

**Name** ▼      **Account Number** ▼

**7**

**CORRESPONDENCE**  Give name and address to which correspondence about this application should be sent.   Name/Address/Apt/City/State/Zip ▼

GlobeArt Inc.
530 East 76th Street, Suite 26H
New York NY 10021

Area Code & Telephone Number ▶ 212 249 9220

Be sure to
give your
daytime phone
number.

**8**

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the

Check one ▼

☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of JBR RECORDS, INC.
   Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

date ▶ 1/25/95

Handwritten signature (X) ▼

**9**

**MAIL CERTIFICATE TO**

Certificate
will be
mailed in
window
envelope

Name ▼
GlobeArt Inc.

Number/Street/Apartment Number ▼
530 East 76th Street, Suite 26

City/State/ZIP ▼
New York NY 10021

**YOU MUST:**
• Complete all necessary spaces
• Sign your application in space 8

**SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable $20 filing fee
   in check or money order
   payable to Register of Copyrights
3. Deposit material

**MAIL TO**
Register of Copyrights
Library of Congress
Washington, D.C. 20559

\* 17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

July 1991—50,000      ☆U.S. GOVERNMENT PRINTING OFFICE: 1991-282-170/40,004

# EXHIBIT C

# Document Cover Sheet

**UNITED STATES COPYRIGHT OFFICE**

**For Recordation of Documents**

Copyright Office fees are subject to change.
For current fees check the Copyright Office website at
www.copyright.gov, write to the Copyright Office,
or call (202) 707-3000.

Volume _____    Document _____

Volume _____    Document _____

Date of Recordation  M _____ D _____ Y _____
(ASSIGNED BY THE COPYRIGHT OFFICE)

Funds Received _____

**DO NOT WRITE ABOVE THIS LINE · SEE INSTRUCTIONS ON REVERSE**

To the Register of Copyrights: *Please record the accompanying original document or properly certified copy thereof.*

**1** First party name given in the document
*JBR Records, Inc.*
(IMPORTANT: Please read instruction for this and other spaces.)

**2** First title given in the document
*Copyright Assignment*

**3** Total number of titles in the document
*1*

**4** Amount of fee calculated
*$80*

**5** Fee enclosed
☒ Check    ☐ Money order
☐ Fee authorized to be charged to Copyright Office Deposit Account

Deposit Account number _____

Deposit Account name _____

**6** Completeness of document
☒ Document is complete by its own terms    ☐ Document is not complete. Record "as is."

**IMPORTANT NOTE:** *A request to record a document "as is" under 37 CFR §201.4(c)(2) is an assertion that: (a) the attachment is completely unavailable for recordation; (b) the attachment is not essential to the identification of the subject matter of the document; and (c) it would be impossible or wholly impracticable to have the parties to the document sign or initial a deletion of the reference to the attachment.*

**7** Certification of Photocopied Document
Complete this certification if a photocopy of the original signed document is substituted for a document bearing the actual original signature.
**NOTE:** *This space may not be used for documents that require an official certification.*

**I declare under penalty of perjury that the accompanying document is a true and correct copy of the original document.**

Signature _____    Date _____

Duly authorized agent of _____

**8** Return to:
Name *Law Offices of Paul A. Chin - Attn: Paul Chin, Es*
Number/Street *233 Broadway*    Apt/Suite *5th Floor*
City *New York*    State *NY*    Zip *10279*
Phone number *212-964-8030*    Fax number *212-964-2575*
Email *lawyerchin@aol.com*

**SEND TO:** *Library of Congress, Copyright Office, Documents Recordation Section, LM-462, 101 Independence Avenue SE, Washington, DC 20559-6000*
**INCLUDE ALL THESE TOGETHER:** (1) Two copies of this form; (2) payment from a Deposit Account or by check/money order payable to *Register of Copyrights*; and (3) your document.

## COPYRIGHT ASSIGNMENT

**WHEREAS**, JBR RECORDS, INC., a New York Corporation (Assignor), is the owner of all copyrights in and to the sound recording entitled "FUNKY DRUMMER: VOL. 2," Copyrighted Registration Number SR-178-748 (the "Work"); and

**WHEREAS**, Assignor has agreed to assign the Work to BLAND RICKY ROBERTS (Assignee), and Assignee wished to acquire all of Assignor's rights, title and interest in and to the Work, including copyrights therein and any and all renewals and extensions thereof;

**NOW, THEREFORE** for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Assignor does hereby assign to Assignee, free and clear of all liens, claims and encumbrances, all of Assignor's right, title and interest in and to the Works, including any and all copyrights therein, and any and all renewals and extensions thereof under applicable law.  This COPYRIGHT ASSIGNMENT is intended to meet all requirements of section 204(a) of the Copyright Act of 1976 and all amendments thereto.

This COPYRIGHT ASSIGNMENT is made effective as of January 1, 1997

**ASSIGNOR:** JBR RECORDS, INC.

By: _____

Its: President

Date: _10/09/05_

**ACCEPTED:**

_____

Bland-Ricky Roberts - Assignee

Date: _10/09/05_

**STATE OF NEW YORK    )**
                                          )ss.:
**COUNTY OF NEW YORK)**

On _October 9_____, 2005, before me personally appeared Bland-Ricky Roberts, the President, sole owner of JBR RECORDS, INC. and ASSIGNOR identified herein, proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that such person executed the same in such person's authorized capacity.

_____

**Notary Public**

**My Commission expires on _____.**

RAYMOND L. COLON
Notary Public, State of New York
No. 4971702
Qualified in New York County
Commission Expires 09-10  _11-13-06_

