# EXHIBIT W

Dockets.Justia.com

# LAW OFFICES OF PAUL A. CHIN
## MEMBER NEW YORK & MARYLAND BARS

May 18, 2006

**VIA HAND DELIVERY**
The Honorable William H. Pauley III
U.S. District Court Judge
U.S. District Court for the Southern District of New York
500 Pearl Street, Chambers 2210
New York, NY 10007

    Re:   *Request for Pre-Motion Conference*
           *Vargas, et. al. v. Pfizer, Inc., et. al.*
           *U.S. District Court for the Southern District of New York*
           *Case No.: 04 CV 9772 (WHP)*

Dear Judge Pauley:

This firm represents Plaintiffs in the above referenced matter. Pursuant to §2(A)(ii) of Your Honor's Individual Practices and Local Rule 37.2, Plaintiffs request a pre-motion conference with the Court to discuss Plaintiffs' intention to file a motion, pursuant to Rule 37(a) and/or (b) of the Federal Rules of Civil Procedure, either compelling Defendant Brian Transeau ("Defendant Transeau") to appear for deposition in New York, or imposing sanctions against Defendant Transeau for failing to appear for previously scheduled depositions.

Defendant Transeau has failed to appear to be deposed on at least three separate occasions. Despite numerous requests by Plaintiffs to Defendant Transeau and/or his representatives for dates on which Defendant Transeau is available to be deposed, neither Defendant Transeau nor his representatives have provided Plaintiffs with any such information. Although Plaintiffs were initially informed that Defendant Transeau would be available to be deposed on either May 17, 2006 or May 19, 2006, Defendant Transeau has since informed Plaintiffs that he will be "out of the country" on these dates and "cannot afford" to come to New York to be deposed. As explained below, Defendant Transeau has engaged in "delay tactics" to avoid his deposition. As a result, Plaintiffs have no alternative but to move this Court to either compel Defendant Transeau to appear for deposition in New York or sanction Defendant Transeau for his willful failure to comply with Plaintiffs' numerous deposition notices.

Plaintiffs first noticed Defendant Transeau for deposition on October 31, 2005. This deposition was to occur on November 28, 2005 at Plaintiffs' attorneys' law offices in New York. However, this deposition was cancelled as a result of Defendant Transeau's or Eric Stahl's unavailability. Sometime in February 2006, Plaintiffs and Defendants Transeau and East West Communications ("Defendant EWC") (Transeau and EWC are

collectively referred to herein as the "Remaining Defendants") agreed to "hold off" on discovery while Plaintiffs obtained an expert to review a report from the Remaining Defendants' new expert, Dr. Richard Boulanger, which concluded that the infringing composition at issue in this case (referred to as "*Aparthenonia*") was not a digital copy of Plaintiffs' composition (referred to as "*Bust Dat Groove*").

On March 3, 2006, Plaintiffs forwarded to the Remaining Defendants a letter prepared by Plaintiffs' digital signal processing expert, Dr. Steven Smith, which concluded that *Aparthenonia* was an electronic copy of *Bust Dat Groove*. On March 14, 2006, Plaintiffs submitted a notice of deposition for Defendant Transeau and a Rule 30(b)(6) notice of deposition for Defendant EWC. Plaintiffs' notices required that Defendant Transeau be deposed on March 24, 2006 at the Law Offices of Paul A. Chin in New York City. However, this deposition did not occur because on March 21, 2006, Eric Stahl, Esq. withdrew as counsel for Defendant Transeau. As of today's date, no new attorney has entered an appearance in this case on behalf of Defendant Transeau.

On April 11, 2006, a letter was sent to Defendant Transeau demanding that he contact this office in order to re-schedule his deposition. It was explained in the letter that if Defendant Transeau did not contact this office to schedule his deposition Plaintiffs would file a motion requesting that the Court compel his deposition. Defendant Transeau did not respond to Plaintiffs' April 11th letter.

On April 28, 2006, another letter was sent to Defendant Transeau, via express mail, demanding that he contact this office to schedule a date for his deposition. This letter also explained that if Defendant Transeau failed to contact this office to schedule a date for his deposition, Plaintiffs would move to compel his deposition or request that the Court strike Defendant Transeau's answer. Defendant Transeau did not respond to Plaintiffs' April 28th letter.

On March 2, 2006, Plaintiff was informed by Eric Stahl that Defendant Transeau's first attorney, Kurosh Nasseri, Esq., wanted us to contact him to arrange Defendant Transeau's deposition. On May 10, 2006, Plaintiffs sent a letter to Mr. Nasseri requesting that Defendant Transeau appear for deposition on either May 17, 2006 or May 19, 2006 (Defendant Transeau was apparently available on these two dates). Plaintiffs also agreed to conduct Defendant Transeau's deposition in New York City or in Washington, D.C., at Mr. Nasseri's offices. Plaintiffs' May 10th letter made clear that if Defendant Transeau did not appear for deposition on either of these dates, Plaintiffs would move for sanctions against him. Mr. Nasseri did not respond to Plaintiffs' May 10th letter.

On May 12, 2006, Plaintiffs wrote Eric Stahl in order to ascertain if he had any information regarding Defendant Transeau's availability for deposition. Plaintiffs advised Mr. Stahl that if Defendant Transeau failed to appear for his deposition on either May 17th or May 19th Plaintiffs would have no alternative but to move to strike Defendant Transeau's answer. A copy of this letter was sent by facsimile to Mr. Nasseri and by first-class mail to Defendant Transeau.

233 BROADWAY • 5TH FLOOR • NEW YORK, NEW YORK • 10279
PHONE: 212-964-8030 • FAX: 212-964-2575

On Monday, May 15, 2006, I received my first communication, via e-mail, from Defendant Transeau. Defendant Transeau not only claimed that he had been trying to contact this office on at least four previous occasions but that he was ready willing and able to give his deposition and has been so ready for months. Despite Defendant Transeau's specious claims, Plaintiffs, via e-mail, informed Defendant Transeau that he was scheduled to have his deposition taken on May 17th or May 19th in Washington, D.C. or in New York City. Although these two dates had been scheduled based on Defendant Transeau's availability, Defendant Transeau now claimed that he could not appear to be deposed on either of these dates because he would be out of the country. On May 15, 2006, Defendant Transeau informed Plaintiffs that he would not appear for his previously scheduled depositions because he could not afford to travel to New York City or Washington, D.C.

Defendant Transeau has refused to appear for his previously scheduled depositions and has failed to timely contact this office to re-schedule his deposition. Plaintiffs, on at least four separate occasions, have attempted to resolve this dispute without success.

For the foregoing reasons, Plaintiffs respectfully request that the Court schedule a pre-motion conference with the parties to discuss Plaintiffs' proposed motion to compel the deposition of Defendant Transeau in New York City or, in the alternative, a motion for sanctions against Defendant Transeau for his willful failure to appear for deposition.

Respectfully submitted,

Paul A. Chin

cc: Brian Transeau     (via facsimile)
2658 Griffiths Park Blvd., #511
Los Angeles, CA 90039

Eric M. Stahl, Esq.     (via facsimile)
Davis Wright Tremaine LLP
2600 Century Square
1501 Fourth Avenue
Seattle, WA 98101-1688
*Attorneys for Defendant East West Communications, Inc.*