UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RALPH VARGAS AND BLAND RICKY ROBERTS,<br><br>Plaintiffs,<br><br>v.<br><br>PFIZER INC., PUBLICIS, INC., FLUID MUSIC, EAST WEST COMMUNICATIONS, INC., AND BRIAN TRANSEAU P/K/A "BT",<br><br>Defendants. | 04 CV 9772 (WHP)<br>ECF CASE |

## DECLARATION OF CHRISTIAN CHADD TAYLOR IN SUPPORT OF BRIAN TRANSEAU'S MOTION
## FOR COSTS AND ATTORNEYS' FEES

I, Christian Chadd Taylor, declare as follows:

1. I am a partner at the law firm of Kirkland & Ellis LLP ("Kirkland"), attorneys of record in this matter for Defendant Brian Transeau. I am admitted to practice law in the State of California. I make this declaration in support of Defendants' Motion for Attorneys' Fees. I have personal knowledge of the facts set out below and if called as a witness could and would testify competently to them under oath.

2. Kirkland began representing Brian Transeau in the above-captioned matter in June 2006. Kirkland is a international law firm with more than 1200 attorneys. The firm has five offices in the United States, including in New York, New York and San Francisco, California. Kirkland has been widely recognized as having one of the best litigation and intellectual property litigation practices in the country.

3. Kirkland agreed to represent Mr. Transeau on a *pro bono publico* basis. While it is seeking to recover its fees and costs, Kirkland will only use any amounts recovered to satisfy its out-of-pocket expenses. Consistent with its commitment to public service, once Kirkland has met those expenses, Kirkland will donate any remaining amounts to one or more providers of *pro bono* legal services consistent with the guidelines established by the Pro Bono Institute.

4. Attached as Exhibit 1 are true and correct copies of invoices of this firm's fees and costs for work performed on behalf of Mr. Transeau in the above-captioned matter, which set forth the fees for which Kirkland and Ellis LLP is seeking to recover.

5. The services for which fees and costs have been incurred were actually and necessarily incurred in defending Mr. Transeau against Plaintiffs' claims under the Copyright Act. All of the work performed was necessary and required to defend these claims.

1

6.      The fees and costs in Exhibit 1 are for work related to discovery, summary judgment and trial preparation (i.e. preparation of the proposed pretrial order and related submissions), and does not include fees for hundreds of hours attorneys worked on related research for trial preparation and issues not raised in Defendants' summary judgment motion. The attorneys and legal assistants who participated in this litigation billed their time at Kirkland's standard rates at the times that the services were performed.

7.      As reflected in Exhibit 1, it is a standard practice of this firm for all attorneys and paralegals to record each day as to each matter on which they worked the amount of time expended and a description of the work performed. That data is input into a computer system, and at the end of each month a compilation is printed by the computer that includes entries for each billing attorney or paralegal on each matter. The compilation indicates for each day of the billing period the work performed and the hours expended by each billing attorney or staff member, and the total fees for each such time entry.

8.      I received my J.D. Degree from Indiana University School of Law in 1994. My practice has consisted exclusively of civil litigation, with an emphasis on intellectual property in state and federal courts nationwide.

9.      Based on my practice of law for nearly 13 years, based on my billing experience with clients and based on my knowledge of the attorneys' fees charged by my contemporaries and competitors, the following hourly rates charged for the attorney time in the instant matter are reasonable. I believe they are comparable to rates charged by other legal professionals in New York with equivalent experience levels for similar legal experience.

10.     Alice Garber, the partner working on this matter, received her J.D. Degree from George Washington Law School in 1999, and is admitted to practice law in California and is

admitted pro hac vice in this matter. Her practice has consisted exclusively of civil litigation, with an emphasis on intellectual property matters. In June 2006, Ms. Garber's hourly rate was $430/hour; in July 2006, Ms. Garber's hourly rate increased to $450/hour. In January 2007, after Ms. Garber became a partner at Kirkland, her hourly rate was $500/hour.

11. Julie Ahrens, an associate working on this matter, received her J.D. Degree from Benjamin N. Cardozo School of Law in 2002, and is licensed to practice law in New York and California. In June 2006, Ms. Ahrens' hourly rate was $385/hour; in July 2006, Ms. Ahrens's hourly rate increased to $415/hour; in January 2007, Ms. Ahrens' hourly rate increased to $435/hour.

12. Christopher Keegan, another associate working on this matter, received his J.D. Degree from Notre Dame in 2002, and is licensed to practice law in Illinois and California, and is admitted pro hac vice in this matter. In June 2006, Mr. Keegan's hourly rate was $385/hour; in July 2006, Mr. Keegan's hourly rate increased to $415/hour; in January 2007, Mr. Keegan's hourly rate increased to $435/hour.

13. Jaime Smith, the senior paralegal specialist working on this matter, has been with the firm for more than four years. In June 2006, Ms. Smith's hourly rate was $195/hour; in January 2007, Ms. Smith's hourly rate increased to $200/hour. Ms. Smith was assisted by Krista Merkely, a case assistant. In June 2006, Ms. Merkely's hourly rate was $145/hour; in January 2007, Ms. Merkeley's hourly rate increased to $160/hour.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on June 27, 2007 in San Francisco, California.

Christian Chadd Taylor