UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
------------------------------------------------------------x
RALPH VARGAS and
BLAND-RICKY ROBERTS,            : Case No. 04 CV 9772 (WHP)
                                :
           Plaintiffs,          : **REPLY IN SUPPORT OF**
                                : **DEFENDANT EAST WEST**
    - against -                 : **COMMUNICATIONS, INC.'S**
                                : **MOTION FOR ATTORNEYS' FEES**
PFIZER INC., PUBLICIS, INC., FLUID : **AND COSTS**
MUSIC, EAST WEST COMMUNICATIONS, :
INC. and BRIAN TRANSEAU p/k/a "BT", :
                                :
           Defendants.          :
------------------------------------------------------------x

East West Communications, Inc. ("East West") respectfully submits this reply in support of its motion for an award of attorneys' fees and costs.

**1.    East West's Fee Request Is Reasonable.**

East West seeks to recover only those expenses that it actually incurred in defending itself in this litigation. The amounts sought in the motion are reasonable. Plaintiffs' opposition memorandum does not seriously contend otherwise.

First, Plaintiffs do not (because they cannot) claim that the hourly rates charged by Davis Wright Tremaine LLP ("DWT") are unreasonable. In fact, as noted in East West's motion, the rates that DWT charged (and that East West actually paid) are the firm's usual and customary rates, and the bulk of the work was performed by a Seattle-based attorney whose billing rate is substantially less than that of New York-based attorneys of similar (or lesser) experience.

Nor do Plaintiffs offer any real challenge to the reasonableness of the hours DWT spent working on this case. Plaintiffs allege that the Defendants' time records are vague and not itemized. Opp. at 24. But they fail to cite even a single example, and their conclusory allegation is refuted by the detailed invoices submitted in support of the motion. These invoices – which

are the same invoices DWT sent to its clients – specify, on a daily basis, precisely what tasks DWT performed.

Plaintiffs complain that "one partner, three associates and two legal assistants" from DWT worked on the case. Opp. at 24. The suggestion that DWT overstaffed this matter is disingenuous in the extreme. In fact, as the DWT invoices show, almost all of the work on this case was done by one attorney, who billed at a "Seattle rate" that was substantially less than that of the other lawyers available to work on the matter. Time expended by other lawyers and by paralegals was miniscule.[1]

### 2. An Award of Fees Would Further the Purposes of the Copyright Act.

Plaintiffs offer three arguments why an award of fees would not further the Copyright Acts' purposes. All three are unavailing.

First, Plaintiffs argue that fees should be awarded in a manner that encourages the creation of copyrighted works. Opp. at 17. This point is correct – but rather than help Plaintiffs, it fully supports a fee award to Defendants here. Plaintiffs ignore the fact that Defendants are in the business of creating and distributing creative works. Indeed, Plaintiffs' attempt to claim exclusive rights in basic rhythm components forced East West to withdraw the product containing *Aparthenonia* from the market as a precaution, and more generally posed a threat to East West's ability to create and distribute its soundware products – products that exist in order to be used by other artists to record new musical works. By meeting this threat, East West defended the breathing space required to foster the origination of additional copyrighted works, thereby furthering the Copyright Act's basic purpose.

---

[1] As the DWT invoices show, the two legal assistants billed less than 8 hours combined on the case. Two of the associates billed even less time than that. The third associate (Sam Leaf) spent fewer than 25 hours on the case, primarily attending hearings in New York and assisting with local practices and filings.

2

Second, Plaintiffs claim that an award of fees in this case would have a "chilling effect" on lawsuits such as this one. *Id.* But lawsuits such as this one – apparently based on nothing more than Plaintiffs' vague sense that Defendants' simple, common drum pattern sounded like a simple, common drum pattern that Plaintiff had once recorded – *should* be chilled. This is a case in which Plaintiffs ultimately admitted that they had *no* evidence Defendants had access to their work, and *no* evidence of actual copying. Protecting copyright holders from the threat of such nuisance claims is fully consistent with the Copyright Act's purpose.

Finally, Plaintiffs claim that fees should be denied because Defendants' drum loop is contained on a soundware product that is licensed for a fee: "Defendants' position that while the general public should have the right to freely use *Bust Dat Groove* in creating new musical works, but must pay [a] 'licensing fee' for the public's use of *Aparthenonia* in creating new musical works is absurd." Opp. at 18. This is a complete non-sequitur. First, it has been established that Defendants did *not* use *Bust Dat Groove* in any fashion. Second, Plaintiffs' claim is factually incorrect: the only "licensing fee" charged by East West is the purchase price of the soundware disk on which *Aparthenonia* appears – a disk that contains over 400 other drum loops. Defendants do not license *Aparthenonia* as an individual work, and (unlike Plaintiffs) have never claimed exclusive rights in the basic elements contained therein. Defendants' alleged licensing practices have no bearing on this case or on any issue now facing the Court.

Plaintiffs' remaining arguments amount to a plea that a fee award would be inequitable in this case. But the equities favor Defendants. East West is a small company, with no in-house counsel. Plaintiffs' baseless claims caused East West to withdraw its product from the market, leading to a loss of income. Moreover, East West had no choice but to defend itself against Plaintiffs' claims, which it reasonably perceived as a direct threat to its business and to the music

business generally. In pursuing its defense, East West acted efficiently and did everything it could to minimize its legal expenses, as outlined in its moving papers. The fees it did incur over the course of two-plus years of litigation are reasonable under any measure.

For the foregoing reasons, East West respectfully asks that the Court enter an award against Plaintiffs and in favor of East West, in the amount of $44,736.00.

DATED this 21st day of August, 2007.

Davis Wright Tremaine LLP
Attorneys for East West Communications, Inc.

By /s/ Christopher Robinson

Eric M. Stahl (ES 8910) (*pro hac vice*)
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Telephone: (206) 757-8148
Fax: (206) 757-7148
E-mail: ericstahl@dwt.com

Christopher J. Robinson (CR 9165)
27th Floor
1633 Broadway
New York, NY 10019-6708
Telephone: (212) 489-8230
Fax: (212) 489-8340
E-mail: chrisrobinson@dwt.com