UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## TABLE OF CONTENTS

| | |
|---|---|
| TABLE OF AUTHORITIES………………………………………… | 3 |
| INTRODUCTION…………………………………………………… | 4 |
| PRELIMINARY STATEMENT……………………………………. | 4 |
| LEGAL ARGUMENT ……………………………………..… | 5 |
| POINT I      LEGAL STANDARD …………………………………….. | 5 |
| POINT II      THIS COURT SHOULD STAY THESE PROCEEDING…… | 6 |
| CONCLUSION ……………………………………………………. | 8 |
| PROPOSED ORDER………………………………………………… | 10 |
| CERTIFICATE OF SERVICE………………………………………….. | 11 |

# TABLE OF AUTHORITIES

**CASES**

Agee v. Paramount Communications, Inc.,
869 F.Supp. 209 (S.D.N.Y. 1994)……………………………………….. 6

Fonar Corp. v. Magnetic Resonance Plus, Inc.,
935 F.Supp. 443 (S.D.N.Y. 1996)……………………………………….. 6

Gallo v. Prudential Residential Services,
22 F.3d 1219 (2d Cir. 1994)…………………………………………… 7

Hayes v. City Univ. of New York,
503 F.Supp. 946 (S.D.N.Y. 1980) …………………………………………. 5

Matthew Bender & Co. v. West Publishing Co.,
240 F.3d 116 (2d Cir. 2001)……………………………………………. 7

Mohammed v. Reno,
309 F.3d 95 (2d Cir. 2000) ……………………………………………. 5-6

Repp v. Weber,
132 F.3d 882 (2d Cir. 1997) …………………………………………... 7

Rodriguez v. DeBuono,
175 F.3d 227 (2d Cir. 1998)…………………………………………… 5

**INTRODUCTION**

Plaintiffs Ralph Vargas and Bland-Ricky Roberts (collectively "Plaintiffs") hereby submit this memorandum of law in support of their motion to stay further proceedings in this action pending a decision by the U.S. Court of Appeals for the Second Circuit (the "Second Circuit") on Plaintiffs' appeal of: (i) the decision and order of this Court, dated May 9, 2007, granting Defendants East West Communications, Inc. and Brian Transeau's ("Defendants") second motion for summary judgment and dismissing Plaintiffs' action (the "Summary Judgment Order"); and (ii) the decision and order of this Court, dated September 11, 2007, granting Defendants' motion for attorneys' fees but reserving decision on the amount of attorneys' fees to be awarded (the "Attorneys' Fees Order")[1].

**PRELIMINARY STATEMENT**

Plaintiffs hereby move this Court for a stay of further proceedings in this action pending a decision by the Second Circuit on Plaintiffs' appeal of the Orders. The Court, in rendering its Attorneys' Fees Order, indicated that it would grant a request by Defendants to conduct additional discovery into Plaintiffs' finances before rendering a decision as to the amount of attorneys' to awarded against Plaintiffs. Plaintiffs have filed, and served, their notice of appeal with the Second Circuit and expect to receive a briefing schedule shortly. If Plaintiffs are successful on their appeal, the lengthy, costly and intrusive discovery process sanctioned by this Court's Attorneys' Fees Order will be unnecessary. Staying further proceedings in this action will neither prejudice Defendants nor cause them any hardship. In addition, this is not to be a stay of indefinite duration-it will be lifted upon resolution of Plaintiffs' appeal, at which time the Court can, if

---

[1] The Summary Judgment Order and the Attorneys' Fees Order shall be collectively referred to herein as the "Orders."

necessary, promptly make a determination as to the amount of attorneys' fees, if any, to be awarded to Defendants.

For the foregoing reasons, this Court should grant Plaintiffs' motion and stay all further proceedings in this action pending a decision by the Second Circuit on Plaintiffs' appeal of the Court's Orders.

**LEGAL ARGUMENT**

**POINT I**
**LEGAL STANDARD**

The district court's decision to issue a stay of an order pending appeal lies within its discretion. Hayes v. City Univ. of New York, 503 F.Supp. 946, 962 (S.D.N.Y. 1980). In considering whether a stay of an order pending appeal is appropriate, the district court must evaluate several factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies.

Rodriguez v. DeBuono, 175 F.3d 227, 234 (2d Cir. 1998). The Second Circuit has further indicated that a court may properly "grant a stay pending appeal where the likelihood of success is not high but the balance of hardships favors the applicant ... [or] where the probability of success is 'high' and 'some injury' has been shown." Mohammed v. Reno, 309 F.3d 95, 100, 102 (2d Cir. 2000). In applying these criteria, the Second Circuit cautioned that a district court should be "properly concerned" with ensuring that it does not set "too high a standard" in making the likelihood of success determination, as doing so effectively requires that "the trial judge ... assess the likelihood that the ruling just made will be rejected on appeal." Id. at 101 n.8. Further,

"[t]he probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [the moving party] will suffer absent the stay. Simply stated, more of one excuses less of the other." Mohammed v. Reno, 309 F.3d at 101.

Courts in this district have stayed further proceedings regarding a prevailing parties' motion for attorneys' fees pending the non-prevailing parties' appeal on the final decision and order upon which the prevailing parties' motion for attorneys' fees are based. *See*, Fonar Corp. v. Magnetic Resonance Plus, Inc., 935 F.Supp. 443, 447 (S.D.N.Y. 1996); Agee v. Paramount Communications, Inc., 869 F.Supp. 209, 210, 213 (S.D.N.Y. 1994). This Court should stay all further proceedings in this action regarding Defendants' motion for attorneys' fees pending a decision by the Second Circuit on Plaintiffs' appeal of the Orders.

**POINT II**
**THIS COURT SHOULD STAY THESE PROCEEDINGS**

The Court should stay these proceedings until the Second Circuit rules on the Plaintiffs' appeal. Reversal by the Second Circuit of either of the Court's Orders would moot any further proceedings in this action regarding the Defendants' motion for attorneys' fees (i.e. further discovery, Court's decision as to the amount of attorneys' fees to be awarded, etc.). Thus, waiting for the Second Circuit to rule may save a great deal of work for the Court, and work and expense for the parties.

While Plaintiffs' appeal raises six separate legal issues for the Second Circuit's consideration, the crux of each of these issues suggests that the Court either abused its discretion, failed to apply the proper legal standard and/or failed to follow controlling legal precedent when it in granted Defendants' second motion for summary judgment and motion for attorneys' fees.

With respect to the court's Summary Judgment Order, Plaintiffs argue on appeal that the Court: (i) failed to accept as true Plaintiffs' expert evidence of striking similarity; and (ii) committed reversible error when it accepted Defendants' expert evidence and rejected Plaintiffs' competing expert evidence in granting summary judgment in Defendants' favor. The pertinent question, with respect to these issues, is whether or not the Court's analysis of the evidence submitted on summary judgment and its subsequent opinion was consistent with the Second Circuit's decision in Repp v. Weber, 132 F.3d 882, 891 (2d Cir. 1997). Moreover, Plaintiffs believe that they will be successful on their appeal of the Court's Summary Judgment Order because the evidence presented by Plaintiffs in opposition to Defendants' second motion for summary judgment was not so "slight" that a reasonable jury could not render a judgment in their favor. Gallo v. Prudential Residential Services, 22 F.3d 1219, 1223 (2d Cir. 1994).

While the facts of this case suggests that Plaintiffs have a strong likelihood of success on their appeal of the Court's Summary Judgment Order, there is a stronger likelihood that Plaintiffs will be successful on their appeal of the Court's Attorneys' Fees Order. Despite the Second Circuit's clear directive that attorneys' fees, pursuant to 17 U.S.C. §505, should not be awarded absent a clear showing that the non-prevailing parties' claims were objectively unreasonable (*See,* Matthew Bender & Co. v. West Publishing Co., 240 F.3d 116, 121-122 (2d Cir. 2001)) this Court determined that Defendants were entitled to an award of attorneys' fees even though Plaintiffs, *inter alia*: (i) survived defendants' first motion for summary judgment; and (ii) successfully resolved, to their advantage, all of their claims against three of the five defendants. The fact that there was no evidence that Plaintiffs commenced or maintained their action in bad faith further supports a reversal of the Court's Attorneys' Fees Order.

Finally, since Defendants are parties to Plaintiffs' appeal they will not be injured or prejudiced by a stay of these proceedings. In other words, this is not a case where Defendants will have to "sit around" and wait for the rights of other parties to be adjudicated on appeal before obtaining a determination by this Court as to the amount of attorneys' fees to be awarded in this case. In addition, the Court has stated that it will grant any request by Defendants to conduct additional discovery into Plaintiffs' finances prior to determining the amount of attorneys' that should be awarded in this case. Such discovery will be time consuming and expensive. On the other hand, if a stay is denied Plaintiffs will have to undergo intrusive discovery into their financial affairs that will be time consuming and costly. Thus, waiting for the Second Circuit on Plaintiffs' appeal may save a great deal of work for the Court, and work and expense for the parties.

## **CONCLUSION**

For the reasons stated above, it is respectfully requested that the Court grant Plaintiffs' motion to stay further proceedings in this action pending a decision on Plaintiffs' appeal of the Orders.

Dated: New York, New York
       October 1, 2007

Respectfully submitted,

    s/Paul A. Chin
Paul A. Chin, Esq. (PC 9656)
LAW OFFICES OF PAUL A. CHIN
The Woolworth Building
233 Broadway, 5th Floor
New York, NY 10279
(212) 964-8030
*Attorneys for Plaintiff*

To:    Anthony Falzone, Esq.
        Julie Ahrens, Esq.
        Center for Internet and Society
        Stanford Law School
        559 Nathan Abbott Way
        Stanford, CA 94305-8610
        *Counsel for Defendant Brian Transeau*

Eric M. Stahl, Esq.
Davis Wright Tremaine, LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
*Counsel for Defendant East West Communications*

Alice Garber, Esq.
Kirkland & Ellis, LLP
555 California Street, Suite 2700
San Francisco, CA 94104
*Counsel for Defendant Brian Transeau*

David S. Olson, Esq.
Boston College Law School
Stuart House
885 Centre Street
Newton, MA 02459-1163
*Counsel for Defendant Brian Transeau*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| RALPH VARGAS and BLAND-RICKY ROBERTS | : | CASE NO.: 04 CV 9772 (WHP) |
| Plaintiffs | : | |
| vs. | : | (ECF CASE) |
| PFIZER INC., PUBLICIS, INC., FLUID MUSIC, EAST WEST COMMUNICATIONS, INC. and BRIAN TRANSEAU p/k/a "BT" | : | |
| Defendants | : | |

## **PROPOSED ORDER**

**Upon** consideration of Plaintiffs' motion to stay further proceedings in this action pending a decision by the U.S. Court of Appeals for the Second Circuit on Plaintiffs' appeal of the Orders of this Court and the memorandum of law in support thereof, and Defendants' opposition thereto, and all the pleadings and proceedings had herein, it is hereby

**ORDERED** that Plaintiffs' motion is **GRANTED**, and its is further,

**ORDERED** that all further proceedings in this action currently before this Court shall be and are hereby **STAYED** pending a decision by the U.S. Court of Appeals for the Second Circuit on Plaintiffs' appeal of the Orders.

Dated: New York, New York  
      October _____, 2007

**ENTER:**

_____  
United States District Court Judge

# CERTIFICATE OF SERVICE

On the 1st day of October, 2007, a true and correct copy of the MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STAY PENDING APPEAL, and the proposed order attached thereto, was served pursuant to Rule 5.2 of the Local Rules of the U.S. District Court for the Southern District of New York, to the following the attorneys representing the Defendants:

> Anthony Falzone, Esq.
> Julie Ahrens, Esq.
> Center for Internet and Society
> Stanford Law School
> 559 Nathan Abbott Way
> Stanford, CA 94305-8610
> *Counsel for Defendant Brian Transeau*
>
> Eric M. Stahl, Esq.
> Davis Wright Tremaine, LLP
> 1201 Third Avenue, Suite 2200
> Seattle, WA 98101-3045
> *Counsel for Defendant East West Communications*
>
> Alice Garber, Esq.
> Kirkland & Ellis, LLP
> 555 California Street, Suite 2700
> San Francisco, CA 94104
> *Counsel for Defendant Brian Transeau*
>
> David S. Olson, Esq.
> Boston College Law School
> Stuart House
> 885 Centre Street
> Newton, MA 02459-1163
> *Counsel for Defendant Brian Transeau*

|  |  |
|---|---|
|     10/1/07     |     s/ Paul A. Chin     |
| Date | Paul A. Chin, Esq. (PC 9656) |
|  | LAW OFFICES OF PAUL A. CHIN |
|  | The Woolworth Building |
|  | 233 Broadway, 5th Floor |
|  | New York, NY 10279 |
|  | (212) 964-8030 |
|  | *Attorneys for Plaintiffs* |