**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RALPH VARGAS AND BLAND RICKY ROBERTS,<br><br>                    Plaintiffs,<br><br>     v.<br><br>PFIZER INC., PUBLICIS, INC., FLUID MUSIC, EAST WEST COMMUNICATIONS, INC., AND BRIAN TRANSEAU P/K/A "BT",<br><br>                    Defendants. | 04 CV 9772 (WHP)<br>ECF CASE |

**DEFENDANT TRANSEAU'S OPPOSITION TO PLAINTIFFS' MOTION TO
STAY FURTHER PROCEEDINGS PENDING APPEAL**

Defendant Brian Transeau ("BT") respectfully submits this opposition to Plaintiffs' Motion to Stay Further Proceedings Pending Appeal filed on October 1, 2007.[1]

**INTRODUCTION**

Plaintiffs' motion for a stay seeks relief from nothing more than a problem of their own creation. After asking this Court to consider their financial condition before entering an order on Defendants' motion for attorneys' fees and costs, Plaintiffs submitted information that disregards the Court's explicit instructions and is implausible on its face. Now facing discovery designed to examine the completeness and accuracy of Plaintiffs' submissions, Plaintiffs ask the Court to halt all further proceedings on that issue. The only ground for that request is an appeal that is premature and ineffective under the Federal Rules of Civil and Appellate Procedure, as well as this Court's May 23 order extending Plaintiffs' time to appeal the judgment of dismissal until 30 days after the Court enters an order "disposing" of Defendants' fee motion.

If Plaintiffs are granted a stay, it will result in the piecemeal adjudication of this case, and the potential for further financial obfuscation. Through their submissions and request for a stay, Plaintiffs have demonstrated they are not committed to a full and fair inquiry into their financial condition, and the Court should therefore decline to consider Plaintiffs' financial condition on that basis. Rather than stay further proceedings, the Court should simply dispose of the pending fee motion by issuing an order awarding Defendants fees based in the full amount of fees and expenses documented by Defendants. Once this Court enters that order (or any final order on the fee motion), Plaintiffs can

---

[1] Defendant East West Communications, Inc. joins Defendant Transeau's opposition.

proceed before the Court of Appeals in a single appeal.  A stay is not warranted, will waste judicial resources, and this Court should deny Plaintiffs' request.

**ARGUMENT**

**A. The Court Should Not Stay Proceedings Pending Resolution of Plaintiffs' Appeal Because Plaintiffs' Appeal Is Premature, Ineffective And Subject To Dismissal By The Second Circuit**

Plaintiffs request that this Court stay proceedings while they appeal two supposed orders: (1) the Court's May 9, 2007 order granting Defendants' motion for summary judgment; and (2) the Court's September 11, 2007 "decision and order … granting Defendants' motion for attorneys' fees." Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion to Stay Proceedings Pending Appeal. ("Pl. Br.") at 4.

The fact is Plaintiffs' have no proper appeal.  Their appeal of the judgment on the merits is "ineffective" under the Federal Rules of Appellate Procedure, and there is no appealable order concerning attorneys' fees.

**1. Plaintiffs' Premature And Ineffective Merits Appeal**

On May 23, the Court entered an order on the parties' stipulation, which extended Plaintiffs' time to appeal the merits judgment to "30 days after the Court enters an order disposing of Defendants' motion for attorneys' fees, as set forth in Federal Rule of Appellate Procedure 4(a)(4)(A)(iii)." Declaration of Julie A. Ahrens ("Ahrens Dec.") Ex. A, Stipulation and Order Extending Time to File Motion for Attorneys' Fees, Request to Tax Costs, and Notice of Appeal ("Stipulation and Order") at 2.  Federal Rule of Appellate Procedure 4(a)(4), in turn, states that any notice of appeal of the merits judgment that is filed before that date is not "effective" until the Court enters an order "disposing" of Defendants' motions for attorneys' fees.  *See* Fed. R. App. Proc. 4(a)(4)(B) ("if a party

3

files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.")[2] Accordingly, while Plaintiffs may be free to notice their appeal from the merits judgment prior to the time the Court "disposes" of the fee motion, that notice of appeal is not "effective" until the Court issues such an order. *See id.*

Here, the Court has issued no such order. On the contrary, the Court advised Plaintiffs' counsel it would issue a written order on "the appropriateness of imposing an award" of fees. *See* Ahrens Dec. Ex. B, September 11, 2007 Hearing Transcript ("Tr.") at 25:15-23. Even if this Court had made a decision about "the appropriateness of imposing an award," a motion for attorneys' fees is not "disposed of" until the district court issues an order determining the amount fees and costs awarded. *See Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 86 (2nd Cir. 1998) ("[w]here attorney's fees and costs have been awarded, but not determined, the order is not final."); *Discon, Inc. v. NYNEX Corp.*, 4 F.3d 130, 133 (2nd Cir. 1993) ("an order that determines liability but leaves damages to be calculated is not final") (*quoting* 16 Charles A. Wright et al., *Federal Practice and Procedure* § 4009, at 576 (1977)). Accordingly, Plaintiffs' Notice of Appeal from the judgment of dismissal is premature and does not become "effective" until the Court disposes of the pending motion for attorneys' fees and costs by issuing an order and setting the amount of the award, if any.

---

[2] A Motion for Attorneys' Fees is listed in Rule 4(a)(4) as one of the motions that tolls the time to appeal until it is disposed of, so long as "the district court extends the time to appeal under Rule 58." Fed. R. App. P. 4(a)(4)(A)(iii). Here, there is no dispute that Rule 4(a)(4) applies, because the Court's order extending the time to notice an appeal references that Rule specifically. *See* Ahrens Dec. Ex. A, Stipulation and Order at 2.

4

### 2. Plaintiffs' Premature Fee Appeal

In addition to their ineffective merits appeal, Plaintiffs attempt to appeal the Court's "order . . . rendered on September 11, 2007 and entered on September 14, 2007, granting Defendant[s'] . . . motion for attorneys' fees" Ahrens Dec. Ex. C, Plaintiffs' Notice of Appeal at 1. That appeal is premature and ineffective because there is no such order. The Court has not yet issued or entered an order on Defendants' Motion for Attorneys' Fees and Costs. On the contrary, the Court's September 14 order does nothing more than set the dates by which Plaintiffs were required to submit further financial information, and the date by which Defendants were to respond to Plaintiffs' submissions. *See* Ahrens Dec. Ex. D, September 14, 2007 Order at 1. Indeed, at oral argument on Defendants' fee motion this Court explained – upon Plaintiffs' counsel's inquiry – that it would issue a written "opinion" regarding the "appropriateness of imposing an award." Ahrens Dec. Ex. B, Tr. at 25:15-23.

In light of the fact that Plaintiffs' Notice of Appeal is ineffective and premature as to both appeals it supposedly notices, BT will move the Second Circuit to vacate its scheduling order until such time as the fee motion is "disposed" of, or in the alternative, to dismiss the appeal.

### B. The Court Should Relieve Plaintiffs Of Their Burden By Disregarding Their Financial Condition And Awarding Fees And Costs In The Full Amount Sought

The only matter left for resolution in this Court is an order disposing of Defendants' motion for attorneys' fees, which will presumably include this Court's determination of an appropriate fee award. Plaintiffs admit they want to avoid "the

lengthy, costly and intrusive discovery process sanctioned by this Court's Attorneys' Fees Order." Pl. Br. at 4.

Plaintiffs apparently forget that their financial condition is being considered only at their urging. Plaintiffs likewise ignore the fact that "lengthy" or "costly" discovery is necessary only because they failed to provide information that complies with the Court's instructions and which raises more questions than it answers. *See* Defendant Transeau's Response to Plaintiffs' Financial Statements, Filed Oct. 5, 2007, at 2-4. Plaintiffs have proved they are unwilling to do what it takes to permit full and fair consideration of their financial condition, and expressly seek to avoid the cost and intrusion of testing the veracity of the limited and insufficient information they have submitted. Accordingly, they should be relieved of the burden they complain about. Specifically, the Court should disregard their financial condition based on Plaintiffs' refusal to fully and fairly disclose the details of their financial condition, and award Defendants' fees and costs in the full amount documented in their motion for attorneys' fees and costs. *See Agee v. Paramount Communications, Inc.*, 869 F.Supp. 209, 212 (refusing to consider plaintiff's financial condition as a factor in deciding fee motion where plaintiff "elected to plead poverty without proof.") (S.D.N.Y. 1995).

### C. Plaintiffs Propose A Course of Action That Is Less Efficient, Not More

Plaintiffs argue "waiting for the Second Circuit to rule may save a great deal of work for the Court, and work and expense for the parties." Pl. Br. at 6. Plaintiffs are simply wrong. Plaintiffs' premature notice of appeal has already necessitated significant additional work, including the briefing of this motion and the motion BT will soon file in the Second Circuit. Moreover, granting Plaintiffs' request will cause their

6

appeal to proceed piecemeal (if at all) rather than as a single appeal, as the parties' stipulation and the Court's May 23 order clearly contemplates. None of this would have been an issue had Plaintiffs done the simple and obvious thing: present full, complete and accurate information concerning their financial conditions.

If it were truly Plaintiffs' intention to save the Court and the parties unnecessary work, they would have simply noticed the appeal from the merits judgment *before* the parties' briefed and argued – and the Court began considering – Defendants' fee motion. Instead of doing that, Plaintiffs waited until the Court had announced its inclination to award fees, and only then did they act on their professed desire to save resources. The time to unhitch the fee issue from the merits issue is long past, and attempting to do so now has imposed more, not less, unnecessary work on everyone.

### D. If The Court Issues A Stay, It Should Do So Only If Plaintiffs Post A Bond Sufficient To Cover The Full Amount Of Fees And Costs Requested

The Court is empowered under Local Rule 54.2 to "order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate." *See* Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Rule 54.2. While the rule specifies security for costs, security for attorneys' fees may be included in that award where, like here, a statute allows the party seeking the security to recover attorneys' fees. *See, e.g., Drexel Burnham Lambert Group, Inc. v. Committee of Receivers for A.W. Galadari*, 810 F.Supp. 1375, 1393 (S.D.N.Y.1993), *rev'd on other grounds*, 12 F.3d 317 (2nd Cir. 1993); *Herbstein v. Bruetman*, 141 F.R.D. 246, 247 (S.D.N.Y. 1992). *See also Adsani v. Miller*, 139 F.3d 67, 69 (2nd Cir. 1998) (copyright plaintiff ordered to post a $50,000 bond, early

in the litigation and as discovery progressed, to cover attorneys' fees to which defendants "might be entitled under 17 U.S.C. § 505").

A stay of this matter would create the potential for substantial changes in the Plaintiffs' financial conditions, including the possibility for further obfuscation of Plaintiffs' true financial status. Insofar as Plaintiffs seek to preclude the current inquiry into their financial condition, they should be required to prevent possible prejudice to Defendants. The appropriate way to do that is to require Plaintiffs to post a bond sufficient to cover the full amount of fees and costs documented by Defendants, thus assuring Plaintiffs' ability to pay whatever fee award might be entered in the future.

## CONCLUSION

The Court should deny Plaintiffs' Motion to Stay Further Proceedings and enter an award of fees based on the full amount of actual fees and expenses documented by Defendants. In the alternative, if the Court issues a stay, it should require Plaintiffs to post a bond sufficient to cover the full amount of fees and costs requested.

Dated: October 16, 2007

STANFORD LAW SCHOOL CENTER FOR INTERNET AND SOCIETY

By: _____/s/_____
Anthony T. Falzone (*pro hac vice*)
Julie A. Ahrens (JA 0372)
STANFORD LAW SCHOOL
559 Nathan Abbott Way
Stanford, CA 94305-8610
Telephone:(650) 736-9050
Facsimile: (650) 723-4426

Alice Garber (*pro hac vice*)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California 94104-1501
Telephone:(415) 439-1400
Facsimile: (415) 439-1500

Attorneys for Defendant
BRIAN TRANSEAU