UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                      :
RALPH VARGAS et ano.,                                 :
                                                      :
                       Plaintiffs,                    :    04 Civ. 9772 (WHP)
                                                      :
       -against-                                      :    MEMORANDUM AND ORDER
                                                      :
BRIAN TRANSEAU et ano.,                               :
                                                      :
                       Defendants.                    :
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

WILLIAM H. PAULEY III, District Judge:

        Plaintiffs Ralph Vargas ("Vargas") and Bland-Ricky Roberts ("Roberts") bring this copyright infringement action against Defendants Brian Transeau ("Transeau") and East West Communications, Inc. ("East West").[1] Having prevailed on their motion for summary judgment, Defendants now move for attorneys' fees and costs pursuant to 17 U.S.C. § 505 and Fed. R. Civ. P. 54(d). For the following reasons, Defendants' motion is granted.

BACKGROUND

        The facts underlying this action are more fully set forth in this Court's Memorandum and Order dated May 9, 2007. Vargas v. Transeau, 514 F. Supp. 2d 439 (S.D.N.Y. 2007). After denying Defendants' motion for summary judgment on the question of originality, Vargas v. Pfizer, Inc., 416 F. Supp. 2d 369, 371 (S.D.N.Y. 2005) (finding Plaintiffs' work to be sufficiently original to support a copyright action), this Court granted Defendants' second motion

---

[1] Three additional defendants—Pfizer, Inc., Publicis, Inc. and Fluid Music—settled with Plaintiffs on February 8, 2008 for significant sums. (Notice and Order of Dismissal dated Feb. 8, 2006 (the

for summary judgment, finding that Plaintiffs had failed to establish that Defendants' drum recording, "Aparthanonia," violated Plaintiffs' copyright in the drum recording, "Bust Dat Groove Without Ride" ("BDG"). Vargas, 514 F. Supp. 2d at 443. In support of their case, Plaintiffs offered only the opinions of several experts. Plaintiffs' expert on spectral analysis—which both sides agreed was the best tool to assess the similarity of the two works—confirmed that Defendants did not digitally copy BDG. Vargas, 514 F. Supp. 2d at 444. Plaintiffs' percussion expert "waffled about the level of similarity" and concluded that the works were only "significantly," rather than "strikingly," similar. Vargas, 514. F. Supp. 2d at 444-45. Plaintiffs' sound engineer and sampling expert made conclusory assertions of "striking similarity," but conceded that the sounds contained on the two works were not identical. Vargas, 514. F. Supp. 2d at 445.

Transeau was represented by the law firms of Davis Wright Tremaine, LLP ("DWT") and Kirkland & Ellis, LLP ("K&E"), along with the Stanford Law School Center for Internet and Society and the Cyber Law Clinic ("CIS"). (Declaration of Anthony T. Falzone ("Falzone Decl.") dated June 28, 2007 ¶¶ 7-13.) The rates for associates and partners from DWT and K&E ranged from $290 to $370 and $385 to $500, respectively. (Declaration of Eric M. Stahl dated June 27, 2007 ("Stahl Decl.") ¶¶ 4-5; Declaration of Christian Chadd Taylor dated June 27, 2007 ¶¶ 10-12.) CIS's pro bono counsel's rates ranged from $300 to $350. (Falzone Decl. ¶¶ 7-10.) Defendant Transeau requests $652,647 in attorneys' fees and $99,838 in costs. (Falzone Decl. Ex. B: Statement of Attorneys' Fees and Costs Requested by Defendant BT.)

East West was represented by DWT at similar rates as those charged to Transeau,

---

"Settlement").)

and requests $43,385.50 in attorneys' fees and $1,350.50 in costs. (Stahl Decl. ¶¶ 5-7, 11, 12.)

While Plaintiffs were permitted to submit their financial statements under seal in opposing Defendants' motion, a discussion of some of that information is essential to any resolution. Moreover, transparency is a hallmark of federal judicial proceedings. Thus, this Court will refer to Plaintiffs' financial information in this Memorandum and Order.

Though Plaintiffs' financial statements are somewhat inconsistent and incomplete, this Court has discerned the following. Plaintiff Vargas reports a monthly income of $400 to $800 and $15,603 in savings. Vargas and his wife jointly own a motor vehicle valued at $2,500 and vacation property valued at $45,000. (Financial Statement of Ralph Vargas dated Sept. 27, 2007 ("Vargas Fin. Stmt.") ¶¶ 1, 3-4.) Vargas's wife, who reports $90,125 in savings and owns a $46,700 Cadillac Escalade, pays the vast majority monthly expenses. (Vargas Fin. Stmt. ¶¶ 3-4.) Vargas paid $34,487 in attorneys' fees in connection with this case. (Vargas Fin. Stmt. ¶ 9.) Roberts reports a total monthly income of $1,300 to $1,450, with $200 in savings and a Dodge Caravan valued at $3,500. (Financial Statement of Bland-Ricky Roberts dated Sept. 27, 2007 ("Roberts Fin. Stmt.") ¶¶ 1, 3-4.) Roberts paid $5,000 in attorneys' fees in connection with this case. (Roberts Fin. Stmt. ¶ 9.)

DISCUSSION

I. Costs and Fees

Under the Copyright Act of 1976 (the "Copyright Act"), courts may in their discretion "allow the recovery of the full costs by or against any party" and "award reasonable attorneys' fee[s] to the prevailing party as part of the costs." 17 U.S.C. § 505; Fogerty v.

Fantasy, Inc., 510 U.S. 517, 533-34 (1994). There is no "precise rule or formula for making [attorneys' fees] determinations, but instead equitable discretion should be exercised." Fogerty, 510 U.S. at 534. In determining whether to award costs and fees to a defendant, courts in this Circuit accord "substantial weight" to whether the claim was objectively unreasonable. Matthew Bender & Co., Inc. v. West Pub. Co., 240 F. 3d 116, 121-22 (2d Cir. 2001) (citing Fogerty, 510 U.S. at 534 n.19). Objective unreasonableness may be sufficient, by itself, to justify a fee award. Adsani v. Miller, No. 94 Civ. 9131 (DLC), 1996 WL 531858 at *13 (S.D.N.Y. Sept. 19, 1996). Fee awards are appropriate for objectively unreasonable claims because they thwart the purpose of the Copyright Act, which is to encourage the development of creative works. Matthew Bender, 240 F. 3d at 122 (citing Fogerty, 510 U.S. at 534 n.19). Moreover, awarding costs and fees in such cases compensates defendants for defending their right to free expression and deters other plaintiffs from bringing similarly unreasonable actions. Baker v. Urban Outfitters, Inc., 431 F. Supp. 2d 351, 359 (S.D.N.Y. 2006).

The Court need not make a finding of frivolousness or bad faith to award a fee, Sparaco v. Lawler, Matusky, Skelly, Eng'rs LLP, 60 F. Supp. 2d 247, 258-59 (S.D.N.Y. 1999); rather, a "consistent lack of evidentiary support" for the claim typically will render it objectively unreasonable. Arclightz & Films Pvt. Ltd. v. Video Palace, Inc., No. 01 Civ. 10135 (SAS), 2003 WL 2243153, at *5 (S.D.N.Y. Oct. 24, 2003). The fact that a defendant was granted summary judgment, however, does not mean that the plaintiff's position was objectively unreasonable. CK Co. v. Burger King Corp., No. 92 Civ. 1488 (CSH), 1994 WL 29488 (S.D.N.Y. Jan. 26, 1995).

To prevail in this copyright action, Plaintiffs needed to establish that the two works are "so strikingly similar as to preclude the possibility of independent creation." Vargas,

514 F. Supp. 2d at 443. In response to Defendants' motion for summary judgment, Plaintiffs relied entirely on expert testimony, which did not preclude the possibility of independent creation. Indeed, Plaintiffs' experts expressly admitted the possibility of independent creation, confirmed that Defendants did not digitally copy BDG, and equivocated on the precise levels of similarity between the two works. Vargas, 514 F. Supp. 2d at 444-45. This utter lack of evidentiary support renders Plaintiffs' claims objectively unreasonable. See Williams v. Chrichton, 891 F. Supp. 120, 122 (S.D.N.Y. 1994) (insufficient evidence of similarity rendered claims objectively unreasonable); Screenlife Establishment v. Tower Video, Inc., 868 F. Supp. 47, 52 (S.D.N.Y. 1994) (plaintiff's reliance on speculative expert testimony rendered the claim objectively unreasonable).

A defendant may be deemed the "prevailing party" under the Copyright Act when it successfully defends against the significant claims actually litigated in the action. Screenlife Establishment, 868 F. Supp. at 50. Courts have declined to find that a plaintiff's claims were objectively unreasonable—and, thus, to award attorneys' fees—where the plaintiff withstood summary judgment or partially settled claims to its advantage. See, e.g., EMI Catalogue P'ship v. CBS/Fox Co., No. 86 Civ. 1149 (PKL), 1996 WL 280813, at *2 (S.D.N.Y. May 24, 1996); Boisson v. Banian, Ltd., 280 F. Supp. 2d 10, 20-21 (E.D.N.Y. 2003).

Here, while Defendants did not prevail on their summary judgment motion addressed to originality, they later achieved a total victory. Moreover, Plaintiffs' settlement with the three other Defendants in this action is irrelevant to whether the action was objectively unreasonable as to the two victorious Defendants who chose not to settle.

Accordingly, Defendants are entitled to attorneys' fees and costs.

II. Amount

Under the Copyright Act, this Court has the discretion to award reasonable attorneys' fees to the prevailing party. A fee application must be supported by time records that "specify, for each attorney, the date, the hours expended, and the nature of the work done." New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983). Fees are calculated using the "lodestar" method, that is, by multiplying the number of attorney hours reasonably expended by a reasonably hourly rate, or the community rate for an attorney of similar skill and experience. Hensley v. Eckherart, 461 U.S. 424, 433 (1983); Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998). In reviewing voluminous fee applications, however, courts are not required to "evaluate and rule on every entry in an application." New York State Ass'n for Retarded Children, Inc., 711 F.2d at 1146. In making a fee award determination, "the district court does not play the role of the uninformed arbiter but may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties." Gierlinger, 160 F.3d at 876 (quoting DiFilippo v. Morizio, 759 F.2d 231, 235-36 (2d Cir. 1985)).

Here, Defendants have submitted detailed time records that sufficiently enable the Court to determine the nature of the tasks performed and the amount of time expended on those tasks. Each entry lists the name of the attorney along with the date, time, and nature of the work performed. See, e.g., In re Painewebber Ltd. P'ships Litig., No. 94 Civ. 8547 (SHS), 2003 WL 2187410, at *5 (S.D.N.Y. Aug. 4, 2003). The time records reflect reasonable hourly rates of no more than $500 per hour for paid attorneys and $350 per hour for pro bono attorneys. See BMS Entm't/Heat Music LLC v. Bidges, No. 04 Civ. 2584 (PKC), 2007 WL 1989292, at *2, 4

(S.D.N.Y. July 6, 2007) (finding hourly rates greater than $500 reasonable for experienced copyright litigators); Heng Chan v. Sung Yue Tung Corp., No. 03 Civ. 6048 (GEL), 2007 WL 1373118, at *3 (S.D.N.Y. May 8, 2007) (finding hourly rates of $400 reasonable for non-profit pro bono counsel); see also Blum v. Stenson, 465 U.S. 886, 892-94 (1984) (declining to draw a distinction with respect to the use of market rates between for-profit and non-profit law offices). Thus, the $797,221 lodestar amount, although substantial, is reasonable.

Having determined the lodestar to be reasonable, the court must then ascertain the proper amount to award based on the particular circumstances of the case. LeBlanc Sternberg v. Fletcher, 143 F.3d 748, 763-64 (2d Cir. 1998). The degree of success achieved on the main thrust of the claims is an important factor in determining the reasonableness of a fee award. Hensley, 461 U.S. at 433-36. Here, Defendants ultimately achieved complete success on all claims in this action.

Generally, "where the plaintiff can afford to pay, the congressional goal of discouraging frivolous litigation demands that full fees be levied" but the court may consider the defeated litigant's economic circumstances to determine whether "a lesser sum assessed would [fulfill] the statute's deterrent purpose without subjecting [the plaintiff] to financial ruin." Faraci v. Hickey-Freeman Co., 607 F.2d 1025, 1028-29 (2d Cir. 1979); see also Shangold v. Walt Disney, Co., No. 03 Civ. 9522 (WHP), 2006 WL 2884925, at *1 (S.D.N.Y. Oct. 11, 2006) (declining to award the reasonable lodestar amount where non-prevailing party demonstrated that it could not pay), aff'd Nos. 06 Civ. 2267 & 5102, 2008 WL 1908908, at *2 (2d Cir. Apr. 28, 2008). Although a party's limited financial resources, "if fully documented, may affect the magnitude of any award, they need not preclude altogether some assessment of fees." Torah

Soft Ltd v. Drosnin, No. 00 Civ. 5650 (JCF), 2001 WL 1506013, at *6 (S.D.N.Y. Nov. 27, 2001). Finally, courts may consider any settlement a party obtained during the course of the litigation in determining its financial circumstances. Shapiro, Bernstein & Co. v. Goody, 248 F.2d 260, 267 (2d Cir. 1957).

Roberts reports monthly income of $1,300 to $1,450, and very limited savings. Although Vargas has limited income, he and his wife own vacation property, and his wife has income and assets. Moreover, Plaintiffs received a significant sum from the three settled Defendants and have not adequately accounted for the disposition of those proceeds. Nonetheless, an award in the amount requested by Defendants would threaten Plaintiffs with financial ruin. Therefore, this Court awards Defendants $175,000 in attorneys' fees and costs against Plaintiffs jointly and severally. This award will ensure that Plaintiffs disgorge any benefits they obtained through this litigation and impose on them an additional penalty to discourage the pursuit of objectively unreasonable claims.

## CONCLUSION

For the foregoing reasons, Defendants' motion for costs and fees is granted in the amount of $175,000. The Clerk of Court is directed to mark this case closed.

Dated: August 6, 2008
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record*:

Paul A Chin, Esq.
Law Offices of Paul A. Chin
233 Broadway, 5th Floor
New York, NY 10279
*Counsel for Plaintiffs*

Anthony T. Falzone, Esq.
David Sidney Olson, Esq.
Stanford Law School Center for Internet & Society
559 Nathan Abbot Way
Stanford, CA 94305
-and-
Alice C. Garber, Esq.
Kirkland & Ellis LLP
555 California Street, Suite 2700
San Francisco, CA 94104
*Counsel for Defendant Brian Transeau*

Eric M. Stahl, Esq.
Davis Wright Tremaine, LLP
1501 Fourth Avenue
Seattle, WA 98101
*Counsel for Defendant East West Communication*