**MANDATE**

07-4085-cv
Vargas v. Pfizer Inc.

SDNY/NYNY
04-cv-9772
Pauley, J.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: DEC 0 1 2009

**SUMMARY ORDER**

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 5th day of November, two thousand nine.

Present:  JON O. NEWMAN,
          GUIDO CALABRESI,
          ROBERT A. KATZMANN,
                    *Circuit Judges.*



RALPH VARGAS and BLAND-RICKY ROBERTS,

        *Plaintiffs-Appellants,*

    - v -        No. 07-4085-cv

PFIZER INC.,

        *Defendant,*

PUBLICIS, INC., FLUID MUSIC, EAST WEST COMMUNICATIONS, INC.
and BRIAN TRANSEAU, p/k/a "BT",

        *Defendants-Appellees.*

ISSUED AS MANDATE: NOV 3 0 2009

| For Appellants: | PAUL A. CHIN, New York, N.Y. |
| --- | --- |
| For Appellees: | ANTHONY T. FALZONE (Julie A. Ahrens, *on the brief*), Center for Internet and Society, Stanford Law School, Stanford, CA, *for Brian Transeau, p/k/a "BT"* |
| | ERIC M. STAHL, Davis, Wright, Tremaine, LLP, Seattle, WA, *for East West Communications, Inc.* |

Appeal from two judgments of the United States District Court for the Southern District of New York (Pauley, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the district court are **AFFIRMED**.

Plaintiffs-appellants Ralph Vargas and Bland-Ricky Roberts (collectively "Plaintiffs") appeal from a judgment of the United States District Court for the Southern District of New York (Pauley, *J.*) entered on May 18, 2007, granting defendants-appellees East West Communications, Inc. and Brian Transeau's (collectively "Defendants") motion for summary judgment and dismissing the case, and from a judgment entered on September 18, 2008, awarding attorneys' fees of $175,000 in favor of Defendants. We assume the parties' familiarity with the underlying facts and procedural history of the case.

### A. Summary Judgment Decision

We review the grant of summary judgment *de novo*, "examining the evidence in the light most favorable to, and drawing all inferences in favor of, the non-movant." *Sheppard v. Beerman*, 317 F.3d 351, 354 (2d Cir. 2003). Because Plaintiffs would bear the burden at trial of demonstrating that *Aparthenonia* copied *Bust Dat Groove*, Defendants "may satisfy their burden

under Rule 56 by showing 'that there is an absence of evidence to support [an essential element] of the nonmoving party's case.'" *Repp v. Webber*, 132 F.3d 882, 890 (2d Cir. 1997) (alteration in original) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). Plaintiffs may not avoid summary judgment by "rely[ing] simply on conclusory allegations or speculation . . . , but instead must offer evidence to show that [their] version of the events is not wholly fanciful." *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003) (omission in original) (internal quotation marks omitted).

In a copyright infringement case, a plaintiff must show, *inter alia*, the "unauthorized copying of the copyrighted work." *Id.* "Because copiers are rarely caught red-handed, copying has traditionally been proven circumstantially by proof of access and substantial similarity." *Gaste v. Kaiserman*, 863 F.2d 1061, 1066 (2d Cir. 1988). Proof of access may be inferred "where there are striking similarities probative of copying." *Repp*, 132 F.3d at 889. Here, Plaintiffs relied on the reports and testimony of three experts to establish that *Aparthenonia* and *Bust Dat Groove* were strikingly similar. The district court determined, however, that this evidence was insufficient to create a genuine issue of fact, explaining, *inter alia*, that the expert reports and testimony were both internally and externally inconsistent. *See Vargas v. Transeau*, 514 F. Supp. 2d 439, 444–46 (S.D.N.Y. 2007). Plaintiffs contend that the district court's treatment of their expert evidence was improper at the summary judgment stage. We disagree.

Although Plaintiffs are correct that the district court must view the facts and evidence in the light most favorable to them at summary judgment and "must be wary of granting summary judgment when conflicting expert reports are presented," *Town of Southold v. Town of E. Hampton*, 477 F.3d 38, 52 (2d Cir. 2007), Plaintiffs cannot avoid summary judgment simply by

3

submitting any expert evidence, particularly where that evidence is both internally and externally inconsistent. *See, e.g., Jorgensen*, 351 F.3d at 56 (rejecting appellant's argument that two works were strikingly similar because the evidence offered by certain appellant witnesses was both internally inconsistent and contradicted by other appellant witnesses).

Furthermore, "[a] plaintiff has not proved striking similarity sufficient to sustain a finding of copying if the evidence as a whole does not preclude any reasonable possibility of independent creation." *Gaste*, 863 F.2d at 1068. Here, Defendants offered ample evidence to establish a reasonable possibility of independent creation. Although Plaintiffs submitted an affidavit in opposition to that evidence, mere assertions, and equivocal ones at that, are insufficient to satisfy their burden at summary judgment. Plaintiffs' argument that the district court lacked the authority to consider Defendants' supplemental affidavits regarding independent creation is without merit. *See* Fed. R. Civ. P. 56(e).

## B. Attorneys' Fee Decision

After the district court granted summary judgment, Defendants moved for attorneys' fees and costs pursuant to 17 U.S.C. § 505. The district court granted that motion and awarded Defendants $175,000. We review this decision for abuse of discretion. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994); *Matthew Bender & Co. v. West Publ'g Co.*, 240 F.3d 116, 121 (2d Cir. 2001).

In evaluating whether an award of attorneys' fees is warranted in a copyright infringement case, this Court places great emphasis on whether a plaintiff's claims were objectively reasonable. *See Matthew Bender*, 240 F.3d at 122. Here, the district court found that they were not. Plaintiffs challenge this decision, arguing that it is "difficult, if not impossible," to find that

4

their claims were not objectively reasonable given that (1) the court had to ask for more evidence from Defendants before granting summary judgment, (2) Plaintiffs had prevailed on Defendants' first summary judgment motion, (3) Plaintiffs successfully settled with three of the five defendants, and (4) Plaintiffs "initial[ly] survived Defendants' second motion for summary judgment." None of these arguments, however, demonstrates that the district court abused its discretion in awarding attorneys' fees.

Plaintiffs' contention that the attorneys' fees award was inappropriate because it will cause them financial ruin similarly is to no avail. The district court carefully considered Plaintiffs' financial situation before awarding fees, and it specifically noted that it was awarding an amount significantly below what would have been reasonable under the lodestar method because such an award – $797,000 – would threaten Plaintiffs with financial ruin. We see no error in the district court's decision.

We have considered all of Plaintiffs' arguments and find them to be without merit. Accordingly, the judgments of the district court are hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

By: _____

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk
by_____
DEPUTY CLERK

5